

**null / ALL**
**Transmittal Number: 16914290**
**Date Processed: 07/22/2017**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Eric M Lopoten Esq.<br>Hajoca Corporation<br>2001 Joshua Rd.<br>Lafayette Hill, PA 19444 |

| | |
|---|---|
| **Entity:** | Hajoca Corporation<br>Entity ID Number  2880451 |
| **Entity Served:** | Hajoca Corporation |
| **Title of Action:** | Jose Tinoco vs. Hajoca Corporation |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Los Angeles County Superior Court, California |
| **Case/Reference No:** | BC669091 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 07/20/2017 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Nazo Koulloukzan<br>213-761-5484 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**SUMMONS**
*(CITATION JUDICIAL)*

SUM-100

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

HAJOCA CORPORATION, A professional corporation, and DOES
1-30, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JOSE TINOCO, an individual, on behalf of himself and all others
similarly situated,

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUL 19 2017

Sherri R. Carter, Executive Officer/Clerk
By: Glorietta Robinson, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es:)* Stanley Mosk Courthouse | *(Número del Caso:)* BC 6 6 9 0 9 1 |
| 111 North Hill Street, Los Angeles, California 90012 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Nazo Koulloukian, Koul Law Firm, 3435 Wilshire Blvd., Ste. 1710, Los Angeles, CA 90010; (213) 761-5484

| DATE: JUL 19 2017 | Clerk, by | Glorietta Robinson | , Deputy |
|---|---|---|---|
| *(Fecha)* Sherri R. Carter | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* HAJOCA CORPORATION, A professional corporation

under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☑ by personal delivery on *(date):* 7/20/17

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUL 19 2017

Sherri R. Carter, Executive Officer/Clerk
By: Gloriella Robinson, Deputy

Nazo Koulloukian, SBN 263809
nazo@koullaw.com
**KOUL LAW FIRM**
A Professional Law Corporation
3435 Wilshire Blvd., Suite 1710
Los Angeles, CA 90010
Telephone: (213) 761-5484

Sahag Majarian, II, Esq. SBN 146621
**LAW OFFICES OF SAHAG MAJARIAN II**
18250 Ventura Blvd.
Tarzana, CA 91356
Telephone: (818) 609-0807
Facsimile: (818) 609-0892

Attorneys for Plaintiffs,
JOSE TINOCO and all putative class members

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

BC 6 6 9 0 9 1

| | |
|---|---|
| JOSE TINOCO, an individual, on behalf of himself and all others similarly situated,<br><br>                  Plaintiffs,<br><br>vs.<br><br>HAJOCA CORPORATION, A professional corporation, and DOES 1-50, inclusive,<br><br>                  Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. **FAILURE TO PAY OVERTIME- MISCALCULATION OF RATE**<br>2. **FAILURE TO PAY OVERTIME- ROUNDING**<br>3. **FAILURE TO TIMELY PAY WAGES UPON TERMINATION**<br>4. **FAILURE TO PROVIDE MEAL PERIODS**<br>5. **FAILURE TO PROVIDE REST PERIODS**<br>6. **FAILURE TO FURNISH AND MAINTAIN ACCURATE PAYROLL RECORDS**<br>7. **UNLAWFUL BUSINESS PRACTICES – BUS. & PROF. CODE §17200**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff JOSE TINOCO, individually, and on behalf of all others similarly situated ("Plaintiff"), alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this wage and hour class action Complaint on behalf of himself, and all others similarly situated within California (collectively "Plaintiffs") against HAJOCA CORPORATION, and the other Defendants DOES 1-50, inclusive, (hereafter collectively "Defendants"). In this Complaint, Plaintiffs allege that Defendants failed to comply with California labor laws governing: (1) the inclusion of bonus pay in overtime rate calculations, resulting in unpaid overtime wages and failure to pay all wages due on termination; (2) failing to pay wages, including overtime, due to timecard rounding practices, also resulting in failure to pay all wages due on termination; (3) failing to provide timely meal breaks, and (4) failing to provide rest breaks. Plaintiff further alleges that Defendants failed to provide accurate payroll records, are liable for waiting time penalties, and engaged in unfair competition. Accordingly, Plaintiff now brings this class and representative action to recover unpaid wages and related relief on behalf of themselves, all others similarly situated. Plaintiff has also provided notice of his claims pursuant to §2698 *et. seq.*, to the Labor and Workforce and Development Agency ("LWDA") and has requested that the agency investigate his claims. Should the agency decline to investigate, Plaintiff will seek leave to amend the complaint to include claims for civil penalties under the Private Attorney General Act ("PAGA"), Labor Code §2698 *et seq.*

2. This is a class action, under Code of Civil Procedure §382, seeking unpaid wages, including overtime, penalties, injunctive relief, and restitution of all benefits Defendants have enjoyed from their failure to pay all wages owed and other violations of the California Labor code under Business and Professions Code §17200 *et seq.* Plaintiff seeks these damages and penalties on behalf of himself and all other persons who are or have been employed by Defendants from four years prior to the filing of this complaint to the present.

3. The "Class Period" is designated as the time four years prior to the filing of

this Complaint through the trial date based upon the allegation that the violations of California's wage and hour laws and Unfair Competition Law, as described more fully below, have been ongoing since at least four years prior to the date of this Complaint.

4. During the Class Period, Defendants had an unlawful policy and/or practice of: (1) failing to include bonus pay in overtime rate calculations; (2) rounding employee punch times in a manner that systematically favored the employer; (3) failure to pay all final wages to employees on a timely basis; (4) failure to provide uninterrupted, 30-minute minimum meal periods; (5) failure to provide rest periods; (6) failing to provide accurate payroll records; and (6) engaging in unlawful business practices for unfair competition.

5. Defendants have treated all persons employed in California in such a way as to violate California's laws governing prompt payment of wages owed.  Plaintiffs assert that Defendants have knowingly and with conscious disregard of the law refused to pay the Class Members all wages, including overtime wages, for work performed and due.  Class Members are owed their back pay, plus interest and/or premiums and penalties under Business and Professions Code §17203 to compensate Class Members for the delay in receiving wages due.

6. Defendants, by and through their actions, have engaged in unfair competition, requiring restitution to persons affected and disgorgement of profits so obtained.

## THE PARTIES

7. Plaintiff JOSE TINOCO is a resident of the State of California and lives in Vista, California. Plaintiff was employed as an hourly, nonexempt employee as a driver for defendant HAJOCA CORPORATION. Plaintiff was employed by Defendants for approximately seven (7) years until January 16, 2017, when he was fired for failing to pass his physical exam –Plaintiff is diabetic. Plaintiff earned $15/hour at the time of termination.

8. Defendant HAJOCA CORPORATION is a corporation doing business in California with the capacity to sue and to be sued, and doing business, in the county of Los Angeles, State of California.

9. Plaintiff is unaware of the true names, capacities, relationships, and extent of participation in the conduct alleged herein, of the Defendants sued as DOES 1 through 100, but is informed and believes and thereon alleges that said Defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these Defendants by such fictitious names, Plaintiff will amend this complaint when their true names and capabilities are ascertained.

10. Plaintiff is informed and believes and thereon alleges that each Defendant, directly or indirectly, or through agents or other persons, employed Plaintiff and other members of the class, and exercised control over their wages, hours, and working conditions. Plaintiff is informed and believes and thereon alleges that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant is legally attributable to the other Defendants.

## JURISDICTION AND VENUE

11. Venue is proper in this judicial district because Defendants conduct business in this county and Defendant has legal obligations to many of the class members in this case that arose in this county. Defendant operates numerous offices within this County.

12. The monetary damages, restitution and statutory penalties sought by Plaintiff exceed the minimal jurisdictional limits of the Superior Court and will be established according to proof at trial. Based on information, investigation and analysis, Plaintiff alleges that the amount in controversy, including claims for monetary damages, penalties and attorney's fees is more than twenty-five thousand dollars ($25,000).

13. The California Superior Court has jurisdiction in this matter because Plaintiffs are residents of California and Defendants are incorporated in and/or qualified to do

business in California and regularly conduct business in California. Further, there is no federal question at issue as the claims herein are based solely on California law.

## GENERAL ALLEGATIONS

14. During the Class Period, Defendants committed various violations of the California Labor Code, the UCL and the applicable IWC Wage Order, as alleged below in more detail. Defendant enforces multiple policies that violate state law with the intent to increase its own profits to the detriment of its employees.

15. Plaintiff and the putative class are employees of Defendants within the State of California. Defendants have numerous locations throughout California, identified by various trade names. (A list of locations is available at https://www.hajoca.com/locations/.) Plaintiff worked for Defendants at the Keenan Supply- San Diego location, located at 8960 Carroll Way, San Diego, CA 92121.

16. Plaintiff claims that Defendants failed to comply with California labor laws governing the inclusion of nondiscretionary bonus pay in overtime rate calculations. Defendants pay a nondiscretionary "profit sharing" bonus each year but fail to retroactively increase the employee's "regular rate" of pay for purposes of calculating overtime.

17. Plaintiff further claims that Defendants utilized a time rounding system that regularly shaved time from Plaintiff's timecard. Plaintiff is informed and believes, and based thereon alleges, that all other hourly, non-exempt employees of Defendants were subject to the same unlawful rounding/time-shaving practices which has not been fair or neutral, and has systematically under-compensated Plaintiff and other employees in the Class. That is, over time, Defendants' time rounding policy and practice consistently favored Defendants and undercompensated Plaintiff and the Class.

18. Defendants' failure to properly calculate overtime wages and pay for all hours worked resulted in a failure to pay all wages due, including overtime, in a timely manner upon termination.

19. Defendant prohibited its employees from taking timely and uninterrupted 30-minute minimum meal breaks and required rest breaks during work hours. Labor Code §512 provides, "[a]n employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes..." Labor Code §226.7(a) provides, "[n]o employer shall require an employee to work during any meal... period mandated by an applicable order of the Industrial Welfare Commission." Paragraph 11(A) of the Wage Orders provides, in pertinent part, "[u]nless an employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked." Of the time records produced by employer at this early stage, 91% of the required meal breaks taken after the fifth (5th) hour were late. Additionally, records show instances of interrupted meal periods, missed meal periods, and missed second meal periods for shifts greater than 10 hours.

20. Regarding rest breaks, Defendant failed to maintain a policy and practice that provides its employees with off-duty rest periods as required by California law. Plaintiff and his fellow employees regularly worked in excess of four hours, or a major fraction thereof, during work days without being provided at least a ten minute rest period in which he was relieved of all duties, as required by Cal. Lab. Code §226.7, §512 and Wage Order 1-2001. In fact, Plaintiff never received his rest breaks. Defendants failed to pay Plaintiff and similarly situated employees the premium compensation (one hour of pay at the employee's regular rate of pay for missed or untimely rest periods) mandated by Labor Code §226.7 (b) for these missed rest periods.

21. Defendants also failed to furnish accurate wage statements to Plaintiffs and the Class. Finally, Defendant engaged in unfair competition.

## CLASS-ACTION ALLEGATIONS

22. Plaintiff brings this action on behalf of himself, and all other persons similarly situated, to recover from Defendants unpaid overtime pursuant to the Industrial Wage Order 1, for failure for payment of overtime wages owed, for failure to provide meal and

rest breaks, for inaccurate wage statements, for waiting time penalties, and for claims under Business and Professions Code § 17200.

23. This action has been brought and may properly be maintained as a class action pursuant to the provisions of Code of Civil Procedure § 382 because the proposed class is ascertainable and there is a well-defined community of interest. Plaintiffs are among in excess of 200 employees with like job titles, duties, and hourly wages, who have been similarly injured by Defendants' uniform, unlawful conduct.

24. The "Relevant Time Period" or proposed "Class Period" as defined herein commences four years prior to the date of filing this Complaint.

25. The Plaintiff Class: "All current and former hourly, non-exempt employees of Defendant in California, at any time from four years prior to the initiation of this action until the date of certification."

26. The proposed Subclasses are defined as follows:

    a. Subclass One: ("Bonus Overtime Subclass"): All members of the Plaintiff Class who, during the Class Period received profit-sharing bonuses.

    b. Subclass Two: ("Rounding Subclass"): All members of the Plaintiff Class who, during the Class Period were subject to Defendants policy of rounding clock-in and clock-out times.

    c. Subclass Three: ("Waiting Time Subclass"): All members of the Plaintiff Class who, during the Class Period, separated from employment with Defendants, whether voluntarily or involuntarily, and who did not receive their full final pay, including overtime, within the time limits required by Labor Code §203.

    d. Subclass Four: ("Meal Period Subclass"): All members of the Plaintiff Class who, during the Class Period, were not provided an timely, uninterrupted meal period of not less than 30-minutes when employed for a work period of more than five hours per day.

e.  Subclass Five: ("Rest Period Subclass"): All members of the Plaintiff Class who, during the Class Period, were not authorized or permitted by Defendant's policies and practices to take paid 10-minute rest period for every four hours worked or every major fraction thereof.

f.  Subclass Six: ("Wage Statement Subclass"): All members of the Plaintiff class who were provided wage statements from Defendants within the Class Period that did not accurately reflect the number of hours worked and amount of overtime compensation earned.

g.  Subclass Seven: ("The UCL Subclass"): All members of the Plaintiff Class who, as a result of Defendants uniform and systematic policies, are owed restitution.

27. Numerosity: Plaintiffs allege on information and belief that the Class Members exceed one hundred and therefore are so numerous as to make it impracticable to bring them all before this Court.

28. Means of Identifying the Class: Plaintiffs allege on information and belief that the Class Members can be readily be identified through a review of Defendants' payroll records and the records of the company that handles payroll for Defendants. Payroll is processed centrally and "Hajoca Corporation" is listed on all employee paystubs.

29. Common Questions Predominate the Class: The rights which are the subject of this action are common to all of the Class Members. There are questions of law and fact presented herein which are common to the Class Members represented by Plaintiff and predominate over any questions that affect only individual members of the class. The common questions of law and fact include, but are not limited to, the following:

i. Whether Defendants violated wage and hour laws in establishing a corporate policy and practice of failing to retroactively increase employees' "regular rate" of pay for purposes of calculating overtime wages owed;

ii. Whether Defendants violated wage and hour laws in establishing a corporate policy and practice of rounding actual clock in and out times for purposes of calculating wages and overtime;

iii. Whether Defendants violated wage and hour laws in failing to pay all wages, including overtime wages owed, upon termination;

iv. Whether Defendants violated wage and hour laws by failing to provide timely, uninterrupted meal periods of not less than 30 minutes;

v. Whether Defendants violated wage and hour laws in failing to make rest periods available;

vi. Whether Defendants failure to pay the Class Members all wages owed, including overtime, violated Business & Professions Code § 17200;

vii. Whether Defendants failure to provide the Class Members meal and rest periods violated Business & Professions Code § 17200;

viii. Whether Defendants failed to provide accurate wage statements to Plaintiffs and the Class as a consequence, among other things, of the above-mentioned failure to retroactively include nondiscretionary bonuses into employee overtime wages;

ix. Whether Defendants failed to provide accurate wage statements to Plaintiffs and the Class as a consequence, among other things, of the above-mentioned time "rounding;"

x. Whether Defendants failed to pay final wages, including overtime, to terminated or quitting employees in the Class on a timely basis;

xi. What is the appropriateness and nature of relief to each Plaintiff Class and Subclass member;

xii. Whether Defendants' actions violated Business & Professions Code § 17200;

xiii. Whether the Class Members are entitled to various penalties from Defendants including, but not limited to, waiting-time penalties under Labor Code §§ 201, 202, 203, and 226;

xiv. Whether the Class Members are entitled to injunctive relief to enjoin any further violations of wage and labor laws;

xv. What is the extent of liability of each Defendant, including DOE defendants, to each Plaintiff Class and Subclass member?

30. Typicality: As alleged above, Plaintiff's claims are typical of the claims of all the Class Members and other members of the Class were subject to the same policies and practices.

31. Adequacy: Plaintiff is an adequate representative of the class in that he claims are typical of the Class Members and he has no interest antagonistic to or in conflict with the interests of the Class Members. Plaintiff is qualified to, and will, fairly and adequately protect the interests of the Class Members. Plaintiff is represented by attorneys who have substantial class action experience in wage-and-hour and class action law.

32. Superiority: Class action adjudication is superior to other available methods because class action will achieve economies of time, effort, and expense as compared to separate lawsuits, and avoid inconsistent outcomes, because the same issues can be adjudicated in the same manner for the entire class. Furthermore, as the damages suffered by each individual member of the class may be relatively small, the expenses and burden of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action. Plaintiffs are currently unaware of any pending litigation commenced by any of the Class Members involving the same issues in this complaint. Further, it is desirable to concentrate the litigation of such claims in this forum, and there are no difficulties likely to be encountered in the management of the class action.

33. Manageability: Plaintiff is informed and believes that all allegations in this Complaint are capable of being determined on the same evidence and based primarily on review of corporate records and key testimony of Defendants' corporate representatives. To the extent statistical analysis and representative evidence is necessary, Plaintiff and

proposed class counsel will employ competent experts and consultants in the field to determine and review evidence for both issues of liability and damages in a scientifically reliable manner.

34. Plaintiffs request, pursuant to Rule 1857(a)(1) and Rule 3.766 of the California Rules of Court, that the absent Class Members be notified by the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort.

## FIRST CAUSE OF ACTION

**(Against all Defendants for Failure to Pay Wages: Failure to Pay Overtime - Failure to Include Nondiscretionary Bonus in Employee Regular Rate of Pay)**

35. Plaintiffs incorporates all preceding paragraphs as if set forth in full herein.

36. Defendants' conduct described in this complaint violates the provisions of Labor Code §§ 218, 510 and the applicable IWC Wage Order.

37. During the Class Period, Labor Code Section 510 applied to Defendants' employment of Plaintiff and the Bonus Overtime Subclass (also referred to within this cause of action collectively as "Class").  At all times relevant hereto, Labor Code Section 510 and the applicable IWC order provided that it was unlawful to employ persons such as members of the Class without compensating them at a rate of pay either one and one-half (1½) or two (2) times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.  Specifically, the applicable IWC order provided that Defendants were required to pay Plaintiff and the rest of the Class at the rate of one and one-half (1½) times the Class member's regular rate of pay if the Class member worked more than eight (8) hours in a day or more than forty (40) hours in a work week.  Furthermore, Defendants were required to pay Plaintiff and the rest of the Class at the rate of two (2) times the Class member's regular rate of pay if the Class member worked more than twelve (12) hours a day.

38. Employer pays annual bonuses to its hourly, non-exempt employees in March of each year. It calls these bonuses "profit sharing" on the paystub. Nondiscretionary

bonuses, such as the profit sharing bonus at issue, retroactively increase the employee's "regular rate" of pay for purposes of calculating overtime. (Labor Code §207) The "regular rate" is calculated by dividing the hours worked in a week by all the compensation earned for that week. When an employee is later paid a bonus that is partly due to work performed in that week, this additional pay must be added into the total compensation for the week, increasing the employee's regular rate of pay. (*Marin v. Costco Wholesale Corp.* (2008) 169 CA4th 804, 807.)

39. Employer has failed to properly calculate and pay overtime compensation. Employer has excluded nondiscretionary bonuses from the "regular rate" of pay. Plaintiff and other employees have been denied "the unpaid balance of the full amount of this... overtime compensation" as required by Cal. Labor Code. §1194, and Employer is liable for civil penalties pursuant to Cal. Labor Code §2698 *et seq.*

40. Therefore, the Class Members are entitled to recover from Defendants unpaid overtime, plus interest thereon.

41. Additionally, Employer has violated Cal. Labor Code §218 and §510 and applicable Industrial Welfare Commission Wage Orders at sections (3)(A)(1) for failure to pay overtime. Employer is liable for civil penalties pursuant to Cal. Labor Code §558 and 2698 *et seq.* Plaintiffs further request an award of attorneys' fees pursuant to Labor Code §§ 218.5 and 1194 and Code of Civil Procedure § 1021.5.

42. Plaintiffs allege on information and belief that Defendants' failure to pay the Class Members overtime, as alleged in this cause of action, was willful, and thus entitles the Class Members to penalties under Labor Code § 203. Specifically, Labor Code § 203 provides that an employee's wages shall continue as a penalty until paid or for a period of up to 30 days from the time they were due, whichever period is shorter.

///
///
///
///

## SECOND CAUSE OF ACTION

### (Against Defendants for Failure to Pay Wages and Overtime due to Timecard Rounding)

43. Plaintiffs incorporates all preceding paragraphs as if set forth in full herein.

44. Defendants' conduct described in this complaint violates the provisions of Labor Code §§ 218, 510, 1194 and the applicable IWC Wage Orders at (3)(A)(1).

45. During the Class Period, California Labor Laws require employers to pay for all hours worked. Further, Labor Code Section 510 applied to Defendants' employment of Plaintiff and the Rounding Subclass (also referred to within this cause of action collectively as "Class"). At all times relevant hereto, Labor Code Section 510 and the applicable IWC order provided that it was unlawful to employ persons such as members of the Class without compensating them at a rate of pay either one and one-half (1½) or two (2) times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis. Specifically, the applicable IWC order provided that Defendants were required to pay Plaintiff and the rest of the Class at the rate of one and one-half (1½) times the Class member's regular rate of pay if the Class member worked more than eight (8) hours in a day or more than forty (40) hours in a work week. Furthermore, Defendants were required to pay Plaintiff and the rest of the Class at the rate of two (2) times the Class member's regular rate of pay if the Class member worked more than twelve (12) hours a day.

46. Plaintiff is informed and believes and, based thereon, alleges that, during the Class period, Defendants failed to pay Plaintiff and the Rounding Subclass all of the wages, including overtime wages, that they were due. Specifically, and without limitation, Plaintiff is informed and believes and, based thereon, alleges that Defendant improperly "rounded" the work hours or time recorded for Plaintiff and the other Class Members. The time rounding methods utilized by Defendants resulted in underpayment of wages and overtime wages worked for Plaintiff and the rest of the Rounding Subclass. The rounding policy consistently favored Defendants and resulted in uncompensated hours worked for Plaintiff and Class Members. Accordingly, Plaintiff and the Rounding

Subclass are entitled to recover from Defendants all damages, penalties and other remedies available.

47. Class Members are entitled to recover from Defendants unpaid overtime, plus interest thereon.

48. Plaintiffs allege on information and belief that Defendants' failure to pay the Class Members overtime, as alleged in this cause of action, was willful, and thus entitles the Class Members to penalties under Labor Code § 203. Specifically, Labor Code § 203 provides that an employee's wages shall continue as a penalty until paid or for a period of up to 30 days from the time they were due, whichever period is shorter.

49. In addition, and pursuant to Labor Code § 558, Plaintiffs request that this Court award civil penalties as set forth in § 558 for each pay period during which Defendants failed to pay the Class Members as alleged above.

50. Plaintiffs further request an award of attorneys' fees pursuant to Labor Code §§ 218.5 and 1194 and Code of Civil Procedure § 1021.5.

## THIRD CAUSE OF ACTION

### (Against Defendants for Failure to Pay Wages: Failure to Pay Final Wages on a Timely Basis)

51. Plaintiffs incorporates all preceding paragraphs as if set forth in full herein.

52. During the Class period, Labor Code Sections 201 and 202 applied to Defendants' employment of Plaintiff and the rest of the Waiting Time Subclass (also referred to within this cause of action collectively as "Class"). At all times relevant hereto, Labor Code Section 201 provided that, if an employer such as Defendants discharged an employee such as a member of the Class, the wages earned and unpaid at the time of discharge were due and payable immediately. Furthermore, Labor Code Sections 202 provided that, if an employee such as a member of the Class voluntarily left his or he employment, the wages earned and unpaid must be paid by the employer within seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours

previous notice of his or he intention to leave, in which case the employee is entitled to receive his or he wages immediately at the time of quitting.

53. Plaintiff is informed and believes and, based thereon, alleges that, during the Class period, Defendants willfully failed to pay former employees in the Class their earned and unpaid wages, either at the time of their discharge or within seventy-two (72) hours of their quitting. Furthermore, Defendants failed to pay Plaintiffs, on a timely basis, all of the wages due them at the time of termination or quitting, including overtime wages. Defendants therefore violated Labor Code Section 201 and 202.

54. As alleged above, by failing to comply with California labor laws governing the addition of nondiscretionary bonuses in the calculation of overtime pay, and rounding employee punch times resulting in failure to pay for all hours worked by Plaintiffs and the Waiting Time Subclass, Defendants underpaid the actual amount of regular hours and overtime hours worked by Plaintiffs and the rest of the Waiting Time Subclass. These unpaid amounts were still owing to former employees in the Class when they ended their employment with Defendants. Consequently, Defendants failed to timely pay all wages due former employees in the Class at the time that their employment ended.

55. During the Class Period, Labor Code Section 203 provided that, if employers such as Defendants willfully fail to pay any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced, but the wages shall not continue for more than thirty (30) days. Accordingly, Class Members who were discharged or who quit during the Class Period are entitled to receive their wages for each day they were not paid, at their regular rate of pay, up to a maximum of thirty (30) days.

56. Plaintiff will seek both restitution pursuant to Labor Code §558(a)(3) for himself and members of the proposed Waiting Time Subclass for each violation of Labor Code §203 during the Class Period, in an amount according to proof based on Defendants' corporate and payroll records.

# FOURTH CAUSE OF ACTION

**(Against Defendants for Failure to Pay Wages: Failure to Provide Meal Periods)**

57. Plaintiffs incorporates all preceding paragraphs as if set forth in full herein..

58. Labor Code §512 (a) states: "An employer may not employ and employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee."

59. IWC Wage Order states, in pertinent part: "No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee. Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an on-duty meal period and counted as time worked…" The Wage Order further provides, "[i]f an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

60. Based on both Labor Code §512(a) and the IWC Wage Order 1-2001, Defendants' meal policy and practice is non-compliant because employees breaks frequently began late, after the start of the employee's sixth hour. Additionally, records show instances of interrupted meal periods, missed meal periods, and missed second meal periods for shifts greater than 10 hours.

61. Plaintiffs allege on information and belief that Defendants' failure to pay the Meal Period Subclass Members the unpaid balance of these meal period wages upon the termination of their employment, as alleged in this cause of action, was willful, and thus entitles the Class Members to penalties under Labor Code § 203. Specifically, Labor Code § 203 provides that an employee's wages shall continue as a penalty until paid or for a period of up to 30 days from the time they were due, whichever period is shorter.

62. Plaintiff will seek restitution pursuant to Labor Code §558(a)(3) for himself and the proposed members of the Meal Period Subclass for each violation of Labor Code §226.7. Further, as a derivative claim of failing to pay the premium pay of one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided, Plaintiff will seek statutory penalties under Labor Code §226(a)(1) because the failure to pay such premium wages rendered he gross pay calculations inaccurate in violation of Labor Code §226(e)(2)(B)(i). Plaintiffs further seek reasonable costs of suit and reasonable attorney's fees as provided by the Labor Code and Code of Civil Procedure §1021.5, or other applicable law.

## FIFTH CAUSE OF ACTION

### (Against Defendants for Failure To Pay Wages: Denial of Rest Periods)

63. Plaintiffs incorporates all preceding paragraphs as if set forth in full herein.

64. California Labor Code § 226.7 provides that it is unlawful to require any employee to work during rest period mandated by an applicable order of the IWC.

65. Plaintiffs allege on information and belief that during the Class Period, as alleged above, the Rest Period Subclass (also referred to within this cause of action collectively as "Class") members regularly worked through their rest periods and were not provided required breaks. Defendants failed to pay the Class Members for these hours worked. As a result of the aforementioned conduct, the Class Members have been damaged according to proof at trial.

66. Defendants' failure to pay these wages entitle the Class Members to additional wages, pursuant to § 226.7, which provides that if an employer fails to provide an employee a rest period in accordance with an applicable order of the IWC, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

67. Plaintiffs allege on information and belief that Defendants' failure to pay the Class Members the unpaid balance of these rest period wages upon the termination of their employment, as alleged in this cause of action, was willful, and thus entitles the

Class Members to penalties under Labor Code § 203. Specifically, Labor Code § 203 provides that an employee's wages shall continue as a penalty until paid or for a period of up to 30 days from the time they were due, whichever period is shorter.

68. Plaintiff will seek restitution pursuant to Labor Code §558(a)(3) for himself and the proposed members of the "Rest Period Subclass" for each violation of Labor Code §226.7. Further, as a derivative claim of failing to pay the premium pay of one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided, Plaintiff will seek statutory penalties under Labor Code §226(a)(1) because the failure to pay such premium wages rendered he gross pay calculations inaccurate in violation of Labor Code §226(e)(2)(B)(i). Plaintiffs further seek prejudgment interest, reasonable costs of suit and reasonable attorney's fees as provided by the Labor Code and Code of Civil Procedure §1021.5, or other applicable law.

## SIXTH CAUSE OF ACTION

**(Against Defendants for Failure to Furnish and Maintain Accurate Payroll Records)**

69. Plaintiffs incorporates all preceding paragraphs as if set forth in full herein.

70. California Labor Code § 226(a) provides that "[e]very employer shall, semimonthly or at the time of each payment of wages, furnish each of his or he employees...an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked..., (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions ... , (5) net wages earned, (6) the inclusive dates of period for which the employee is paid, (7) the name of the employee and his or he social security number..., (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

71. Labor Code § 226(a) further provides that "[t]he deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated,

showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California."

72. Labor Code § 226(e) provides that "[a]n employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4000), and is entitled to an award of costs and reasonable attorney's fees."

73. Labor Code § 1174 provides that "[e]very employer employing labor in this state shall ... (c) [k]eep a record showing the names and addresses of all employees employed and the ages of all minors [and] (d) [k]eep at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years."

74. Labor Code § 1174.5 provides that "[a]ny person employing labor who wilfully fails to maintain the records required by subdivision (c) of Section 1174 or accurate and complete records maintained by subdivision (d) of Section 1174, or to allow any member of the commission or employees of the division to inspect records pursuant to subdivision (b) of Section 1174, shall be subject to a civil penalty of five hundred dollars ($500)."

75. Plaintiffs allege on information and belief that Defendants knowingly and intentionally failed to furnish the Class Members and "Wage Statement Subclass" (also referred to within this cause of action collectively as "Class") with accurate itemized statements for each pay period that they worked and failed to maintain accurate payroll

records of the Class Members as mandated by Labor Code §§ 226 and 1174. Inaccuracies in the wage statements and payroll records were caused, among other reasons, by Defendants' unlawful overtime rate calculation and timekeeping practices that resulted in underpaying and underreporting for all hours worked. Plaintiffs allege on information and belief that as a result of Defendants' conduct, the Class Members sustained damages. As such, the Class Members are entitled to civil penalties and an award of costs and attorney's fees under § 226(e). In addition, the Class Members are entitled to recover civil penalties under § 1174.5.

## SEVENTH CAUSE OF ACTION

### (Against all Defendants for Unlawful Business Practices Under Business & Professions Code § 17200)

76. Plaintiffs incorporates all preceding paragraphs as if set forth in full herein.

77. Defendants unlawful overtime rate calculation resulted in the underpayment of overtime wages, and Defendants' unlawful timekeeping practices resulted in unpaid wages and overtime. These wrongs, in addition to Defendants' failure to provide required meal and rest breaks, constitute unlawful, unfair or fraudulent business acts and/or practices within the meaning of Business and Professions Code §17200 *et seq.*, including but not limited to violations of the applicable State of California Industrial Welfare Commission Wage Orders, regulations and statutes, or are practices which are otherwise unfair, deceptive and unlawful.

78. Pursuant to Business & Professions Code § 17203, the members of the UCL Subclass are entitled to restitution of premium wages and other pay owed, where such wages were due during the Class Period, according to proof.

79. In addition, unless the Court imposes an injunction against Defendants requiring Defendants to properly calculate and pay full overtime wages in the future, the UCL Subclass (also referred to within this cause of action collectively as "Class") members will suffer immediate and irreparable harm and will have no adequate remedy at law. Accordingly, the Class Members request that this Court enter a preliminary and

permanent injunction requiring Defendants to cease and desist from their unlawful business practices and pay compensation as required by California law.

80. This cause of action is brought as a cumulative remedy as provided in Business and Professions Code §17205, and is intended as an alternative remedy for restitution for Plaintiff and members of the relevant subclasses for any portion of time commencing within three (3) years before filing this complaint, and as the primary remedy for Plaintiff, and the relevant subclasses, for any portion of time during the *fourth year* before filing this Complaint, as this period of time exceeds the general statute of limitations on statutory wage claims.

81. Plaintiff, on behalf of himself and the proposed UCL Subclass requests the violations of each defendant be enjoined, and other equitable relief provided, as this court deems proper, including an order requiring Defendants to make tax contributions on the accrued wages in the form of FICA, Social Security, Medicare, Unemployment Insurance or other applicable payments. Defendant's conduct, business acts and practices undermined competition and was done in order to avoid costs other lawful employers comply with in order to avoid payment of full compensation, ages and statutory penalties owed.

82. Plaintiff and the members of the proposed UCL Subclass request relief, as described below, including restitution owed, in an amount according to proof, and for reasonable costs of suit and reasonable attorney's fees as provided by the Labor Code and the Code of Civil Procedure § 1021.5, or other applicable law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

For the First Cause of Action- Failure to Pay Overtime- Miscalculation of Rate:

1.   For compensatory damages according to proof at trial;
2.   For prejudgment interest, at the legal rate;
3.   For penalties pursuant to Labor Code §§ 203, 510, 558;
4.   For attorneys' fees;

5.   For costs of suit incurred herein; and

6.   For such other and further relief as the Court may deem appropriate.

For the Second Cause of Action- Failure to Pay Wages & Overtime due to Rounding:

1.   For compensatory damages according to proof at trial;

2.   For prejudgment interest, at the legal rate;

3.   For penalties pursuant to Labor Code §§ 203, 510, 558;

4.   For attorneys' fees;

5.   For costs of suit incurred herein; and

6.   For such other and further relief as the Court may deem appropriate.

For the Third Cause of Action- Failure to Pay Wages Timely Upon Termination:

1.   For compensatory damages according to proof at trial;

2.   For the wages of each Waiting Time Subclass Member at their regular daily rate up to a maximum of thirty (30) days;

3.   For penalties pursuant to Labor Code §§ 203 and 558;

4.   For attorneys' fees pursuant to Labor Code §§ 218.5 and 226, and any other applicable statute;

5.   For all costs of suit herein incurred;

6.   For an award of interest, including prejudgment interest, as provided by law and according to proof at trial; and

7.   For such other relief, in law of in equity, as this Court deems just and proper.

For the Fourth Cause of Action- Failure to Provide Meal Periods:

8.   For compensatory damages according to proof at trial;

9.   For additional wages pursuant to Labor Code § 512, 226.7;

10.  For penalties pursuant to Labor Code §§ 203 and 558;

11.  For additional wages pursuant to Labor Code § 226.7;

12.  For attorneys' fees;

13.  For costs of suit incurred;

14.  For prejudgment interest; and

15.  For such other and further relief as the Court deems proper.

For the Fifth Cause of Action- Failure to Provide Rest Periods:

1. For compensatory damages according to proof at trial;

2. For additional wages pursuant to Labor Code § 226.7;

3. For penalties pursuant to Labor Code §§ 203 and 558;

4. For attorneys' fees;

5. For costs of suit incurred;

6. For prejudgment interest; and

7. For such other and further relief as the Court deems proper.

For the Sixth Cause of Action- Failure to Maintain Accurate Payroll Records:

1. For compensatory damages according to proof at trial;

2. For penalties pursuant to Labor Code §§ 226 and 1174;

3. For attorneys' fees;

4. For costs of suit incurred;

5. For prejudgment interest; and

6. For such other and further relief as the Court deems proper

For the Seventh Cause of Action- Unlawful Business Practices:

1. For a preliminary and permanent injunction requiring Defendants to (1) pay all owed wages; (2) adopt a lawful timekeeping practice; (3) provide meal and rest periods; and (4) provide and maintain appropriate payroll records;

2. For compensatory damages according to proof at trial;

3. For attorneys' fees;

4. For costs of suit incurred;

5. For prejudgment interest; and

///

///

///

///

///

///

6.   For such other and further relief as the Court deems proper.

DATED: July _18_ 2017                          **KOUL LAW FIRM**

                                               **LAW OFFICES OF SAHAG MAJARIAN II**


                                               BY: Nazo Koulloukian, Esq.
                                               Sahag Majarian II, Esq.
                                               Attorneys for Plaintiff
                                               JOSE TINOCO
                                               and putative class members


### *DEMAND FOR JURY TRIAL*

   Plaintiff, on behalf of himself and the putative class, hereby demands trial by jury
to the full extent permitted by law.

DATED: July _18_ 2017                          **KOUL LAW FIRM**

                                               **LAW OFFICES OF SAHAG MAJARIAN II**


                                               BY: Nazo Koulloukian, Esq.
                                               Sahag Majarian II, Esq.
                                               Attorneys for Plaintiff
                                               JOSE TINOCO
                                               and putative class members

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Nazo Koulloukian, Esq. [SBN 263809]<br>Koul Law Firm - 3435 Wilshire Blvd., Ste. 1710, Los Angeles, CA 90010<br>Sahag Majarian, II, Esq. [SBN 146621]<br>Law Offices of Sahag Majarian, II - 18250 Ventura Blvd., Tarzana, CA 91356 | CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles |
| TELEPHONE NO.: (213) 761-5484          FAX NO.: | JUL 19 2017 |
| ATTORNEY FOR *(Name):* Plaintiff and the Proposed Classes | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles | Sherri R. Carter, Executive Officer/Clerk |
| STREET ADDRESS: 111 North Hill Street | By: Glenriatta Robinson, Deputy |
| MAILING ADDRESS: 111 North Hill Street | |
| CITY AND ZIP CODE: Los Angeles 90012 | CASE NUMBER: BC 669091 |
| BRANCH NAME: Central - Stanley Mosk Courthouse | |

| CASE NAME:<br>Jose Tinoco v. Hajoca Corporation, et al. | | |
|---|---|---|
| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
| [✓] Unlimited      [ ] Limited<br>(Amount            (Amount<br>demanded          demanded is<br>exceeds $25,000)   $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [✓] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is   [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary   b.[✓] nonmonetary; declaratory or injunctive relief   c.[✓] punitive
4. Number of causes of action *(specify):* Seven (7)
5. This case [✓] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 18, 2017

Nazo Koulloukian
_____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or
   toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil
   harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract *(not unlawful detainer
         or wrongful eviction)*
   Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally
   complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex
   case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
      County)
   Confession of Judgment *(non-
      domestic relations)*
   Sister State Judgment
   Administrative Agency Award
      *(not unpaid taxes)*
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
   above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-
      harassment)*
   Mechanics Lien
   Other Commercial Complaint
      Case *(non-tort/non-complex)*
   Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified
   above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
      Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
      Claim
   Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: Jose Tinoco v. Hajoca Corporation, et al. | CASE NUMBER BC 6 9 | |

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
| --- |

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
| --- | --- | --- | --- |
| Auto<br>Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death - Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE: Jose Tinoco v. Hajoca Corporation, et al. | | CASE NUMBER | |
|---|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F  Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

| SHORT TITLE: Jose Tinoco v. Hajoca Corporation, et al. | | CASE NUMBER | |

| | A<br>Civil Case Cover Sheet<br>Category No | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE Jose Tinoco v. Hajoca Corporation, et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

REASON:

✓ 1.   2.   3.   4.   5.   6.   7.   8.   9.   10.   11.

ADDRESS:

| CITY: | STATE: | ZIP CODE |
|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the _____Central_____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: July 18, 2017

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.   Original Complaint or Petition.

2.   If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.   Civil Case Cover Sheet, Judicial Council form CM-010.

4.   Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5.   Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6.   A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7.   Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### NOTICE OF CASE ASSIGNMENT – CLASS ACTION CASES

Case Number _____ BC 669 091

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT
Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3 (c)).

| ASSIGNED JUDGE | DEPT. | ROOM |
|---|---|---|
| Judge Elihu M. Berle | 323 | 1707 |
| Judge William F. Highberger | 322 | 1702 |
| Judge John Shepard Wiley, Jr. | 311 | 1408 |
| Judge Kenneth Freeman | 310 | 1412 |
| Judge Ann Jones | 308 | 1415 |
| Judge Maren E. Nelson | 307 | 1402 |
| Judge Carolyn B. Kuhl | 309 | 1409 |

### Instructions for handling Class Action Civil Cases

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION
The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

Given to the Plaintiff/Cross Complainant/Attorney of Record on _____   SHERRI R. CARTER, Executive Officer/Clerk

BY_____, Deputy Clerk

LACIV CCW 190 (Rev. 04/16)
LASC Approved 05-06

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties.  The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application.  These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

**◆Los Angeles County Bar Association Litigation Section◆**

**◆ Los Angeles County Bar Association
Labor and Employment Law Section◆**

**◆Consumer Attorneys Association of Los Angeles◆**

**◆Southern California Defense Counsel◆**

**◆Association of Business Trial Lawyers◆**

**◆California Employment Lawyers Association◆**

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:   FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
                    (INSERT DATE)                                      (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date: _____

_____          ➢ _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)
Date: _____

_____          ➢ _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date: _____

_____          ➢ _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date: _____

_____          ➢ _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date: _____

_____          ➢ _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____ )
Date: _____

_____          ➢ _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____ )
Date: _____

_____          ➢ _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____ )

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |
| TELEPHONE NO.:                     FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

      iii.   Be filed within two (2) court days of receipt of the Request; and

      iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date: _____

        (TYPE OR PRINT NAME)

Date: _____

        (TYPE OR PRINT NAME)

Date: _____

        (TYPE OR PRINT NAME)

Date: _____

        (TYPE OR PRINT NAME)

Date: _____

        (TYPE OR PRINT NAME)

Date: _____

        (TYPE OR PRINT NAME)

Date: _____

        (TYPE OR PRINT NAME)

➤ _____

        (ATTORNEY FOR PLAINTIFF)

➤ _____

        (ATTORNEY FOR DEFENDANT)

➤ _____

        (ATTORNEY FOR DEFENDANT)

➤ _____

        (ATTORNEY FOR DEFENDANT)

➤ (ATTORNEY FOR _____)

➤ (ATTORNEY FOR _____)

➤ (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐   Request for Informal Discovery Conference
   ☐   Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |
| TELEPHONE NO.:       FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

# Superior Court of California
# County of Los Angeles



# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKET

The person who files a civil lawsuit (plaintiff) must include the ADR information Packet with the complaint when serving the defendant. Cross-complainants must serve the ADR Information Packet on any new parties named to the action together with the cross-complaint.

There are a number of ways to resolve civil disputes without having to sue someone. These alternatives to a lawsuit are known as alternative dispute resolution (ADR).

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediations, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help resolve disputes without having to go to court.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

**Advantages of ADR**
- Often faster than going to trial
- Often less expensive, saving the litigants court costs, attorney's fees and expert fees.
- May permit more participation, allowing parties to have more control over the outcome.
- Allows for flexibility in choice of ADR processes and resolution of the dispute.
- Fosters cooperation by allowing parties to work together with the neutral to resolve the dispute and mutually agree to remedy.
- There are fewer, if any, court appearances. Because ADR can be faster and save money, it can reduce stress.

**Disadvantages of ADR** - ADR may not be suitable for every dispute.
- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services.
- If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs of trial, such as attorney's fees and expert fees.

**The Most Common Types of ADR**

- **Mediation**

  In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the parties, rather than the mediator, decide how the dispute is to be resolved.

  - **Mediation is particularly effective** when the parties have a continuing relationship, like neighbors or business people. Mediation is also very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to express their feelings and find out how the other sees things.

  - **Mediation may not be effective** when one party is unwilling to cooperate or compromise or when one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

- **Arbitration**

    In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each
    side and then decides the outcome of the dispute. Arbitration is typically less formal than a
    trial, and the rules of evidence may be relaxed. Arbitration may be either "binding" or "non-
    binding." Binding arbitration means the parties waive their right to a trial and agree to accept
    the arbitrator's decision as final. Non-binding arbitration means that the parties are free to
    request a trial if they reject the arbitrator's decision.

    Arbitration is best for cases where the parties want another person to decide the outcome of
    their dispute for them but would like to avoid the formality, time, and expense of a trial. It may
    also be appropriate for complex matters where the parties want a decision-maker who has
    training or experience in the subject matter of the dispute.


- **Mandatory Settlement Conference (MSC)**

    **Settlement Conferences are appropriate in any case where settlement is an option.**
    Mandatory Settlement Conferences are ordered by the Court and are often held near the date
    a case is set for trial. The parties and their attorneys meet with a judge who devotes his or her
    time exclusively to preside over the MSC. The judge does not make a decision in the case but
    assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a
    settlement.

    The Los Angeles Superior Court Mandatory Settlement Conference (MSC) program is free of
    charge and staffed by experienced sitting civil judges who devote their time exclusively to
    presiding over MSCs. The judges participating in the judicial MSC program and their locations
    are identified in the List of Settlement Officers found on the Los Angeles Superior Court website
    at http://www.lacourt.org/. This program is available in general jurisdiction cases with
    represented parties from independent calendar (IC) and Central Civil West (CCW) courtrooms.
    In addition, on an ad hoc basis, personal injury cases may be referred to the program on the
    eve of trial by the personal injury master calendar courts in the Stanley Mosk Courthouse or the
    asbestos calendar court in CCW.

    In order to access the Los Angeles Superior Court MSC Program the judge in the IC courtroom,
    the CCW Courtroom or the personal injury master calendar courtroom must refer the parties to
    the program.  Further, all parties must complete the information requested in the Settlement
    Conference Intake Form and email the completed form to mscdept18@lacourt.org.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

## Additional Information

To locate a dispute resolution program or neutral in your community:

- Contact the California Department of Consumer Affairs (www.dca.ca.gov) Consumer Information Center toll free at 800-952-5210, or;
- Contact the local bar association (http://www.lacba.org/) or;
- Look in a telephone directory or search online for "mediators; or "arbitrators."

There may be a charge for services provided by private arbitrators and mediators.

A list of approved State Bar Approved Mandatory Fee Arbitration programs is available at http://calbar.ca.gov/Attorneys/MemberServices/FeeArbitration/ApprovedPrograms.aspx#19

To request information about, or assistance with, dispute resolution, call the number listed below. Or you may call a Contract Provider agency directly. A list of current Contract Provider agencies in Los Angeles County is available at the link below.

http://css.lacounty.gov/programs/dispute-resolution-program-drp/

County of Los Angeles Dispute Resolution Program
3175 West 6th Street, Room 406
Los Angeles, CA 90020-1798
TEL: (213) 738-2621
FAX: (213) 386-3995
