Nazo Koulloukian, SBN 263809
nazo@koullaw.com
**KOUL LAW FIRM**
A Professional Law Corporation
3435 Wilshire Blvd., Suite 1710
Los Angeles, CA 90010
Telephone: (213) 761-5484

Sahag Majarian, II, Esq. SBN 146621
Sahagii@aol.com
**LAW OFFICES OF SAHAG MAJARIAN II**
18250 Ventura Blvd.
Tarzana, CA 91356
Telephone:  (818) 609-0807
Facsimile:  (818) 609-0892

Attorney for Plaintiff,
JOSE TINOCO and all putative class members

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE TINOCO, an individual, on behalf of himself and all others similarly situated,<br><br>                          Plaintiff,<br><br>vs.<br><br>HAJOCA CORPORATION, a professional corporation, and DOES 1-50, inclusive,<br><br>                          Defendants.<br>_____ | Case No.:  2:17-CV-06187 FMO (ASx)<br><br>(Judge:  Hon. Fernando M. Olguin)<br><br>**DECLARATION OF NAZO KOULLOUKIAN IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS, AND ENHANCEMENT AWARD** |

**I, NAZO KOULLOUKIAN, RESPECTFULLY DECLARE AS FOLLOWS:**

1.      I am now and have been at all times relevant to this Declaration an Active Member of the State Bar of California, and Principal and Owner of Koul Law Firm ("Koul Law Firm"), and Class Counsel of record in this action.  I make this declaration on the basis of personal firsthand knowledge unless another source of information or belief clearly appears from the context, and as to all such matters I believe them to be true.  If called as a witness, I could and would readily and competently testify to all matters stated within.

2. I make this declaration in support of Plaintiff's Unopposed Motion for Attorneys' Fees, Costs, and Enhancement Award in the above-referenced case. I believe that my declaration, which details my hours and collective costs invested in this action fully support the fee award requested. Further, while my co-counsel Sahag Majarian is and has been out of the country on an extended pre-planned trip, he herein provides his time investment based upon the electronic records available to him overseas

3.      On July 19, 2017, Named Plaintiff Jose Tinoco ("Plaintiff") filed a putative wage and hour class action lawsuit against Defendant Hajoca Corporation ("Defendant").  The action was brought on behalf of a proposed class comprised of Defendant's current and former employees who worked for Defendant in California.

4.      This class and PAGA representative action alleges the following violations: (1) failure to pay overtime due to miscalculation of rate of pay; (2) failure to pay overtime due to timecard rounding; (3) meal period violations; (4) rest period violations; (5) failure to timely pay wages upon termination; (6) failure to furnish and maintain accurate payroll records; and (7) unlawful business practices. Plaintiff brings this action on a representative basis on behalf of approximately 383 total class members, working at an average hourly rate of $18.23.

5.      Through hard fought litigation, Plaintiff has successfully obtained a substantial, non-reversionary $1,440,000 settlement.

## NAMED PLAINTIFF'S ROLE

6.     Plaintiff has been instrumental in providing critical information and evidence used to establish the existence of the alleged unlawful practices pertaining to all the hourly, non-exempt employees. As described in Plaintiff's Declaration in Support of Preliminary Approval, attached hereto as **exhibit 1** for the Court's convenience, Plaintiff provided pre-litigation information to my office that helped identify and explain, not only the claims, but also specific common practices among class members and how they affected him and his co-workers. Plaintiff also provided documents and information for use in preparing for mediation. Plaintiff also attended the mediation and was critical in bringing about the Settlement Agreement.

7.     In the final analysis, this Class Action would not have been possible without the aid of Plaintiff, who put his own time and effort into this litigation, sacrificed the value of his own individual claims, and placed himself at risk for the sake of the class members.  Moreover, Plaintiff's name and personal allegations are memorialized in the Complaint thus exposing himself to potential liability for costs and industry/employer blacklisting.  The requested incentive award of **$5,000.00** to the Named Plaintiff, just **0.35%** of the Gross Settlement Fund, is therefore reasonable to compensate Plaintiff for his active participation in this lawsuit.

8.     In turn, approximately 383 class members will now have the opportunity to participate in a settlement, reimbursing them for wage violations they may have never known about on their own or been willing to pursue on their own because of otherwise modest individual sums of money at stake.  If these class members would have each tried to pursue their legal remedies on their own, that would have resulted in each having to expend a significant amount of their own monetary resources and time, which were obviated by Plaintiff putting himself on the line on behalf of these other class members.

## DISCOVERY AND INVESTIGATION

9.      Discovery and investigation undertaken by Plaintiff was extensive. Prior to filing the lawsuit, I conducted extensive interviews of Plaintiff's records, spent significant time discussing Plaintiff's experiences at work and whether those experiences are common among his coworkers. I also spent significant time conducting legal research to determine the strength of each claim, and the most effective litigation strategy to employ to best advance Plaintiff's claims on behalf of him as well as the class.

10.      Prior to the mediation, Defendants produced voluminous time punch and payroll documents, in addition to relevant company documents, including:

- Over 2,500 pages of time and payroll records reflecting 8,494 shifts worked by 10% of the class;
- Over 100 pages of policies and procedures;
- 30-plus pages of job descriptions;

My office spent a significant amount of time reviewing these documents and, with the assistance of a retained expert, analyzing the time records and pay statements to determine Defendants' potential damage exposure, necessary to evaluate the risks for liability on the amount of wages owed, as well as damages data for the Class, which has been used to calculate the damages exposure for the class and allocation of payments. Plaintiff has also been an invaluable source of information by providing his own documents and helping to explain how Defendants' policies operate and impact him and his coworkers.

11.      The Parties arrived at this settlement through arm's length bargaining following a full day of mediation with mediator, Jeff Krivis, Esq.  The Parties went into mediation willing to explore the potential for a settlement of the dispute, but each side was also committed and prepared to litigate its position through trial and

appeal if a settlement had not been reached.  The proposed settlement was reached at the end of an arms-length negotiation process, in which counsel for all parties advanced their respective positions throughout the settlement negotiations, including each side's strengths and weaknesses pertaining to certification of a class and a class-wide trial.  As such, the negotiations were at arm's length.

12.     In settlement of this litigation, Defendant has agreed to: (i) pay the Gross Settlement Amount of $1,440,000, (ii) allow 100% of the settlement funds to be non-reversionary; (iii) send notice to the putative class concerning the settlement; and (iv) permit class members who wish to exclude themselves or object to the settlement to do so.

13.     I believe that this is a very favorable settlement for the class, providing a remedy consistent with what the class could expect to receive if they prevailed at trial, but without the lengthy delay and risk of loss that a trial and subsequent appeal would entail. The settlement terms represent a compromise of the parties' disputes and are fair, adequate and reasonable to the class given the risks that both sides faced in the litigation.

## <u>QUALIFICATIONS, EXPERIENCE, AND EXPERTISE</u>

14.     I received a B. A. in Communication Studies in 2005 from UCLA, an institution where I currently serve as faculty.  I received my J.D. from University of Maryland School of Law in 2008.  I became an Active Member of the State Bar of California in June 2009, and have been an Active Member in good standing continuously since then. I am a current member of the California Employment Lawyers Association (CELA).  I have also been named as one of the Rising Stars for the Super Lawyers of Southern California during 2016, 2017, and 2018.

15.     I founded Koul Law Firm ("Koul Law Firm") in 2017.  Prior to starting Koul Law Firm, I was a Senior Associate at Joseph Farzam Law Firm, ("Farzam

Law Firm") which was founded in 2002, and where I worked from 2013 through to the end of 2016.

16.     During the approximately over ten years since I began practicing law, I have built my practice to have a heavy emphasis on employment and related litigation.  I have been heavily, successfully, and continuously involved in active litigation and trial work, including without limitation, wage and hour class action litigation, employees' rights, civil rights, discrimination, and sexual harassment claims, and other forms of employment litigation.

17.     Koul Law Firm co-counsels with various other attorneys, all of whom are actively and continuously practicing in employment litigation, representing almost entirely employee plaintiffs, in both individual and class actions, in this Superior Court, and other Superior Courts throughout the State, in the Court of Appeal, and in various Federal courts.  During my time at Farzam Law Firm, and currently with Koul Law Firm, I have litigated hundreds of cases against the largest firms in the country, including but not limited to Buchalter, Gordon & Rees, Ogletree Deakins, Jones Day, Littler Mendelson, Jackson Lewis LLP, Lewis Brisbois Bisgaard & Smith LLP, DLA Piper, O'Melveny and Myers, and Manatt Phelps & Phillips, LLP.  Because of the unique history and nature of my practice, I operate with a high level of knowledge and experience in areas of wage and hour class actions, and labor and employment law.  Currently, more than half of my active caseload includes wage and hour class action cases.  Besides myself, my firm co-counsels with attorneys with the following qualifications:

> a. Sahag Majarian, II, Loyola Law School, over 28 years of litigation experience;
>
> b. Charles Ted Mathews, Loyola Law School, over 45 years of litigation experience;
>
> c. Ashkan Shakouri, USC Law School, over 15 years of litigation experience; and

d. Joshua N. Lange, UCLA School of Law, over 8 years of litigation experience.

18.     My office is qualified to handle this litigation because we are experienced in litigating Labor Code violations in both individual and class actions. I have served as lead counsel in numerous wage and hour class actions, and have successfully negotiated several settlements, including multiple six-figure and seven-figure cases, amounting to millions of dollars in settlements.

19.   I was recently appointed class counsel for a class certified for final approval by the Honorable David Cohn representing a class of approximately 400 current and former laborers for wage and hour violations in *Armando Madrigal Barreto v. Etivista Concrete, Inc., et al.,* settled in the Superior Court for the State of California, County of San Bernardino, bearing Case No. CIVDS1712018.

20.     I recently also won a successful verdict following a two weeks-long trial on behalf of an employee in a case titled *Jesperson v. Lightning Technology, Inc.,* before the Honorable David T. McEachen in the Superior Court of the State of California, County of Orange.

21.     I am currently counsel for over twenty class and PAGA matters pending in state and federal court across the state of California. Additionally, I was recently appointed class counsel for the following classes, certified for preliminary approval and/or final approval:

- **FRANCISCO CISNEROS & ARMONDO ORTIZ v. LAZY DOG RESTAURANTS, LLC (Case No. 56-2017-00501824-CU-OE-VTA) in Ventura County Superior Court:** In *Cisneros,* the Court approved a representative action for wage and hour violations on behalf of approximately 6,927 aggrieved employees. The case was settled following extensive informal discovery and the Court approved a final settlement and judgment for $1,100,000, with 33.3% for attorneys' fees on June 4, 2019.

- **EDUARDO MARQUEZ & BEATRIZ MARQUEZ v. THREE SONS, INC. DBA AMERICAN MEAT COMPANIES, ET AL. (Case No. BC701526) in Los Angeles Superior Court:** In *Marquez*, the Court preliminarily approved myself as lead class counsel representing a class of approximately 249 employees for wage and hour violations. The case was settled following extensive discovery and the Court granted preliminary approval of settlement for $1,400,000, with 33.3% for attorneys' fees on June 3, 2019.

- **JOSE SERRANO v. HERITAGE FORD, INC., ET AL. (Case No. CV18002584) in Stanislaus Superior Court:** In *Serrrano*, the Court approved a representative action for wage and hour violations on behalf of approximately 114 aggrieved employees. The case was settled following extensive informal discovery and the Court approved a final settlement and judgment for $150,000, with 33% for attorneys' fees on May 22, 2019.

- **JOSE ESTRADA v. BURLINGAME INDUSTRIES, ET. AL. (Case No. CIVDS1712815 - Consolidated with Case No. CIVDS1805057) in San Bernardino Superior Court:** In *Estrada*, I was lead class counsel representing a class of approximately 740 employees for wage and hour violations. The case was settled following extensive discovery and the Court approved a final settlement and judgment for $2,000,000, with 33% for attorneys' fees on February 6, 2019.  In connection with this matter, the Court approved my hourly rate at $595.00.

- **LUIS AVILA v. AL DAHRA ACX, INC., ET. AL. (Case No. BC685992) in Los Angeles Superior Court:** In *Avila,* I was preliminarily approved as lead class counsel representing a class of

approximately 280 employees for wage and hour violations. The case was settled following extensive discovery and the Court granted final approval of settlement for $250,000, with 33% for attorneys' fees on November 28, 2018.

- **ARMANDO M. BARRETO v. ETIVISTA CONCRETE, ET. AL. (Case No. CIVDS1712018) in San Bernardino Superior Court:** In *Barreto*, I was lead class counsel representing a class of approximately 800 employees for wage and hour violations. The case was settled following extensive discovery and the Court approved a final settlement for $838,750, with 33% for attorneys' fees on June 28, 2018. In connection with this matter, the Court approved my hourly rate at $550.00.

22. My prior firm, Farzam Law Firm, had a number of cases where myself and my partner served as lead class counsel in a practice consisting predominately of trial work. I have successfully represented clients in over 60 cases filed in federal court, as well as in over 300 matters filed in California Superior Court. I have served as Class Counsel and Interim Class Counsel in a number of other matters. I have also represented plaintiffs acting as private attorneys general in bringing public interest actions against major retail stores, hotels and others who have violated unfair competition laws. My adequacy to serve as Class Counsel is not contested. Additional experience serving as Class Counsel consists of the following:

- a. **JUAN CARLOS BEIZA, et al. v. STAFFING SYSTEMS, INC. et al. (Case No. BC466278) in Los Angeles Superior Court**: In *Beiza*, this Court appointed me as class counsel with respect to a class of warehouse, maintenance, and security workers for overtime rounding, missed meal and rest breaks, and various other wage penalties. In this matter, we defeated a Motion for Summary Judgment. Thereafter, we

attended mediation and settled the matter. The Court approved a settlement of $800,000 with $300,000 as reasonable attorneys' fees.

b. **JOSE TORRES/ADELINA QUINTANA v. JACOBS FARMS/DEL CABO, INC., et al. (Case No. BC499930) in Los Angeles Superior Court:** In *Quintana,* I was lead class counsel where we represented farm employees for failure to pay wages, including overtime, failure to provide meal and rest breaks, failure to provide accurate payroll statements, unfair business practices and conversion of wages. After extensive discovery, all parties attended mediation, and the Court approved settlement in the amount of $300,000 with 33.33% ($100,000) for attorneys' fees.

c. **CRISTIAN LUNA, ET AL. V. CHANEL, INC. (2:15-cv-09541-RGK-KK) in United States District Court.**

## RISK ASSUMED BY CLASS COUNSEL

23. My office invested significant time and resources into the case, with payment deferred to the end of the case, and then, of course, contingent on the outcome.

24. Before agreeing to represent Plaintiff and the proposed class in this action, I carefully weighed the potential benefits and risks from committing to this litigation. Because most individuals cannot afford to pay for representation in litigation on an hourly basis, Koul Law Firm represents virtually all of its employment law clients on a contingency fee basis. This matter is no different. I therefore understood that there was a very real possibility that I would never be able to recoup my investment of time and money in this case. I also understood that even if I was ultimately able to recoup the investment of time and money, there would necessarily be a delay (potentially of many years) between the time these expenditures were made by my firm and the time that we were paid. Because of the

real risk of obtaining no payment whatsoever, the certainty that payment (if any) would be delayed, and the large investment of time and money that would likely be required, I would not have agreed to represent Plaintiff and the proposed class on a pure hourly basis.

25.     From the initiation of this case, my firm undertook considerable risk that – despite the significant investment of time and money – we would never receive any payment from the prosecution of this action.  We also knew that prevailing and ultimately collecting any recovery from the Defendant in this matter was never anywhere near certain, considering the complexity of class action claims, the legal viability of Plaintiff's claims, whether Plaintiff would be able to obtain the necessary discovery and evidence to support those claims, whether Plaintiff would be able to successfully certify a class, and whether Plaintiff would be successful at trial.  I accepted and proceeded with this litigation in the face of this uncertainty, agreeing to undertake this litigation on a wholly contingent basis and thereby initiating complex, expensive and lengthy litigation, with no guarantee of compensation for the significant amount of time, money and effort that we were prepared to and did invest to prosecute this case. Because Koul Law Firm is taking the risk that we will not be reimbursed for our time and costs unless our clients settle or win their case, we cannot afford to represent an individual employee on a contingency basis if, at the end of our representation, all we are to receive is our regular hourly rate for services.  It is essential that we recover more than our regular hourly rate when we win if we are to remain in practice so as to be able to continue representing other individuals in civil rights employment disputes.

26.     By pursuing this litigation and devoting the significant resources that this litigation required, my firm necessarily had to forego developing and working on other cases available to us.  To augment the practical limitations of managing a relatively small practice, I have developed close relationships with several other

experienced attorneys, as listed above, to work together as "Of Counsel" or co-counsel in numerous cases handled by Koul Law Firm.

## ATTORNEYS' FEES AND COSTS

27.    I believe that the fee and costs provision is reasonable.  The fee percentage requested of 30% is below the 33.3% usual customary percentage fee for most employment cases.  As stated, above, my office takes on a lot of risk with wage and hour class actions, investing significant time, money and resources into the case, with payment deferred to the end of the case, and then, of course, entirely contingent on the outcome. A recovery of 30% of the common fund has been routinely approved by California courts in wage and hour class actions. *See, e.g., Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 491-92 (E.D. Ca. 2010) (citing to five recent wage and hour class actions where federal district courts approved attorney fee awards ranging from 30 to 33%); *Singer v. Becton Dickinson and Co.*, 2010 U.S. Dist. LEXIS 53416, 2010 WL 2196104, * 8 (S.D. Ca. June 1, 2010) (approving attorney fee award of 33.33% of the common fund and holding that award was similar to awards in three other wage and hour class action cases where fees ranged from 30.3% to 40%); *Romero v. Producers Dairy Foods, Inc.*, 2007 WL 3492841, *4 (approving attorneys' fees of 1/3 of the common fund in a missed meal break class action, noting, "fee awards in class actions average around one-third of the recovery"); *Martin v. Ameripride Servs.*, 2011 U.S. Dist. LEXIS 61796, 22-23 (S.D. Cal. June 9, 2011); *Barrett v. Doyon Security Services, LLC*, Case Nos. BS900199; BS900517, San Bern. Sup. Court (approving fees of 1/3 of the common fund in a missed meal break and overtime class action). I estimate that if we went to trial, given the extensive discovery, depositions, and presentation of expert and percipient witnesses at trial, fees would exceed the $432,000 requested.

28.    My office invested significant time and resources into the case, with payment deferred to the end of the case, and then, of course, contingent on the outcome.  My office's efforts included, without limitation, the following:

- conducting initial investigations and intake interview with Plaintiff, including review of all documents produced by Plaintiff, necessary to support filing an action against Defendant and inform litigation strategy;
- preparation of multiple drafts of the PAGA notice letter;
- preparation of class action complaints;
- drafting amended complaints;
- conducting numerous conferences and correspondence with Defendant's counsel to obtain relevant documents and information through informal discovery;
- review of extensive documents produced by Defendant, including employment records, and time and payroll records;
- analyzing and interpreting time records produced by Defendants, and formatting said data in a manner that could be used to support Plaintiff's legal theories and damage analysis;
- hiring and conferring with an expert to advance Plaintiff's analysis of Defendant's documents and files;
- legal research regarding Defendant's practices;
- strategizing regarding litigation tactics, as necessary to succeed in contested and complex litigation;
- numerous telephone conferences and email exchanges with Defense counsel necessary to advance Plaintiff's litigation efforts;
- following analysis of gathered data, and believing the case was appropriate for consensual resolution given the high level or risk present for both sides, proposing mediation and negotiating mediator selection and dates;
- research and preparation of Plaintiff's mediation brief;
- preparation for and attendance at a full-day private mediation;

- negotiations and extensive revisions of the Settlement Agreement;
- negotiations and revisions of Class Notice;
- preparation and filing of the motion for preliminary approval and order, including numerous extensive revisions thereto;
- working with Settlement Administrator to ensure compliance with Court's order on preliminary approval;
- conducting legal research and drafting the motion for attorneys' fees, costs, and enhancement award;
- attendance at the hearing on the motion for attorneys' fees, costs, and enhancement award;
- any and all further action required to obtain and implement any future Court orders, including an order granting final approval.

29.     Litigating the class and collective action claims would require substantial additional preparation and discovery. It would require depositions of experts, the presentation of percipient and expert witnesses at trial, as well as the consideration, preparation, and presentation of voluminous documentary evidence and the preparation and analysis of expert reports. There is also the delay and duration of further litigation. The litigation was filed in July of 2017.  The matter has been pending for over two years.  Certification and dispositive motions have yet to be filed. In light of the current posture of the case, Class Counsel would still need to prepare and file a class certification motion. Thus, the litigation would likely remain pending for nearly another year and a half, and potentially longer taking into consideration unforeseen delays and scheduling issues. The risks of maintaining class action status in this case as well as demonstrating Defendant's ultimate liability at trial are also significant.  Recovery of the damages and penalties would require complete success and certification of all of Plaintiffs' claims, a questionable feat in light of recent developments in wage and hour and class and collective action law as

well as the legal and factual grounds that Defendant has asserted to defend this action. For example, Defendant raised several defenses to Plaintiff's overtime miscalculation claim, at all times alleging that the bonuses were discretionary and not required to be factored into the calculation. Concerning Plaintiff's meal and rest break claims, Defendant argued that it properly provided employees with breaks, and that they were not required to police employees who chose to skip or take non-compliant breaks for their personal reasons. Further, rest break violations can be difficult to evidence, given that employees are not required to clock in and out for rest breaks. Defendant also intended to raise several defenses against class certification, including (1) that individualized determinations regarding the amount of overtime wages owing, if any, would overwhelm common issues; and (2) whether Class Members actually took meal and rest breaks would overwhelm any common issues. If Defendant succeeded on any of these or other defenses to class certification, Defendant would likely further argue that its success would necessarily impact Plaintiff's derivative claims. In the end, Plaintiff would then be left with only individual claims and the Class and Collective would potentially recover nothing. This further demonstrates the reasonableness of the total settlement value and the risks of further litigation.

30.     It is further estimated that my office will need to expend at least another 15-20 hours to monitor the process leading up to the motion for and hearing on final approval, and then continue to work with the claims administrator to carry out the Court's orders.  My office also bears the risk of taking whatever actions are necessary if Defendants fail to pay.  In a recent case, that has meant over 50 hours spent post-final approval in efforts to collect on behalf of the class.

31.     My co-counsel and I have collectively incurred **$12,135.26** in out-of-pocket expenses to date, including **$6,000** for mediation session.  I anticipate another several hundred dollars in costs between now and final approval in order to cover

filing fees, messenger fees, further legal research and travel expenses for court appearances.

32.     Because most individuals cannot afford to pay for representation in litigation on an hourly basis, Koul Law Firm represents virtually all of its employment law clients on a contingency fee basis.  Pursuant to this arrangement, we are not compensated for our time and costs unless we prevail at trial or successfully settle our clients' cases.  Because Koul Law Firm is taking the risk that we will not be reimbursed for our time and costs unless our client settles or wins his or her case, we cannot afford to represent an individual employee on a contingency basis if, at the end of our representation, all we are to receive is our regular hourly rate for services.  It is essential that we recover more than our regular hourly rate when we win if we are to remain in practice so as to be able to continue representing other individuals in civil rights employment disputes.

33.     As a result of my prior experience as class counsel in other class actions, I am fully aware of the responsibilities I would owe as Class Counsel to the Class in this action. Finally, I am not aware of any conflict of interest between myself, on the one hand, and Plaintiffs or any other Class Member, on the other hand, which would interfere with my duties as Class Counsel or impede my representation of the proposed Class. Moreover, no Class Member has objected or opted out of the Settlement despite receiving notice of the amounts sought for attorneys' fees and costs.

34.     My current billing rate is approximately $600.00 per hour as managing partner of Koul Law Firm and based on my aforementioned experience of nine years practicing in areas, including without limitation, wage and hour class action litigation, employees' rights, civil rights, discrimination, and sexual harassment claims, and other forms of employment litigation.  The current billing rate for my co-counsel, Sahag Majarian II, is $700.00 per hour.  Mr. Majarian has demonstrated

extensive experience in his labor and employment practice, focusing on wage and hour class actions in California.  (*See*, **exhibit 2**.)

35.   My office requests the foregoing billable rates be applied in this case for myself and Sahag Majarian, as the rates are more than reasonable in the Southern California legal market for attorneys who handle complex class actions involving hundreds or thousands of class members.  These hourly rates are commensurate with the market rate for fees according to the Laffey Matrix, a court approved and adopted survey of attorney hourly rates, which places the market rate for me at $658 and Sahag Majarian at $894 per hour.  Attached hereto as **exhibit 3** is the current version of the Laffey Matrix.   The hourly rates used to calculate the lodestar set forth herein also fall well within the range approved as reasonable by courts in similar class action cases.  *See Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 455 (9th Cir. 2010) (district court did not abuse its discretion in awarding 2008 hourly rates for attorneys of up to $875 for a partner, $700 for an attorney with 23 years of experience, $425 for an attorney with approximately five years of experience, and $190 for paralegals); *Gutierrez v. Wells Fargo Bank, N.A.*, 2015 WL 2438274, at *5 (N.D. Cal. May 21, 2015) (finding reasonable rates for attorneys of between $474 to $975 for partners, $300 to $490 for associates, and $150 to $430 for litigation support and paralegals).

///

///

///

///

///

///

///

///

///

36.     I have invested over **298.5** attorney hours in this case. It is further estimated that my office will need to expend at least another 20-40 hours to monitor the remaining process leading up to the final approval and payments made to the class, therefore my lodestar is based upon a projected total hours of 340 or more hours.  My co-counsel, Sahag Majarian, has invested approximately **85** hours into this case, and anticipates investing 15 more hours through to the conclusion of final approval and settlement administration.  The lodestar calculation is as follows:

Nazo Koulloukian          340 hours x $600/hr =$204,000

Sahag Majarian            100 hours x $700/hr =$70,000

Total Lodestar                            = **$274,000**

37.     Class Counsel have also incurred **$12,135.26** in expenses to date. These costs include: court filing fees, jury fees, mediation fees, expert fees, mileage, and other necessary litigation expenses.  I anticipate another few hundred dollars in costs between now and final approval in order to cover further filing fees and travel expenses for court appearances.  All of the expenses set forth herein were reasonable, were necessary to the prosecution of the case, and are customarily billed to fee-paying clients. A true and correct copy of my firm's time sheet and expense sheet for this matter is attached hereto as **exhibit 4**.

38.     The fees requested are also fair on a lodestar basis. Below, I set forth the time expended by Class Counsel this case. In order to accurately track the time each attorney spent working on this case, each attorney manually recorded the amount of time he spent on each discreet activity, generally upon completion of said activity.

39.     The lodestar in this case amounts to $274,000, resulting in a multiplier of 1.58.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 16, 2019, at Los Angeles, California.


_____/s/  Nazo  Koulloukian_____

NAZO KOULLOUKIAN

# <u>EXHIBIT A</u>

1  Nazo Koulloukian, SBN 263809
   nazo@koullaw.com
2  **KOUL LAW FIRM**
   A Professional Law Corporation
3  3435 Wilshire Blvd., Suite 1710
   Los Angeles, CA 90010
4  Telephone: (213) 761-5484

5  Sahag Majarian, II, Esq. SBN 146621
   Sahagii@aol.com
6  **LAW OFFICES OF SAHAG MAJARIAN II**
   18250 Ventura Blvd.
7  Tarzana, CA 91356
   Telephone:  (818) 609-0807
8  Facsimile:  (818) 609-0892

9

10  Attorney for Plaintiff,
    JOSE TINOCO and all putative class members

11

12

13           **UNITED STATES DISTRICT COURT**

14          **CENTRAL DISTRICT OF CALIFORNIA**

15

16  JOSE TINOCO, an individual, on behalf   Case No.:  2:17-CV-06187 FMO
    of himself and all others similarly   (ASx)
17  situated,
                            (Judge:  Hon. Fernando M. Olguin)
18               Plaintiff,
                           **DECLARATION OF PLAINTIFF**
19                           **JOSE TINOCO IN SUPPORT OF**
    vs.                            **PRELIMINARY APPROVAL OF**
20                           **CLASS ACTION SETTLEMENT**
21  HAJOCA CORPORATION, a
    professional corporation, and DOES 1-
22  50, inclusive,

23

24              Defendants.

25

26

27

28

      *Declaration of Plaintiff Jose Tinoco in Support of Preliminary Approval of Class Action Settlement- 1*

I, JOSE TINOCO, RESPECTFULLY DECLARE AS FOLLOWS:

1.      I am a Named Plaintiff in the above-entitled class action lawsuit. I am over 18 years of age and have personal knowledge of the facts described in this declaration. If called as a witness, I could and would testify competently to these facts.

2.      I understand that to preserve the attorney-client privilege between myself and my attorneys, I cannot reveal the specifics of my communications with my attorneys. However, I understand that this privilege is not compromised by stating in a general manner the information that I provided to my attorneys.

3.      I am a former employee of the Defendant Hajoca Corporation ("Defendant") in this lawsuit. I worked for Defendant for seven years until January 16, 2017. I worked as a driver earning $15/hour at the time my employment ended.

4.      During the time that I was employed by Defendant, I followed the same timekeeping, scheduling and payroll policies and practices as the other hourly employees whom I observed and with whom I interacted. This includes following the same meal and rest break rules and policies.

5.      During the time that I was employed by Defendant, my co-workers and I were paid annual "profit sharing" bonuses. However, when calculating my overtime rate of pay, Defendant did not include the profit sharing bonus amount in my regular rate of pay. As a result, I was underpaid and have not received all overtime wages owed to me. Hourly, low-wage employees like me and my coworkers are seriously impacted when wages are underpaid.

6.      My meal breaks were frequently late, well after the 5th hour of work. I regularly worked shifts that were longer than 8 hours, sometime longer than 10 and 12 hours. However, when I worked these very long shifts, I frequently was denied a second meal period. When I did take meal breaks, they were frequently interrupted or cut short.

7.      I never received a rest period when working for Defendant. The only break in my workday was a meal break, which was frequently late, interrupted, or both.

8.      At the beginning of this case, my attorneys made me aware of the general obligations of serving as a Plaintiff and Class Representative in a class action.  Because of the wage and hour violations that I experienced during my employment with Defendants, I agreed to serve as a Class Representative and pursue my case as a PAGA representative and class action.

9.      By deciding to serve as a Named Plaintiff in this class action, I agreed to pursue not only my own wage and hour claims, but the claims of all similarly situated employees of Defendant, and on behalf of the LWDA, and if necessary, to put the interest of the class members ahead of my own.  I have no interests that are antagonistic to my coworkers with respect to the claims alleged in this case. I pledged to actively participate in the lawsuit and to assume the risks of serving as a Named Plaintiff in a class action.  My attorney also explained the risks associated with litigation, and that the case could take years to resolve, and therefore required a long-term commitment on my part.  I also understood that I was potentially responsible for paying Defendant's attorney's fees and costs.  However, I accepted these risks and I wanted my attorneys to sue Defendant.

10.      During this litigation, I have spent a significant amount of time working with my attorneys and participating in this lawsuit as follows:

a. I regularly conferenced with my attorneys, before and after the filing of the lawsuit, to discuss the status of the case, to offer my input on Defendant's practices and policies, to provide names of witnesses, to assist in gathering evidence and documents that supported the class claims, and to discuss settlement options;

b. I also spent significant time helping my attorneys prepare for mediation and answering questions about how Defendant's policies and practices. Because I was a

long-time employee of Defendant, I have learned a lot about the company and its policies and practices, and how they impacted me and my coworkers.

c. I attended the mediation, approved the tentative settlement, and reviewed and approved the final settlement agreement. I regularly spoke with my attorney to make sure I was fully informed of the facts and settlement negotiations.

11.   Overall, I devoted many hours of my time to this case. This was not an easy thing to do as I have my own job and responsibilities. When I am at home, it is important for me to use the time I have and spend it with my family.

12.   By agreeing to bring this class action, I accepted the responsibilities of representing the interests of all class members and willingly chose to assume risks and potential costs associated with the case. I did, and still do, have a fear that future employers may not hire me should they find out that I served as a class representative in a wage and hour lawsuit. However, this is another risk I am willing to take in order to further the interests of the class.

13.   I am aware that Defendant denies the allegations in this lawsuit and that there has been no determination that Defendant is actually liable for any of these alleged violations. I also understand that there are many risks and uncertainties involved in continuing to pursue this case. I have been advised of the terms of the proposed settlement of this case, and in light of the risks and uncertainties in proceeding with the case, I believe the proposed settlement is fair and reasonable and in the best interests of the Class.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 30, 2018, at VISTA , California.

Jose m Tinoco

Jose Tinoco

**<u>EXHIBIT B</u>**

Nazo Koulloukian, SBN 263809
nazo@koullaw.com
**KOUL LAW FIRM**
A Professional Law Corporation
3435 Wilshire Blvd., Suite 1710
Los Angeles, CA 90010
Telephone: (213) 761-5484

Sahag Majarian, II, Esq. SBN 146621
Sahagii@aol.com
**LAW OFFICES OF SAHAG MAJARIAN II**
18250 Ventura Blvd.
Tarzana, CA 91356
Telephone:  (818) 609-0807
Facsimile:  (818) 609-0892


Attorney for Plaintiff,
JOSE TINOCO and all putative class members

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JOSE TINOCO, an individual, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> HAJOCA CORPORATION, a professional corporation, and DOES 1-50, inclusive, <br><br> Defendants. <br> _____ | Case No.:  2:17-CV-06187 FMO (ASx) <br><br> (Judge:  Hon. Fernando M. Olguin) <br><br> **DECLARATION OF SAHAG MAJARIAN IN SUPPORT OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

I, SAHAG MAJARIAN II, hereby declare:

1. I am an attorney duly licensed to practice in the State of California and am the principal of the Law Offices of Sahag Majarian II, one of the attorneys of record for Plaintiff Jose Tinoco in this action against Hajoca Corporation. I have personal knowledge of the following, and if called and sworn as a witness, I could and would competently testify thereto. This declaration is made in support of preliminary approval of the settlement of class action in this case.

2. I graduated from Loyola Law School in 1990. Since my graduation, I have been in private practice primarily representing consumers against insurance companies and workers against their employers. I have devoted a significant portion of my practice to employment law and class actions, and have been appointed co-class counsel for the plaintiffs in no less than 50 wage and hour class actions. A sample of these cases are: *Ayvazi v. Ralph Grocery Company*, LASC Case No. BC 382980; *Sandoval vs. Chevron Stations, Inc.*, MCSC Case No. CV 061690; *Nieves v. Roy's Worldwide, Inc.*, OCSC Case No. 06CC0076; *Corado v. Good Year Rubber Corp.*, SBSC Case No. RCV095476; *Pleitez v. Johnson Controls*, LASC Case No. BC353315; *Serrano v. BCI Coca Cola Bottling Co. of L.A.*, LASC Case No. BC349904; *Urbina v. Valley Crest Co.*, LASC Case No. BC356023; *Moraza v. OK International*, OCSC Case No. 06CC0148; *DeLuna v. Target*, LASC Case No. BC353080; *Daglian v. Staples, Inc.*, LASC Case No. BC375325; *McCoy v. Kimko*, OCSC Case No. 07CC00007; *Ayvazi v. Ralphs Grocery Company*, LASC Case No. BC382980; *Razo v. C & D Zodiac, Inc.*, OCSC Case No 07-CC01373; Sandoval v. Chevron

Stations, Inc. MCSC Case No. CV061690; and *Gomez v. Spenuzza, Inc.* et al, RCSC Case No RIC524075.

3.   In the employment class action arena, I have participated in over 150 class action mediations.  My participation has included extensive preparation, development of thorough knowledge of the legal issues related to certification and liability, and full immersion and participation in the mediation and negotiation process.  I have also been designated co-class counsel in various cases where we prevailed in contested class certification motions.  These cases include *Herrera v. Mountain Meadow Mushroom Farms, Inc.*, SDCSC Case No. 37-2009-00092416-CU-MT-CTI; *Aguirre v. California Drop Forge, Inc.*, LASC Case No. BC374521; and *Marroquin v. Swissport North America, Inc.*, LASC Case No. BC390001; *Gutierrez v. Save Mart Supermarkets*, SMSC Case No. 530955.

4.   My participation in this case has included extensive preparation, development of a thorough knowledge of the legal issues related to certification and liability, and full immersion and preparation of exposure analysis for the violations asserted against Hajoca Corporation.  The settlement in this case was reached after extensive negotiations during a full day mediation with an experienced and well respected mediator Jeff Krivis.  Based upon the totality of circumstances, I believe that the result achieved in this case is an extremely good outcome for all class members.

5.   Based on my experience as Class Counsel, and given the legal and factual realities presented in this case, I believe the proposed settlement is fair, reasonable and adequate for the class.  As a result of

my prior experience as class counsel in other class actions, I am fully aware of the responsibilities I would owe as Class Counsel to the Class in this action.

6. Finally, I am not aware of any conflict of interest between myself, on the one hand, and Plaintiffs or any other Class Member, on the other hand, which would interfere with my duties as Class Counsel or impede my representation of the proposed Class.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 27, 2018 at Tarzana, California.

_____ /s/ Sahag Majarian
SAHAG MAJARIAN II

# **EXHIBIT C**

# LAFFEY MATRIX

History

Case Law

Expert Opinions

**See the Matrix**

Contact us

Home

Links

| Year | Adjustmt Factor** | Paralegal/ Law Clerk | Years Out of Law School * | | | | |
|---|---|---|---|---|---|---|---|
| | | | 1-3 | 4-7 | 8-10 | 11-19 | 20 + |
| 6/01/18- 5/31/19 | 1.0350 | $202 | $371 | $455 | $658 | $742 | $894 |
| 6/01/17- 5/31/18 | 1.0463 | $196 | $359 | $440 | $636 | $717 | $864 |
| 6/01/16- 5/31/17 | 1.0369 | $187 | $343 | $421 | $608 | $685 | $826 |
| 6/01/15- 5/31/16 | 1.0089 | $180 | $331 | $406 | $586 | $661 | $796 |
| 6/01/14- 5/31/15 | 1.0235 | $179 | $328 | $402 | $581 | $655 | $789 |
| 6/01/13- 5/31/14 | 1.0244 | $175 | $320 | $393 | $567 | $640 | $771 |
| 6/01/12- 5/31/13 | 1.0258 | $170 | $312 | $383 | $554 | $625 | $753 |
| 6/01/11- 5/31/12 | 1.0352 | $166 | $305 | $374 | $540 | $609 | $734 |
| 6/01/10- 5/31/11 | 1.0337 | $161 | $294 | $361 | $522 | $589 | $709 |
| 6/01/09- 5/31/10 | 1.0220 | $155 | $285 | $349 | $505 | $569 | $686 |
| 6/01/08- 5/31/09 | 1.0399 | $152 | $279 | $342 | $494 | $557 | $671 |
| 6/01/07- 5/31/08 | 1.0516 | $146 | $268 | $329 | $475 | $536 | $645 |
| 6/01/06- 5/31/07 | 1.0256 | $139 | $255 | $313 | $452 | $509 | $614 |
| 6/1/05-5/31/06 | 1.0427 | $136 | $249 | $305 | $441 | $497 | $598 |
| 6/1/04-5/31/05 | 1.0455 | $130 | $239 | $293 | $423 | $476 | $574 |
| 6/1/03-6/1/04 | 1.0507 | $124 | $228 | $280 | $405 | $456 | $549 |
| 6/1/02-5/31/03 | 1.0727 | $118 | $217 | $267 | $385 | $434 | $522 |
| 6/1/01-5/31/02 | 1.0407 | $110 | $203 | $249 | $359 | $404 | $487 |
| 6/1/00-5/31/01 | 1.0529 | $106 | $195 | $239 | $345 | $388 | $468 |
| 6/1/99-5/31/00 | 1.0491 | $101 | $185 | $227 | $328 | $369 | $444 |
| 6/1/98-5/31/99 | 1.0439 | $96 | $176 | $216 | $312 | $352 | $424 |
| 6/1/97-5/31/98 | 1.0419 | $92 | $169 | $207 | $299 | $337 | $406 |
| 6/1/96-5/31/97 | 1.0396 | $88 | $162 | $198 | $287 | $323 | $389 |
| 6/1/95-5/31/96 | 1.032 | $85 | $155 | $191 | $276 | $311 | $375 |

| | 6/1/94-5/31/95 | 1.0237 | $82 | $151 | $185 | $267 | $301 | $363 |

The methodology of calculation and benchmarking for this Updated Laffey Matrix has been approved in a number of cases. See, e.g., McDowell v. District of Columbia, Civ. A. No. 00-594 (RCL), LEXSEE 2001 U.S. Dist. LEXIS 8114 (D.D.C. June 4, 2001); Salazar v. Dist. of Col., 123 F.Supp.2d 8 (D.D.C. 2000).

* "Years Out of Law School" is calculated from June 1 of each year, when most law students graduate. "1-3" includes an attorney in his 1st, 2nd and 3rd years of practice, measured from date of graduation (June 1). "4-7" applies to attorneys in their 4th, 5th, 6th and 7th years of practice. An attorney who graduated in May 1996 would be in tier "1-3" from June 1, 1996 until May 31, 1999, would move into tier "4-7" on June 1, 1999, and tier "8-10" on June 1, 2003.

** The Adjustment Factor refers to the nation-wide Legal Services Component of the Consumer Price Index produced by the Bureau of Labor Statistics of the United States Department of Labor.

# **<u>EXHIBIT D</u>**

**KOUL LAW FIRM**

*Time Sheet for Nazo Koulloukian for Jose Tinoco v. Hajoca Corporation*

**ACTIVITY CODES**

| | | | | | |
|---|---|---|---|---|---|
| 01 - Analysis and evaluation of | 06 - Court appearance re | 11 - Miscellaneous | 16 - Prepare letter to | 21 - Review letter from | 26 - Telephone call to |
| 02 - Attend | 07 - Deposition of | 12 - Preparation for | 17 - Prepare opinion letter to | 22 - Revise | 27 - Telephone conference with |
| 03 - Attend deposition of | 08 - Document inspection | 13 - Preparation of | 18 - Prepare status report | 23 - Settlement negotiations with | 28 - Travel to |
| 04 - Arrange services of | 09 - Factual investigation re | 14 - Preparation for trial, incl: | 19 - Review | 24 - Take depositions of | 29 - Trial of |
| 05 - Conferences with | 10 - Legal research re | 15 - Prepare and file | 20 - Review file | 25 - Telephone call from | 30-    Propounded Discovery |
| | | | | | 31-    Responded to Discovery |

| Client and Matter | Date | Hours | Costs | Activity Code # | Activity Description |
|---|---|---|---|---|---|
| Tinoco v. Hajoca Corporation | 5/26/2017 | 1.6 | | 27 | Meeting with co-counsel Sahag Majarian and then teleconference with client to discuss class claims |
| Tinoco v. Hajoca Corporation | 5/30/2017 | 2.7 | | 20, 19 | Review documents produced by client and the company in order to prepare claims and in preparation for PAGA letter. |
| Tinoco v. Hajoca Corporation | 5/31/2017 | 0.3 | | 16, 21 | Emails to and from co-counsel Sahag Majarian |
| Tinoco v. Hajoca Corporation | 6/1/2017 | 1.2 | | 16, 21 | Emails to and from co-counsel Sahag Majarian; Further Strategy regarding PAGA Letter |
| Tinoco v. Hajoca Corporation | 6/15/2017 | 3.4 | | 13 | Research and Preparation of initial draft for PAGA Notice Letter |
| Tinoco v. Hajoca Corporation | 6/17/2017 | 1.3 | | 22 | Revise and finalize PAGA Notice Letter |

1

| | | | | | |
|---|---|---|---|---|---|
| Tinoco v. Hajoca Corporation | 6/20/2017 | 0.3 | | 13 | Preparation of LWDA Filing Fee Letter |
| Tinoco v. Hajoca Corporation | 6/21/2017 | 3.2 | | 9. 19, 20 | Review and analysis of Plaintiff's time records and further research of additional issues consisting of time rounding and failure to pay all hours worked; Further Strategy on Issues |
| Tinoco v. Hajoca Corporation | 6/22/2017 | 1.7 | | 13, 16, 19 | Email with expert and review and analysis of expert damage model of Plaintiff's records |
| Tinoco v. Hajoca Corporation | 6/23/2017 | 1.6 | | 22 | Revise and prepare supplemental PAGA Letter to add new issues |
| Tinoco v. Hajoca Corporation | 6/23/2017 | 0.3 | | 16, 21 | Emails to and from co-counsel Sahag Majarian |
| Tinoco v. Hajoca Corporation | 6/29/2017 | 1.5 | | 1, 27 | Teleconference with Plaintiff and further analysis of new issues to include in supplemental PAGA Letter |
| Tinoco v. Hajoca Corporation | 7/6/2017 | 1.4 | | 13 | Finalize Supplemental PAGA letter to file with LWDA |
| Tinoco v. Hajoca Corporation | 7/9/2017 | 3.8 | | 9, 10, 13 | Research on Westlaw and begin preparation of class action complaint and further strategy regarding the same. |
| Tinoco v. Hajoca Corporation | 7/13/2017 | 5.4 | | 10, 13 | Further Research on Westlaw and finalize class action complaint for filing |
| Tinoco v. Hajoca Corporation | 7/19/2017 | 0.8 | | 12, 21 | Send out Class Complaint for filing and review conformed copy |

2

| | | | | | |
|---|---|---|---|---|---|
| Tinoco v. Hajoca Corporation | 7/31/2017 | 0.6 | | 16, 21 | Email to and from Sahag Majarian to discuss Complaint |
| Tinoco v. Hajoca Corporation | 8/4/2017 | 0.3 | | 19 | Receipt, review and analysis of Proof of Service of Defendant |
| Tinoco v. Hajoca Corporation | 8/11/2017 | 0.8 | | 19 | Receipt, review and analysis of Initial Status Conference Order and Court Order Staying Case and Designating Matter as Complex |
| Tinoco v. Hajoca Corporation | 8/17/2017 | 0.2 | | 13 | Preparation of filing of POS |
| Tinoco v. Hajoca Corporation | 8/21/2017 | 3 | | 13, 19 | Receipt, review and analysis of Notice of Removal, Defendants' Answer, Civil Case Cover Sheet, Corporate Disclosure Statement, Declaration in Support of Notice of Removal, Certificate of Interested Parties, Notice of Case Assignment, Notice of Assignment to Judge Olguin, and Notice of Court-Directed ADR Program |
| Tinoco v. Hajoca Corporation | 8/23/2017 | 0.7 | | 13, 19 | Receipt, Review and Analysis of Court Order Setting Rule 26 Scheduling Conference and POS. |
| Tinoco v. Hajoca Corporation | 9/7/2017 | 0.6 | | 16, 21 | Email to Sahag Majarian to discuss strategy off case |
| Tinoco v. Hajoca Corporation | 9/12/2017 | 0.7 | | 16, 21 | Email to and from opposing counsel |
| Tinoco v. Hajoca Corporation | 9/15/2017 | 3.1 | | 13, 16, 21 | Preparation of Initial Draft of the Joint Rule 26(f) Report and email opposing counsel regarding the same; Strategy regarding the same. |

3

| | | | | | |
|---|---|---|---|---|---|
| Tinoco v. Hajoca Corporation | 9/18/2017 | 0.3 | | 16, 21 | Email to and from Sahag Majarian |
| Tinoco v. Hajoca Corporation | 9/20/2017 | 0.4 | | 16, 21 | Email to and from opposing counsel |
| Tinoco v. Hajoca Corporation | 9/21/2017 | 1.9 | | 16, 21, 22 | Email to and from opposing counsel and revise Joint Rule 26(f) Report and email opposing counsel regarding the same for filing |
| Tinoco v. Hajoca Corporation | 9/21/2017 | 0.4 | | 16, 21 | Email to Sahag Majarian |
| Tinoco v. Hajoca Corporation | 9/26/2017 | 0.7 | | 19 | Receipt, review and analysis of OSC For Remand, Scheduling Order for Remand, and Minutes of In/Chamber Notice/Directive |
| Tinoco v. Hajoca Corporation | 10/2/2017 | 0.9 | | 19 | Receipt, review and analysis of Supplemental Brief from Defendants to Support Removal |
| Tinoco v. Hajoca Corporation | 10/4/2017 | 0.8 | | 16, 21 | Emails to and from Sahag Majarian and teleconference regarding Opposition to Supplemental Brief to not Remand Matter Back to State Court |
| Tinoco v. Hajoca Corporation | 10/5/2017 | 0.7 | | 16, 21 | Emails to and from Sahag Majarian and further teleconference regarding Opposition to Supplemental Brief to not Remand Matter Back to State Court |
| Tinoco v. Hajoca Corporation | 10/11/2017 | 0.6 | | 16, 21 | Emails to and from opposing counsel and Sahag Majarian |
| Tinoco v. Hajoca Corporation | 10/12/2017 | 3.5 | | 16, 19, 21 | Email to and from opposing counsel; Begin preparation of Plaintiff's First Amended Complaint to add PAGA Cause of action and strategy regarding the same. |

4

| | | | | | |
|---|---|---|---|---|---|
| Tinoco v. Hajoca Corporation | 10/16/2017 | 0.6 | | 13, 19 | Receipt, review and analysis of Order for Motion for Class Certification, Order for MSJ, Scheduling and CMC Order. |
| Tinoco v. Hajoca Corporation | 10/16/2017 | 0.9 | | 19 | Preparation to file Stipulation to file Frist Amended Complaint |
| Tinoco v. Hajoca Corporation | 10/16/2017 | 1.1 | | 16, 21, 22 | Email to and from opposing counsel regarding Draft of First Amended Complaint and Stipulation |
| Tinoco v. Hajoca Corporation | 10/20/2017 | 0.2 | | 16, 21 | Email to opposing counsel |
| Tinoco v. Hajoca Corporation | 10/24/2017 | 0.9 | | 16, 19, 21 | Email to and from opposing counsel and finalize First Amended Complaint to add PAGA |
| Tinoco v. Hajoca Corporation | 10/27/2017 | 2.3 | | 16, 21, 22, 27 | Email to and from opposing counsel and teleconference with opposing counsel regarding the same, and further revisions of Stipulation to file FAC and further strategy |
| Tinoco v. Hajoca Corporation | 10/28/2017 | 0.6 | | 16, 21 | Email to and from Sahag Majarian |
| Tinoco v. Hajoca Corporation | 10/29/2017 | 0.3 | | 16 | Email to Opposing Counsel |
| Tinoco v. Hajoca Corporation | 10/30/2017 | 0.4 | | 19 | Preparation and filing of Stipulation to file FAC and Proposed Order |
| Tinoco v. Hajoca Corporation | 10/31/2017 | 1.3 | | 16, 19, 21 | Email to and from Court Clerk and Review and Analysis of Order and Conformed FAC; Email to and from Opposing counsel; Teleconference with Sahag Majarian |
| Tinoco v. Hajoca Corporation | 11/1/2017 | 0.3 | | 27 | Email to opposing counsel |

| | | | | | |
|---|---|---|---|---|---|
| Tinoco v. Hajoca Corporation | 11/5/2017 | 0.4 | | 16, 21 | Email to and from Opposing Counsel |
| Tinoco v. Hajoca Corporation | 11/6/2017 | 0.6 | | 13, 16, 21 | Email to and from Opposing Counsel |
| Tinoco v. Hajoca Corporation | 11/7/2017 | 1.1 | | 16, 21, 27 | Email from Opposing Counsel and Teleconference with Opposing Counsel Regarding the Same. |
| Tinoco v. Hajoca Corporation | 11/14/2017 | 0.3 | | 16 | Email to opposing counsel |
| Tinoco v. Hajoca Corporation | 11/15/2017 | 2.2 | | 16, 19, 21 | Email to and from opposing counsel and Sahag Majarian; Receipt, Review and Analysis of Defendants' Answer to FAC and further strategy |
| Tinoco v. Hajoca Corporation | 11/21/2017 | 0.7 | | 13, 19, 21 | Receipt, review, and analysis of Defendant's Status of Removed Case, and email to opposing counsel |
| Tinoco v. Hajoca Corporation | 11/26/2017 | 0.2 | | 21 | Email from Opposing Counsel. |
| Tinoco v. Hajoca Corporation | 11/30/2017 | 0.6 | | 16, 21 | Email to and from Opposing Counsel regarding mediation |
| Tinoco v. Hajoca Corporation | 12/1/2017 | 0.9 | | 16, 21 | Email to and from Opposing Counsel and Sahag Majarian regarding mediation |
| Tinoco v. Hajoca Corporation | 12/2/2017 | 0.4 | | 16, 21 | Email to and from Opposing Counsel and Sahag Majarian regarding mediation |
| Tinoco v. Hajoca Corporation | 12/3/2017 | 0.2 | | 21 | Email from Opposing Counsel. |

| | | | | | |
|---|---|---|---|---|---|
| Tinoco v. Hajoca Corporation | 12/14/2017 | 3.8 | | 16, 19, 21 | Preparation of Pre-Mediation Wish List for informal Discovery and Exchange of Documents and Data, Email to and from Opposing Counsel and Sahag Majarian Regarding the Same and further strategy |
| Tinoco v. Hajoca Corporation | 12/18/2017 | 0.6 | | 16, 21 | Email to and from Opposing Counsel and Sahag Majarian |
| Tinoco v. Hajoca Corporation | 12/20/2017 | 0.4 | | 16, 21 | Email to and from Opposing Counsel and Sahag Majarian |
| Tinoco v. Hajoca Corporation | 12/21/2017 | 0.5 | | 16, 21 | Email to and from Opposing Counsel and Sahag Majarian |
| Tinoco v. Hajoca Corporation | 12/22/2017 | 0.6 | | 27 | Teleconference with Opposing Counsel and Sahag Majarian regarding Mediation |
| Tinoco v. Hajoca Corporation | 1/22/2018 | 0.3 | | 16 | Email to Opposing Counsel |
| Tinoco v. Hajoca Corporation | 1/23/2018 | 0.7 | | 16, 19, 21 | Submission of FAC PAGA Complaint with LWDA; Email to and from opposing counsel regarding Mediation. |
| Tinoco v. Hajoca Corporation | 1/29/2018 | 0.4 | | 16, 21 | Email to and from Opposing Counsel. |
| Tinoco v. Hajoca Corporation | 2/5/2018 | 2.3 | | 16, 21 | Email to and from Opposing Counsel and Sahag Majarian regarding mediation and wish list and further strategy. |
| Tinoco v. Hajoca Corporation | 2/7/2018 | 0.9 | | 16, 21 | Email to and from Mediator's Office and Opposing Counsel |

| | | | | | |
|---|---|---|---|---|---|
| Tinoco v. Hajoca Corporation | 2/9/2017 | 0.3 | | 21 | Email to Opposing Counsel |
| Tinoco v. Hajoca Corporation | 2/14/2018 | 1.5 | | 16, 21 | Email to and from Opposing Counsel and Sahag Majarian; Preparation of Stipulation to Continue All Deadlines |
| Tinoco v. Hajoca Corporation | 2/14/2018 | 0.2 | | 19 | Review of Filing of Stipulation to Continue All Deadlines |
| Tinoco v. Hajoca Corporation | 2/15/2018 | 0.9 | | 16, 21 | Email to and from Sahag Majarian and his office; Review of Order from Court to Continue all Deadlines. |
| Tinoco v. Hajoca Corporation | 2/20/2018 | 0.7 | | 16, 21 | Email to and from Opposing Counsel regarding mediation |
| Tinoco v. Hajoca Corporation | 2/22/2018 | 0.9 | | 16, 21, 27 | Email to and from Sahag Majarian's office and mediator's office; Teleconference with Sahag Majarian's office regarding the same |
| Tinoco v. Hajoca Corporation | 2/28/2018 | 0.4 | | 16, 21 | Email to and from Sahag Majarian's office |
| Tinoco v. Hajoca Corporation | 3/14/2018 | 1.3 | | 16, 19, 21 | Email from mediator's office and review of correspondence from mediator's office and further strategizing |
| Tinoco v. Hajoca Corporation | 3/21/2018 | 0.6 | | 16 | Email to and from Opposing Counsel |
| Tinoco v. Hajoca Corporation | 4/12/2018 | 0.2 | | 19 | Review and analysis of Request to Substitute of Withdraw Attorney |
| | | | | | |

8

| | | | | | |
|---|---|---|---|---|---|
| Tinoco v. Hajoca Corporation | 4/13/2018 | 0.7 | | 19 | Review and analysis of Striking Electronically Filed Documents; Email to and from Opposing counsel |

| | | | | | |
|---|---|---|---|---|---|
| Tinoco v. Hajoca Corporation | 4/19/2018 | 0.2 | | 19 | Review and analysis of Request to Substitute of Withdraw Attorney |
| Tinoco v. Hajoca Corporation | 4/20/2018 | 0.5 | | 16, 19, 21 | Review and analysis of Order for Request to Substitute of Withdraw Attorney; Email to and from Opposing Counsel |
| Tinoco v. Hajoca Corporation | 4/27/2018 | 1.1 | | 19 | Review and analysis of Order for Stipulation to Continue all Deadlines; Email to and from opposing counsel |
| Tinoco v. Hajoca Corporation | 5/2/2018 | 0.3 | | 19 | Review and analysis of Order Granting Stipulation |
| Tinoco v. Hajoca Corporation | 5/4/2018 | 3 | | 16, 19, 21 | Receipt, Review, and analysis of Defendants' First Production of Documents consisting of time and payroll records, and email to and from opposing counsel, and further strategy |
| Tinoco v. Hajoca Corporation | 5/5/2018 | 1.9 | | 16, 21 | Email to and from Opposing Counsel; Email to Expert and Further Teleconference and further strategy |
| Tinoco v. Hajoca Corporation | 5/7/2018 | 1.1 | | 16, 21 | Email to and from expert and teleconference regarding the same |
| Tinoco v. Hajoca Corporation | 5/8/2018 | 1.9 | | 19, 21, 27 | Receipt, Review, and analysis of Defendants' Second Production of Documents consisting of time and payroll records, and email from opposing counsel; Teleconference and Email with Expert |

9

| | | | | | |
|---|---|---|---|---|---|
| Tinoco v. Hajoca Corporation | 5/12/2018 | 0.4 | | 16, 21 | Email to and from Opposing Counsel |
| Tinoco v. Hajoca Corporation | 5/17/2018 | 4.5 | | 19, 21, 27 | Receipt, Review, and analysis of Defendants' Third Production of Documents (Part 1, 2, and 3) consisting of time and payroll records, handbooks, various other employment records and email to and from opposing counsel; Teleconference and email with expert and further strategy. |
| Tinoco v. Hajoca Corporation | 5/18/2018 | 0.7 | | 27 | Teleconference with expert regarding new analysis and damage model |
| Tinoco v. Hajoca Corporation | 5/22/2018 | 1.3 | | 16, 21, 27 | Email to and from Opposing Counsel; Teleconference and email to expert |
| Tinoco v. Hajoca Corporation | 5/23/2018 | 1.3 | | 16, 21, 27 | Email to and from Opposing Counsel; Teleconference and email to expert regarding the same |
| Tinoco v. Hajoca Corporation | 5/23/2018 | 3.3 | | 16, 19, 27 | Receipt, Review, and analysis of Defendants' Fourth Production of Documents consisting of time and payroll records, and email from opposing counsel; Further Teleconference with expert and further strategy |
| Tinoco v. Hajoca Corporation | 5/25/2018 | 2.4 | | 19, 27 | Receipt, Review, and analysis of Damage Analysis in Preparation of Mediation Brief; Teleconference with expert regarding damage model and further strategy |

10

| | | | | | |
|---|---|---|---|---|---|
| Tinoco v. Hajoca Corporation | 5/29/2018 | 7.6 | | 9, 13, 19, 27 | Review expert analysis, confer with Sahag Majarian regarding damages items missing from analysis, review client file, conduct legal research on Westlaw, confer with Sahag Majarian re strategy. Teleconference with expert and Draft mediation brief. |
| Tinoco v. Hajoca Corporation | 5/30/2018 | 2.7 | | 13, 16, 21 | Email to and from Mediator's Office and Finalize Mediation Brief with Exhibits |
| Tinoco v. Hajoca Corporation | 5/30/2018 | 0.6 | | 16, 21 | Email to and from Opposing Counsel |
| Tinoco v. Hajoca Corporation | 5/31/2018 | 1.4 | | 16, 21, 27 | Email to and from Opposing Counsel and Teleconference with Sahag Majarian to discuss strategy |
| Tinoco v. Hajoca Corporation | 6/1/2018 | 2.9 | | 16, 21, 27 | Email to and from Opposing Counsel and Teleconference with Opposing Counsel and Sahag Majarian, and thereafter expert to discuss mediation |
| Tinoco v. Hajoca Corporation | 6/2/2018 | 1.3 | | 16, 21 | Emails to and from Sahag Majarian and expert |
| Tinoco v. Hajoca Corporation | 6/4/2018 | 1.8 | | 27 | Teleconference with Sahag Majarian and expert prior to Mediation and further strategy |
| Tinoco v. Hajoca Corporation | 6/5/2018 | 9.4 | | 2, 28 | Review documents in preparation for mediation; Travel to and from Defense counsel's office to attend mediation with Jeff Krivis. |

11

| Tinoco v. Hajoca Corporation | 6/6/2018 | 1.8 | | 16, 19, 21 | Receipt, review, and analysis of Memorandum of Understanding and email to and from opposing counsel regarding the same and further strategy regarding the same |
| Tinoco v. Hajoca Corporation | 6/11/2018 | 0.4 | | 16, 21 | Multiple emails to and from Expert |
| Tinoco v. Hajoca Corporation | 6/18/2018 | 0.5 | | 16, 21 | Multiple emails to and from opposing counsel |
| Tinoco v. Hajoca Corporation | 6/19/2018 | 1.3 | | 16, 21 | Multiple emails to and from Potential Class Action Administrators and opposing counsel |
| Tinoco v. Hajoca Corporation | 6/25/2018 | 2.1 | | 21 | Receipt, review, and analysis of Settlement Agreement and Class Notice in preparation of revisions and email to and from opposing counsel regarding the same. |
| Tinoco v. Hajoca Corporation | 6/27/2018 | 0.8 | | 16, 21 | Email to and from opposing counsel and further revise settlement agreement. |
| Tinoco v. Hajoca Corporation | 7/2/2018 | 0.6 | | 16, 21, 22 | Email to and from opposing counsel and further revisions of settlement agreement |
| Tinoco v. Hajoca Corporation | 7/5/2018 | 0.4 | | 16, 21, 22 | Email to and from opposing counsel and further revisions of settlement agreement |
| Tinoco v. Hajoca Corporation | 7/9/2018 | 1.1 | | 16, 21 | Emails to and from Sahag Majarian, opposing counsel, and Class Action Administrator |
| Tinoco v. Hajoca Corporation | 7/10/2018 | 0.9 | | 16, 19, 21 | Email to and from Sahag Majarian, review of declaration of Sahag Majarian in preparation of Motion for Preliminary Approval. . |
| Tinoco v. Hajoca Corporation | 7/16/2018 | 3.2 | | 22 | Revise Stipulation of Settlement of Class Claims. |

| | | | | | |
|---|---|---|---|---|---|
| Tinoco v. Hajoca Corporation | 7/20/2018 | 2.1 | | 16, 21 | Email to and from Sahag Majarian and opposing counsel regarding Settlement Release Execution and further strategy regarding the same |
| Tinoco v. Hajoca Corporation | 7/23/2018 | 0.6 | | 16, 21 | Email to and from opposing counsel |
| Tinoco v. Hajoca Corporation | 7/24/2018 | 0.8 | | 16, 21 | Email to and from opposing counsel and Sahag Majarian |
| Tinoco v. Hajoca Corporation | 7/25/2018 | 5.4 | | 10, 13, | Conduct legal research (Westlaw), review client file and settlement agreement, begin drafting Motion for Preliminary Approval of Class Action Settlement |
| Tinoco v. Hajoca Corporation | 7/26/2018 | 5.3 | | 13 | Further drafting of Motion for Preliminary Approval; Prepare Plaintiff Declaration ISO |
| Tinoco v. Hajoca Corporation | 7/27/2018 | 6.6 | | 13 | Complete initial draft of Motion for Preliminary Approval; Prepare Koulloukian Decl ISO Motion; Prepare Proposed Order |
| Tinoco v. Hajoca Corporation | 7/27/2018 | 1.4 | | 16, 21 | Email to and from Opposing counsel regarding Motion for Preliminary Approval and further strategy regarding the same |
| Tinoco v. Hajoca Corporation | 7/30/2018 | 0.7 | | 16, 21 | Email to and from opposing counsel and Sahag Majarian |
| Tinoco v. Hajoca Corporation | 8/2/2018 | 0.6 | | 16, 21 | Email to and from opposing counsel |

13

| | | | | | |
|---|---|---|---|---|---|
| Tinoco v. Hajoca Corporation | 8/6/2018 | 2.2 | | 16, 19, 21 | Review Defense comments regarding motion for preliminary approval, confer regarding revisions, future action; Email to and from Opposing Counsel |
| Tinoco v. Hajoca Corporation | 8/7/2018 | 5.8 | | 13, 16, 21, 22 | Conduct legal research, revise and complete motion for preliminary approval, conduct extensive edits to make page limit; conduct cite check and finalize authorities; revise Declaration of Counsel in support thereof; finalize for filing; confer re LWDA settlement filing requirements; Email to and from Opposing Counsel |
| Tinoco v. Hajoca Corporation | 8/8/2018 | 4.6 | | 13, 16, 21 | Email to and from Sahag Majarian and his office, Court Clerk; Finalize all aspects of Motion for Preliminary Approval and all Supporting Documents for Filing |
| Tinoco v. Hajoca Corporation | 9/5/2018 | 1.9 | | 13, 19 | Review and analysis of Motion for Preliminary Approval and all Supporting Documents in Preparation for Hearing. |
| Tinoco v. Hajoca Corporation | 9/6/2018 | 4.2 | | 2, 16, 21, 28 | Travel to and from Central District Court in order to Attend Motion for Preliminary Approval Hearing; Email to and from opposing counsel; Review Order from Court |

| | | | | | |
|---|---|---|---|---|---|
| Tinoco v. Hajoca Corporation | 9/7/2018 | 3.6 | | 13, 16, 19, 21, 27 | Review court's requirements for renewed motion for preliminary approval; conduct legal research; evaluate future action; Teleconference with opposing counsel; Email to and from Court Reporter and further strategy |
| Tinoco v. Hajoca Corporation | 9/11/2018 | 0.4 | | 16, 21 | Email to and from opposing counsel |
| Tinoco v. Hajoca Corporation | 9/12/2018 | 0.9 | | 16, 19, 21 | Email to and from opposing counsel and review of Court transcript of the hearing |
| Tinoco v. Hajoca Corporation | 9/13/2018 | 1.2 | | 13, 16, 27 | Teleconference with expert and begin preparation of analysis for mediation brief, review of initial analysis from experi |
| Tinoco v. Hajoca Corporation | 9/18/2018 | 3.8 | | 13, 19, 27 | Review Defendant's proposed terms; revise Motion for Preliminary Approval; Multiple emails to and from Opposing Counsel; Teleconference with Opposing Counsel |
| Tinoco v. Hajoca Corporation | 9/19/2018 | 3.9 | | 13 | Draft and Prepare Second Amended Complaint; Email to and from Opposing Counsel |
| Tinoco v. Hajoca Corporation | 9/20/2018 | 3.3 | | 13, 16, 21 | Teleconference with Expert regarding declaration and multiple emails to and from Expert counsel regarding the same; Email to and from Opposing Counsel |
| | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| Tinoco v. Hajoca Corporation | 9/21/2018 | 1.7 | | 13, 16, 21 | Email to and from Sahag Majarian's office, and teleconference with expert and further strategy |
| Tinoco v. Hajoca Corporation | 9/25/2018 | 1.9 | | 16, 19 | Email to and from Opposing Counsel |
| Tinoco v. Hajoca Corporation | 9/26/2018 | 2.7 | | 13, 16, 21 | Email to and from Opposing Counsel; Preparation of Stipulation to Exceed Page Limit for Amended Motion for Preliminary Approval and Proposed Order |
| Tinoco v. Hajoca Corporation | 9/27/2018 | 4.4 | | 16, 19, 21 | Email to and from Opposing Counsel and revise Class Notice; Review Expert Declaration from Defense; Assemble and finalize Motion for Preliminary Approval, corresponding declarations, and proposed order and further strategy |
| Tinoco v. Hajoca Corporation | 9/28/2018 | 2.5 | | 16, 21 | Preparation of Notice of Errata and Amended Declaration of Nazo Koulloukian in Support of Motion for Preliminary Approval; Review and analysis of Court Order Approving Stipulation for page limit |
| Tinoco   v. Hajoca Corporation | 10/19/2018 | 0.4 | | 16, 21 | Email to and from opposing counsel |
| Tinoco   v. Hajoca Corporation | 10/19/2018 | 1.4 | | 16, 21, 27 | Teleconference with Sahag Majarian and, Email to Sahag Majarian confirming the same |
| Tinoco   v. Hajoca Corporation | 10/19/2018 | 0.4 | | 16 | Email to Class Action Administrator |

16

| | | | | | |
|---|---|---|---|---|---|
| Tinoco   v. Hajoca Corporation | 10/22/2018 | 0.7 | | 16, 21 | Email to and from Class Action Administrator |
| Tinoco   v. Hajoca Corporation | 10/23/2018 | 0.3 | | 21 | Email from Class Action Administrator |
| Tinoco   v. Hajoca Corporation | 10/25/2018 | 0.9 | | 16, 21 | E mail to and from opposing counsel and class action administrator |
| Tinoco   v. Hajoca Corporation | 10/31/2018 | 0.4 | | 21 | Email to and from Class Action Administrator |
| Tinoco   v. Hajoca Corporation | 11/1/2018 | 0.3 | | 16, 21 | Email to and from Class Action Administrator |
| Tinoco v. Hajoca Corporation | 10/24/2018 | 3.5 | | 13, 19 | Review and analysis of Amended Motion for Preliminary Approval and all Supporting Declarations in Preparation of hearing and further strategy |
| Tinoco v. Hajoca Corporation | 10/25/2018 | 3.8 | | 2, 13, 28 | Travel to and from Central District of California to attended Motion for Preliminary Approval Hearing with Judge Olguin |

| | | | | | |
|---|---|---|---|---|---|
| Tinoco v. Hajoca Corporation | 10/26/2018 | 2.5 | | 13 | Prepare and file Second Amended Complaint |
| Tinoco v. Hajoca Corporation | 10/29/2018 | 0.3 | | 19 | Review and analysis of Court Order regarding Amended Motion for Preliminary Approval. |
| Tinoco v. Hajoca Corporation | 10/30/2018 | 0.7 | | 16, 21 | Review and analysis of Notice of Deficiency in Electronically Filed Documents and Email to and from Court Clerk regarding the same |

17

| | | | | | |
|---|---|---|---|---|---|
| Tinoco v. Hajoca Corporation | 10/31/2018 | 0.4 | | 16, 21 | Review and analysis of Defendant's Answer to Plaintiff's Second Amended Complaint |
| Tinoco  v. Hajoca Corporation | 11/1/2018 | 0.3 | | 16, 21 | Email to and from Class Action Administrator |
| Tinoco  v. Hajoca Corporation | 11/5/2018 | 0.4 | | 16, 21 | Email to and from opposing counsel |
| Tinoco  v. Hajoca Corporation | 11/6/2018 | 0.3 | | 16, 21 | Email to and from opposing counsel |
| Tinoco  v. Hajoca Corporation | 11/7/2018 | 1.4 | | 16, 21 | Emails to and from opposing counsel, and teleconference regarding the same |
| Tinoco  v. Burlingame Industries | 11/8/2018 | 0.6 | | 16, 21 | Email to and from opposing counsel |
| Tinoco  v. Hajoca Corporation | 11/9/2018 | 4.3 | | 13 | Preparation and Filing of Amended/Supplemental Declaration of Nazo Koulloukian and all Supporting Documents and further strategy |
| Tinoco  v. Hajoca Corporation | 11/14/2018 | 0.6 | | 16, 21 | Email to and from Court Clerk and opposing counsel |
| Tinoco  v. Hajoca Corporation | 12/11/2018 | 0.3 | | 16, 21 | Email to and from Court Clerk |
| Tinoco  v. Hajoca Corporation | 12/20/2018 | 0.4 | | 16, 21 | Email to and from Court Clerk |

18

| | | | | | |
|---|---|---|---|---|---|
| Tinoco   v. Hajoca Corporation | 1/25/2019 | 4.6 | | 16, 21 | Email to and from Sahag Majarian |
| Tinoco   v. Hajoca Corporation | 2/12/2019 | 0.6 | | 16, 27 | Email to opposing counsel and teleconference regarding the same |
| Tinoco   v. Hajoca Corporation | 3/4/2019 | 0.4 | | 16, 21 | Email to and from opposing counsel |
| Tinoco   v. Hajoca Corporation | 3/8/2019 | 0.7 | | 16, 21 | Email to and from Opposing Counsel and co-counsel's office |
| Tinoco   v. Hajoca Corporation | 4/9/2019 | 2.9 | | 16, 19, 21 | E mail to and from opposing counsel, preparation of Revised Proposed Order and further strategy |
| Tinoco   v. Hajoca Corporation | 4/15/2019 | 3.5 | | 13, 16, 19, 21 | Confer regarding necessity of filing Joint Request for Decision, review local rules, Westlaw, file and docket, prepare Joint Request; email to and from opposing counsel |
| Tinoco   v. Hajoca Corporation | 4/19/2019 | 1.8 | | 13, 16, 21 | Email to and from Opposing Counsel and Sahag Majarian's office; Finalize and file Joint Request for Decision |
| Tinoco   v. Hajoca Corporation | 4/26/2018 | 1.3 | | 16, 21, 27 | Email to and from opposing counsel and teleconference regarding the same; Email to and from Class action administrator |
| Tinoco   v. Hajoca Corporation | 5/1/2019 | 2.8 | | 16, 21 | Email to and from Opposing Counsel; Prepare Amended Proposed Order for Joint Request and further strategy. |
| Tinoco   v. Hajoca Corporation | 5/10/2019 | 0.8 | | 13, 16, 21 | Finalize and File Amended Request for Ruling and Proposed Order |

19

| | | | | | |
|---|---|---|---|---|---|
| Tinoco   v. Hajoca Corporation | 5/13/2019 | 0.4 | | 16, 21 | Email to and from opposing counsel |
| Tinoco   v. Hajoca Corporation | 5/14/2019 | 0.3 | | 16, 21 | Email to and from opposing counsel, review court order regarding Request for Ruling |
| Tinoco   v. Hajoca Corporation | 6/18/2019 | 1.6 | | 13, 16, 19, 21 | Receipt, review and analysis of Court Order Granting Motion for Preliminary Approval; email to and from class action administrator and opposing counsel |
| Tinoco   v. Hajoca Corporation | 6/19/2019 | 0.3 | | 16, 21 | Email to and from class action administrator |
| Tinoco   v. Hajoca Corporation | 7/8/2019 | 0.3 | | 16, 21 | Email to and from class action administrator |
| Tinoco   v. Hajoca Corporation | 7/11/2019 | 0.3 | | 16, 21 | Email to and from class action administrator |
| Tinoco   v. Hajoca Corporation | 7/15/2019 | 0.4 | | 16, 21 | Email to and from class action administrator |
| Tinoco   v. Hajoca Corporation | 7/16/2019 | 0.7 | | 16, 21 | Email to and from class action administrator and Sahag Majarian |
| Tinoco   v. Hajoca Corporation | 7/17/2019 | 1.9 | | 16, 21 | Email to and from class action administrator and Sahag Majarian and further strategy |
| Tinoco v. Hajoca Corporation | 8/01/2019 | 7.1 | | 10, 13, | Conduct legal research (Westlaw), review client file and settlement agreement, begin drafting Motion for Attorneys' Fees, Costs, and Enhancement Award |
| Tinoco v. Hajoca Corporation | 8/08/2019 | 6.2 | | 10, 13, | Conduct further legal research (Westlaw), review client file and settlement agreement, begin drafting Declaration of Nazo Koulloukian In Support of Motion for Attorneys' Fees, Costs, and Enhancement Award |
| Tinoco v. Hajoca Corporation | 8/12/2019 | 6.8 | | 10, 13, | Preparation of Proposed Order for Motion for Attorneys' Fees, Costs, and Enhancement Award; revise and finalize Notice of Motion, the Motion, and Declaration of Nazo Koulloukian In Support of Motion for Attorneys' Fees, Costs, and Enhancement Award |

20

| Tinoco v. Hajoca Corporation | 8/16/2019 | 6.6 | | 10, 13, 16, 19 | Finalize and prepare all exhibits Motion for Attorneys' Fees, Costs, and Enhancement Award and finalize and complete final revisions of Motion for Attorneys' Fees, Costs, and Enhancement Award and Declaration in Preparation for Filing, Telephone Call to and from Sahag Majarian Regarding the Same |
| | **Total** | **298.5** | | | |

21

**KOUL LAW FIRM AND LAW OFFICES OF SAHAG MAJARIAN II - Cost Sheet for Jose Tinoco v. Hajoca Corporation**

A. **KOUL LAW FIRM's Costs**
1. Filing Fees
   a. Filing Fee = $1,739.96
2. Process Server = $455.30
3. Expert Fees - $3,200
   a. $300
   b. $500
   c. $2,400
4. Mileage Copies, etc.
   a. $332
5. Court Transcript from Preliminary Approval Motion - $181.50

**TOTAL COSTS FOR KOUL LAW: $5,908.76**

B. **Law Offices of Sahag Majarian Costs**

| Type | Payment Method Amount | Date | Num | Source Name | Invoice | Invoice Date | Memo |
|------|----------------------|------|-----|-------------|---------|--------------|------|
| Other Costs | | | | | | | |
| | Check $300.00 | 8/30/2017 | 3566 | Sean Berger | 1687 | 8/26/2017 | Rounding Analysis |
| | Check $17.49 | 10/16/2017 | 3632 | Fedex | 5-959-46965 | 10/13/2017 | Documents to client |
| | Check Pending | | Fedex | | | Settlement Revised sent to client | $22.54 |
| | Check Pending | | Fedex | | | Return Revised Settlement Agreement | $18.55 |
| Total | | | | | $358.58 | | |

Travel, Parking, Gas, and Mediation

| | Check $6,000.00 | 2/27/2018 | 3797 | First Mediation | 20703 | 2/21/2018 | Mediation Fee |
| | Cash | 6/6/2018 | | Jose Tinoco | | | Mileage Reimbursment for |

mediation 188 miles @ $ 0.55  $105.00

| Cash | 6/6/2018 | Sahag Majarian | Parking for mediation | $40.50 |
| Cash | 6/6/2018 | Jose Tinoco | Parking for mediation | $40.50 |
| Cash | 6/6/2018 | Jean Koper | Parking for mediation | $40.50 |

**Total Costs for Law Offices of Sahag Majarian II                    $6,226.50**


**TOTAL COSTS BETWEEN BOTH FIRMS = $12,135.26**