1 | Nazo Kouloukian, SBN 263809
nazo@koullaw.com
2 | **KOUL LAW FIRM**
A Professional Law Corporation
3 | 3435 Wilshire Blvd., Suite 1710
Los Angeles, CA 90010
4 | Telephone: (213) 761-5484
Facsimile: (818) 561-3938

5

6 | Sahag Majarian, II, Esq. SBN 146621
Sahagii@aol.com
7 | **LAW OFFICES OF SAHAG MAJARIAN II**
18250 Ventura Blvd.
Tarzana, CA 91356
8 | Telephone: (818) 609-0807
Facsimile: (818) 609-0892

9

10 | Attorneys for Plaintiff JOSE TINOCO
and all putative class members

11 | UNITED STATES DISTRICT COURT

12 | CENTRAL DISTRICT OF CALIFORNIA

13

14 | JOSE TINOCO, an individuals, on behalf of himself and all others similarly situated,

Case No.: 2:17-CV-06187 FMO (ASx)
(Judge: Hon. Fernando M. Olguin)

15

16 | Plaintiff,

**CLASS ACTION**

17 | vs.

**DECLARATION OF NAZO KOULLOUKIAN IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL**

18

19 | HAJOCA CORPORATION, a corporation, and DOES 1-50, inclusive,

20

21

22 | Defendants.

23

24

25

26

27

28

**I, NAZO KOULLOUKIAN, RESPECTFULLY DECLARE AS FOLLOWS:**

1.     I am now and have been at all times relevant to this Declaration an Active Member of the State Bar of California, and Principal and Owner of Koul Law Firm ("Koul Law Firm"), and Class Counsel of record for Plaintiffs in this action. I make this declaration based on personal firsthand knowledge unless another source of information or belief clearly appears from the context, and as to all such matters I believe them to be true. If called as a witness, I could and would readily and competently testify to all matters stated within.

2.     I make this declaration in support of Plaintiffs' Motion for Final Approval of Class Action Settlement.

<u>**CASE BACKGROUND**</u>

3.     This action was filed on July 19, 2017, as a class and representative action in Los Angeles Superior Court, Case No. BC669091. On August 21, 2017, Defendant removed the action to the U.S. District Court for the Central District of California pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1332(d), where it is currently pending. (Dkt. 1.) Plaintiff filed a First Amended Complaint on October 31, 2017 ("FAC"). (Dkt. 24.)

4.     The FAC alleged eight causes of action: (1) Failure to pay overtime, including due to miscalculating the overtime rate by omitting certain incentive compensation (Cal. Lab. Code ("LC") §§ 207, 218, 510, 1194, and IWC Wage Order § (3)(A)(1)); (2) Failure to pay overtime due to timecard rounding (LC §§ 218, 510, 1194, IWC Wage Order § (3)(A)(1)); (3) Failure to pay final compensation on a timely basis and waiting time penalties (LC §§ 201, 202, 203); (4) Failure to provide meal periods (LC §§ 226(e)(2)(B)(i), 226.7, and 512, and applicable IWC Wage Order); (5) Failure to provide rest breaks (LC §§ 226(e)(2)(B)(i), 226.7, and 512, and applicable IWC Wage Order); (6) Failure to maintain and provide accurate wage statements (LC §§ 226(a) et seq., 1174); (7) Unlawful business practices § 17200 ("UCL") (Bus. & Prof. Code § 17200, et seq.); (8) Violation of PAGA. On October

26, 2018 Plaintiff filed the operative Second Amended Complaint, adding a claim under the Fair Labor Standards Act ("FLSA") 29 U.S.C. §216(b). (Dkt 42.) The parties again revisited and renegotiated settlement terms and drafted and filed a Second Amended Settlement Agreement. (Dkt. 46.)

5.      Plaintiffs bring this action on a representative basis on behalf of approximately 493 total class members, working at an average hourly rate of $18.23.

6.      The Parties arrived at this settlement through arm's length bargaining following a full day of mediation with Jeffrey Krivis, Esq.  The Parties went into mediation willing to explore the potential for a settlement of the dispute, but each side was also committed and prepared to litigate its position through trial and appeal if a settlement had not been reached.  The proposed settlement was reached at the end of an arms-length negotiation process, in which counsel for all parties advanced their respective positions throughout the settlement negotiations, including each side's strengths and weaknesses pertaining to certification of a class and a class-wide trial. As such, the negotiations were at arm's length. The Settlement has undergone further negotiations integrating feedback from the Court. A true and correct copy of the Second Amended Stipulation of Settlement and Release is attached to this declaration as **Exhibit 1**.

7.      The class consists of "All current and former nonexempt hourly employees of Defendant who were employed in the State of California in any workweek from July 19, 2013 to June 18, 2019, who have not requested exclusion from the Settlement after the Notice Period and who are therefore in the Settlement Class that is certified for purposes of Settlement only, following entry of an Order by the Court."

8.      In settlement of this litigation, Defendant has agreed to: (i) pay the Maximum Settlement Amount of $1,440,000, (ii) allow 100% of the settlement funds to be non-reversionary; (iii) send notice to the putative class concerning the settlement; (iv) permit class members who wish to exclude themselves or object to the settlement to do so.

9.     Then, the parties have also been actively engaged in the notice and claims administration process. Notably, the Settlement has a 100% participation rate, with no objections, disputes, or requests for exclusion. I believe that this is a very favorable settlement for the class, providing a remedy consistent with what the class could expect to receive if they prevailed at trial, but without the lengthy delay and risk of loss that a trial and subsequent appeal would entail. The settlement terms represent a compromise of the parties' disputes and are fair, adequate, and reasonable to the class given the risks that both sides faced in the litigation.

### DISCOVERY AND INVESTIGATION

10.     Discovery and investigation undertaken by Plaintiffs was extensive. Prior to filing the lawsuit, I conducted extensive interviews of Plaintiffs' records, spent significant time discussing Plaintiffs' experiences at work and whether those experiences are common among their coworkers. I also spent significant time conducting legal research to determine the strength of each claim, and the most effective litigation strategy to employ to best advance Plaintiffs' claims on behalf of Plaintiffs and all employees.

11.     Prior to the mediation, Defendants produced voluminous time punch and payroll documents, in addition to relevant company documents, including extensive time and payroll records reflecting 8,494 shifts. My office spent a significant amount of time reviewing these documents and, with the assistance of a retained expert, analyzing the time records and pay statements to determine Defendant's potential damage exposure, necessary to evaluate the risks for liability on the amount of wages owed, as well as damages data for the Class, which has been used to calculate the damages exposure for the class and allocation of payments. Plaintiffs have also been an invaluable source of information by providing their own documents and helping to explain how Defendant's policies operate and impact them and their coworkers.

12.     The Parties went into a full-day of mediation willing to explore the potential for a settlement of the dispute, but each side was also committed and

prepared to litigate its position through trial and appeal if a settlement had not been reached. The proposed settlement was reached at the end of an arms-length negotiation process, in which counsel for all parties advanced their respective positions throughout the settlement negotiations, including each side's strengths and weaknesses pertaining to certification of a class and a class-wide trial. As such, the negotiations were at arm's length. Defendant raised several defenses to Plaintiff's overtime miscalculation claim, always alleging that the bonuses were discretionary and not required to be factored into the calculation. Concerning Plaintiff's meal and rest break claims, Defendant argued that it properly provided employees with breaks, and that they were not required to police employees who chose to skip or take non-compliant breaks for their personal reasons. Further, rest break violations can be difficult to evidence, given that employees are not required to clock in and out for rest breaks. Defendant also intended to raise several defenses against class certification, including (1) that individualized determinations regarding the amount of overtime wages owing, if any, would overwhelm common issues; and (2) whether Class Members actually took meal and rest breaks would overwhelm any common issues. If Defendant succeeded on any of these or other defenses to class certification, Defendant would likely further argue that its success would necessarily impact Plaintiff's derivative claims. In the end, Plaintiff would then be left with only individual claims and the Class and Collective would potentially recover nothing. This further demonstrates the reasonableness of the total settlement value and the risks of further litigation.

13.

15.     In my opinion, the Gross Settlement Amount of $1,440,000.00, which will result in an average payment of approximately $1,959.16, with the highest paid Class Member receiving approximately $4,340.30, represents an excellent value for the class members in this case.

## NAMED PLAINTIFF'S ROLE

16.   Plaintiff has been instrumental in providing critical information and evidence used to establish the existence of the alleged unlawful practices pertaining to all the hourly, non-exempt employees. Plaintiff provided pre-litigation information to my office that helped identify and explain, not only the claims, but also specific common practices among class members and how they affected him and his co-workers. Plaintiff also provided documents and information for use in preparing for mediation.  Plaintiff also attended the mediation and was critical in bringing about the Settlement Agreement.

17.   In the final analysis, this Class Action would not have been possible without the aid of Plaintiff, whose efforts are described with specificity in the concurrently filed motion for attorneys' fees, costs, and enhancement awards.

18.   493 class members will now have the opportunity to participate in a settlement, reimbursing them for wage violations they may have never known about on their own or been willing to pursue on their own because of otherwise modest individual sums of money at stake.  If these class members would have each tried to pursue their legal remedies on their own, that would have resulted in each having to expend a significant amount of their own monetary resources and time, which were obviated by Plaintiff putting himself on the line on behalf of these other class members.

**PROFESSIONAL EXPERIENCE**

19.   I received a B. A. in Communication Studies in 2005 from UCLA, an institution where I currently serve as faculty.  I received my J.D. from University of Maryland School of Law in 2008.  I became an Active Member of the State Bar of California in June 2009 and have been an Active Member in good standing continuously since then. I am a current member of the California Employment Lawyers Association (CELA).  I have also been named as one of the Rising Stars for the Super Lawyers of Southern California during 2016, 2017, and 2018.

20.   I founded Koul Law Firm ("Koul Law Firm") in 2017.  Prior to starting Koul Law Firm, I was a Senior Associate at Joseph Farzam Law Firm, ("Farzam Law

Firm") which was founded in 2002, and where I worked from 2013 through to the end of 2016.

21.     During the approximately over ten years since I began practicing law, I have built my practice to have a heavy emphasis on employment and related litigation. I have been heavily, successfully, and continuously involved in active litigation and trial work, including without limitation, wage and hour class action litigation, employees' rights, civil rights, discrimination, and sexual harassment claims, and other forms of employment litigation.

22.     Koul Law Firm co-counsels with various other attorneys, all of whom are actively and continuously practicing in employment litigation, representing almost entirely employee plaintiffs, in both individual and class actions, in this Superior Court, and other Superior Courts throughout the State, in the Court of Appeal, and in various Federal courts. During my time at Farzam Law Firm, and currently with Koul Law Firm, I have litigated hundreds of cases against the largest firms in the country, including but not limited to Buchalter, Gordon & Rees, Ogletree Deakins, Jones Day, Littler Mendelson, Jackson Lewis LLP, Lewis Brisbois Bisgaard & Smith LLP, DLA Piper, O'Melveny and Myers, and Manatt Phelps & Phillips, LLP. Because of the unique history and nature of my practice, I operate with a high level of knowledge and experience in areas of wage and hour class actions, and labor and employment law. Currently, more than half of my active caseload includes wage and hour class action cases. Besides myself, my firm co-counsels with attorneys with the following qualifications:

        a. Sahag Majarian, II, Loyola Law School, over 28 years of litigation experience;

        b. Charles Ted Mathews, Loyola Law School, over 45 years of litigation experience;

        c. Ashkan Shakouri, USC Law School, over 15 years of litigation experience; and

- 7 -

d. Joshua N. Lange, UCLA School of Law, over 8 years of litigation experience.

23.    My office is qualified to handle this litigation because we are experienced in litigating Labor Code violations in both individual and class actions. I have served as lead counsel in numerous wage and hour class actions, and have successfully negotiated several settlements, including multiple six-figure and seven-figure cases, amounting to millions of dollars in settlements.

24.    I was recently appointed class counsel for a class certified for final approval by the Honorable David Cohn representing a class of approximately 400 current and former laborers for wage and hour violations in *Armando Madrigal Barreto v. Etivista Concrete, Inc., et al.,* settled in the Superior Court for the State of California, County of San Bernardino, bearing Case No. CIVDS1712018.

25.    I recently also won a successful verdict following a two weeks-long trial on behalf of an employee in a case titled *Jesperson v. Lightning Technology, Inc.,* before the Honorable David T. McEachen in the Superior Court of the State of California, County of Orange.

26.    I am currently counsel for over twenty class and PAGA matters pending in state and federal court across the state of California. Additionally, I was recently appointed class counsel for the following classes, certified for preliminary approval and/or final approval:

- **FRANCISCO CISNEROS & ARMONDO ORTIZ v. LAZY DOG RESTAURANTS, LLC (Case No. 56-2017-00501824-CU-OE-VTA) in Ventura County Superior Court:** In *Cisneros,* the Court approved a representative action for wage and hour violations on behalf of approximately 6,927 aggrieved employees. The case was settled following extensive informal discovery and the Court approved a final settlement and judgment for $1,100,000, with 33.3% for attorneys' fees on June 4, 2019.

- **JOSE SERRANO v. HERITAGE FORD, INC., ET AL. (Case No. CV18002584) in Stanislaus Superior Court:** In *Serrrano*, the Court approved a representative action for wage and hour violations on behalf of approximately 114 aggrieved employees. The case was settled following extensive informal discovery and the Court approved a final settlement and judgment for $150,000, with 33% for attorneys' fees on May 22, 2019.

- **JOSE ESTRADA v. BURLINGAME INDUSTRIES, ET. AL. (Case No. CIVDS1712815 - Consolidated with Case No. CIVDS1805057) in San Bernardino Superior Court:** In *Estrada*, I was lead class counsel representing a class of approximately 740 employees for wage and hour violations. The case was settled following extensive discovery and the Court approved a final settlement and judgment for $2,000,000, with 33% for attorneys' fees on February 6, 2019.  In connection with this matter, the Court approved my hourly rate at $595.00.

- **LUIS AVILA v. AL DAHRA ACX, INC., ET. AL. (Case No. BC685992) in Los Angeles Superior Court:** In *Avila,* I was preliminarily approved as lead class counsel representing a class of approximately 280 employees for wage and hour violations. The case was settled following extensive discovery and the Court granted final approval of settlement for $250,000, with 33% for attorneys' fees on November 28, 2018.

- **ARMANDO M. BARRETO v. ETIVISTA CONCRETE, ET. AL. (Case No. CIVDS1712018) in San Bernardino Superior Court:** In *Barreto*, I was lead class counsel representing a class of approximately 800 employees for wage and hour violations. The case was settled following extensive discovery and the Court approved a final settlement for $838,750, with 33% for attorneys' fees on June 28, 2018. In

connection with this matter, the Court approved my hourly rate at $550.00.

27.  My prior firm, Farzam Law Firm, had a number of cases where myself and my partner served as lead class counsel in a practice consisting predominately of trial work.  I have successfully represented clients in over 60 cases filed in federal court, as well as in over 300 matters filed in California Superior Court.  I have served as Class Counsel and Interim Class Counsel in a number of other matters.  I have also represented plaintiffs acting as private attorneys general in bringing public interest actions against major retail stores, hotels and others who have violated unfair competition laws.   My adequacy to serve as Class Counsel is not contested. Additional experience serving as Class Counsel consists of the following:

- **JUAN CARLOS BEIZA, et al. v. STAFFING SYSTEMS, INC. et al. (Case No. BC466278) in Los Angeles Superior Court**: In *Beiza*, this Court appointed me as class counsel with respect to a class of warehouse, maintenance, and security workers for overtime rounding, missed meal and rest breaks, and various other wage penalties.  In this matter, we defeated a Motion for Summary Judgment. Thereafter, we attended mediation and settled the matter. The Court approved a settlement of $800,000 with $300,000 as reasonable attorneys' fees.

- **JOSE TORRES/ADELINA QUINTANA v. JACOBS FARMS/DEL CABO, INC., et al. (Case No. BC499930) in Los Angeles Superior Court:** In *Quintana,* I was lead class counsel where we represented farm employees for failure to pay wages, including overtime, failure to provide meal and rest breaks, failure to provide accurate payroll statements, unfair business practices and conversion of wages.  After extensive discovery, all parties attended mediation, and the Court approved settlement in the amount of $300,000 with 33.33% ($100,000) for attorneys' fees.

- **CRISTIAN LUNA, ET AL. V. CHANEL, INC. (2:15-cv-09541-RGK-KK) in United States District Court.**

28. I believe that the fee and costs provision is reasonable. The fee percentage requested of 30% is below the usual and customary percentage fee for most employment cases. My office takes on a lot of risk with wage and hour class actions, investing considerable time, money and resources into the case, with payment deferred to the end of the case, and then, of course, entirely contingent on the outcome.

29. As a result of my prior experience as class counsel in other class actions, I am fully aware of the responsibilities I would owe as Class Counsel to the Class in this action. Finally, I am not aware of any conflict of interest between myself, on the one hand, and Plaintiffs or any other Class Member, on the other hand, which would interfere with my duties as Class Counsel or impede my representation of the proposed Class. Moreover, no Class Member has objected or opted out of the Settlement despite receiving notice of the amounts sought for attorneys' fees and costs.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 17, 2019, at Los Angeles, California.

_____/s/ Nazo Koulloukian, Esq._____

NAZO KOULLOUKIAN

# EXHIBIT 1

Case 2:17-cv-06187-FMO-AS   Document 57-1   Filed 10/17/19   Page 13 of 52   Page ID
#:1038
Case 2:17-cv-06187-FMO-AS   Document 46-1   Filed 11/09/18   Page 2 of 41   Page ID #:826

1  Nazo Kouloukian, SBN 263809
   nazo@koullaw.com
2  **KOUL LAW FIRM**
   A Professional Law Corporation
3  3435 Wilshire Blvd., Suite 1710
   Los Angeles, CA 90010
4  Telephone: (213) 761-5484

5  Sahag Majarian, II, Esq. SBN 146621
   Sahagii@aol.com
6  **LAW OFFICES OF SAHAG MAJARIAN II**
   18250 Ventura Blvd.
7  Tarzana, CA 91356
   Telephone:  (818) 609-0807
8  Facsimile:  (818) 609-0892

9  Attorneys for Plaintiff
   JOSE TINOCO and all putative class members
10

   Katharine J. Liao, SBN 255157
11 Katharine.liao@squirepb.com
   Marisol C. Mork, SBN 265170
12 Marisol.mork@squirepb.com
   **SQUIRE PATTON BOGGS (US) LLP**
13 555 South Flower Street, 31ˢᵗ Floor
   Los Angeles, CA 90071
14 Telephone:    213.624.2500
   Facsimile:    213.623.4581
15
   Attorneys for Defendant
16 HAJOCA CORPORATION

17                    UNITED STATES DISTRICT COURT

18                   CENTRAL DISTRICT OF CALIFORNIA

19

20 | JOSE TINOCO, an individual, on | Case No. Case Number 2:17-CV-06187 FMO(ASX)
   | behalf of himself and all others |
21 | similarly situated, | **SECOND AMENDED STIPULATION OF**
   | | **SETTLEMENT AND RELEASE BETWEEN**
22 |             Plaintiff, | **PLAINTIFF AND DEFENDANT**

23 |        v. | Judge: Hon. Fernando M. Olguin

24 HAJOCA CORPORATION, a
   professional corporation, and DOES 1 -
25 50, inclusive,

26             Defendants.

27

28
                                          CASE NO. 2:17-CV-06187 FMO (ASX)
                                          SECOND AMENDED STIPULATION OF
                                          SETTLEMENT AND RELEASE

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street 31st Floor
Los Angeles, California 90071

1      This Second Amended Stipulation of Settlement and Release ("Stipulation of Settlement")

2  is made and entered by and between Plaintiff Jose Tinoco ("Plaintiff") and Defendant Hajoca

3  Corporation ("Defendant"), and is subject to the terms and conditions hereof and the approval of

4  the Court. Plaintiff and Defendant are referenced collectively herein as "the Parties."

5

6  **BACKGROUND AND RECITALS**

7      1.  On or about July 19, 2017, Plaintiff filed a Complaint in the Los Angeles Superior Court to

8  bring this proposed class action.  Defendant removed the action to the Central District of California

9  on August 21, 2017.  Plaintiff filed a first amended complaint on October 31, 2017 ("FAC").

10  Plaintiff filed a second amended complaint ("SAC") on October 26, 2018, which is the operative

11  complaint.

12

13      2.  The SAC alleges nine causes of action: **(1)** Failure to pay overtime, including due to

14  miscalculating the overtime rate by omitting certain incentive compensation (Cal. Lab. Code ("LC")

15  §§ 207, 218, 510, 1194, and IWC Wage Order § (3)(A)(1)); (2) Failure to pay overtime due to

16  timecard rounding (LC §§ 218, 510, 1194, IWC Wage Order § (3)(A)(1)); (3) Failure to pay final

17  compensation on a timely basis and waiting time penalties (LC §§ 201, 202, 203); (4) Failure to

18  provide meal periods (LC §§ 226(e)(2)(B)(i), 226.7, and 512, and IWC Wage Order 1-2001); (5)

19  Failure to provide rest breaks (LC §§ 226(e)(2)(B)(i), 226.7, and 512, and applicable IWC Wage

20  Order); (6) Failure to maintain and provide accurate wage statements (LC §§ 226(a) *et seq.*, 1174);

21  (7) Unlawful business practices §17200 ("UCL") (Bus. & Prof. Code §17200, *et seq.*); (8) Violation

22  of California Private Attorney General Act ("PAGA") (LC § 2698 *et seq.*); and (9) Failure to Pay

23  Wages In Violation of the Fair Labor Standards Act ("FLSA") (29 U.S.C. §201 et. seq.).

24

25      3.  Plaintiff brought causes of action 1-7 as a putative class action under California Code of

26  Civil Procedure § 382. With regard to causes of action 1-7, Plaintiff seeks to represent "[a]ll current

27  and former hourly, non-exempt employees of Defendant in California, at any time from four years

28

- 2 -

CASE NO. 2:17-CV-06187 FMO (ASX)
SECOND AMENDED STIPULATION OF
SETTLEMENT AND RELEASE

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

Case 2:17-cv-06187-FMO-AS   Document 57-1   Filed 10/17/19   Page 15 of 52   Page ID
Case 2:17-cv-06187-FMO-AS   Document 46-1   Filed 11/09/18   Page 4 of 41   Page ID #:828
#:1040

1   prior to the initiation of this action until the date of certification." (SAC ¶25.) Plaintiff identifies

2   eight (8) subclasses, as defined in the SAC: (1) Bonus Overtime Subclass; (2) Rounding Subclass;

3   (3) Waiting Time Subclass; (4) Meal Period Subclass; (5) Rest Period Subclass; (6) Wage

4   Statement Subclass; (7) the UCL subclass; and (8) the FLSA Subclass.  (SAC ¶26(a)-(h).)

5

6       4.   Cause of action 8 is alleged as a representative action under PAGA on behalf of aggrieved

7   current and former employees of Defendant.  Cause of action 9 is brought and maintained as an

8   "opt-in" collective action pursuant to §216(b) of the FLSA.

9       5.   Plaintiff's SAC seeks unpaid compensation, any other available compensatory damages,

10  prejudgment interest and any other available interest, reasonable attorney's fees, costs, penalties,

11  and any other available relief for: failure to provide meal breaks, failure to provide rest breaks,

12  failure to pay overtime compensation (including due to the omission of certain incentive

13  compensation from the overtime rate of pay, and due to rounding), failure to pay compensation at

14  time of termination, failure to maintain and provide accurate wage statements, with such claims

15  arising under provisions that include Cal. Lab. Code §§ 201, 202, 203, 204, 208, 210, 226, 226.7,

16  510, 512, 1182.12, 1194, 1194.2, 1197, 1198, 2695, 2698, and 2802, and the FLSA. Plaintiff's SAC

17  also seeks restitution and injunctive relief pursuant to California Business & Professions Code §

18  17200 *et seq*. It is the Parties' intention by this Settlement to fully and finally settle each of the

19  asserted claims.

20

21

22      6.   The Parties participated in extensive negotiations over several months, including

23  exchanging informal discovery and participating in a formal, private mediation session on June 5,

24  2018 for more than eight hours. Jeffrey Krivis of First Mediation Corporation, a neutral and well-

25  respected mediator, served as the mediator during the mediation session. At all times, the

26  negotiations leading to this Stipulation of Settlement have been adversarial, non-collusive, and at

27  arm's length.

28

- 3 -

010-8692-9878/1/AMERICAS

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

1    7.  As of or about the date of this Stipulation of Settlement, based on the information available

2    to Defendant, there are approximately 383 Class Members.  Of the 383 Class Members, 82 Class

3    Members hold the same position as the named Plaintiff.

4    8.  The Parties are sufficiently familiar with the facts of the Action and the applicable law, so

5    as to warrant settlement at this time.

6

7    9.  The Parties are represented by counsel and have had the opportunity to consult with counsel

8    prior to the submission of this Stipulation of Settlement to the Court.

9    10. Nothing in this Stipulation of Settlement, nor the fact of the Stipulation of Settlement itself,

10    shall be construed or deemed an admission of liability, culpability, negligence, or wrongdoing of

11    any kind on the part of Defendant with respect to the claims alleged in this Action.

12

13    11. Defendant denies any liability or wrongdoing of any kind associated with the claims alleged

14    in the Action and further denies that, for any purpose other than settling the Action, this Action is

15    appropriate for class treatment. Defendant contends, among other things, that it has complied at all

16    times with the FLSA, the California Labor Code, the California Business & Professions Code, the

17    applicable IWC Wage Orders, and all other applicable California law. Nonetheless, Defendant has

18    concluded that further litigation would be protracted and expensive and would also divert

19    management and employee time. Defendant has taken into account the uncertainty and risks

20

21    inherent in litigation. Defendant has therefore concluded that it is desirable that the Action be fully

22    and finally settled in the manner and upon the terms and conditions set forth in this Stipulation of

23    Settlement.

24    12. Plaintiff believes that he has filed a meritorious action and that collective and/or class

25    certification is appropriate. Plaintiff contends that Defendant violated federal and California law as

26    described in the SAC and that this Action is appropriate for class certification as the requisites for

27    class certification can be satisfied in this case. However, Plaintiff recognizes and acknowledges the

28

- 4 -

CASE NO. 2:17-CV-06187 FMO (ASX)
SECOND AMENDED STIPULATION OF
SETTLEMENT AND RELEASE

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

010-8692-9578/1/AMERICAS

Case 2:17-cv-06187-FMO-AS Document 57-1 Filed 10/17/19 Page 17 of 52 Page ID
Case 2:17-cv-06187-FMO-AS Document 46-1 Filed 11/09/18 Page 6 of 41 Page ID #:830
#:1042

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

1    significant expense and length of continued proceedings necessary to prosecute litigation against

2    Defendant through class certification, trial, and appeal. Plaintiff is aware that the likelihood of

3    protracted litigation will only further delay payments to Class Members of wages and penalties they

4
5    allege they are owed. Plaintiff is also aware of the inherent problems of proof and possible defenses

6    to the claims alleged and to class certification. After careful consideration and mediation, Plaintiff

7    has concluded that this Action be fully and finally settled in a manner and upon the terms and

8    conditions set forth in this Stipulation of Settlement. Both Plaintiff and Class Counsel believe that

9    the settlement set forth in this Stipulation of Settlement confers substantial benefits upon the

10   Settlement Class and each Settlement Class Member.

11
12      13. It is the desire of the Parties to fully, finally, and forever settle, compromise, and discharge

13   all disputes and claims that exist between them arising from the Action or any claim reasonably

14   related to the claims under federal and California law set forth in the Action, as described further

15   in this Stipulation of Settlement. In order to achieve a full and complete release of Defendant and

16   the Releasees of such disputes and claims, each member of the Settlement Class (which includes

17   any legal heirs and/or successors-in-interest of each member of the Settlement Class), through

18   execution of the Stipulation of Settlement by Plaintiff, acknowledges that this Stipulation of

19
20   Settlement is intended to include in its effect all claims arising from or related to the allegations in

21   the Complaint, the FAC and the SAC, including all Released Claims.

22      14. It is the intention of the Parties that this Stipulation of Settlement shall constitute a full and

23   complete settlement and release, to the maximum extent permitted by law, against Defendant and

24   each of the Releasees, as defined below, of all claims, debts, liabilities, demands, obligations,

25   guarantees, costs, expenses, attorneys' fees, damages and causes of action, in and related to the

26   Action, as well as all Claims arising between July 19, 2013 and the date of preliminary approval of

27   this Settlement related to the factual allegations in the Action (collectively, "Claims"). This

28

- 5 -

CASE NO. 2:17-CV-06187 FMO (ASX)
SECOND AMENDED STIPULATION OF
SETTLEMENT AND RELEASE

010-8692-9876/1/AMERICAS

1    includes but is not limited to Claims arising between July 19, 2013 and the date of preliminary

2    approval of this Settlement, whether under California or federal law (including the FLSA): (a) for

3    worked but unpaid time (including, but not limited to, such as a result of alleged rounding practices);

4    (b) for unpaid or underpaid overtime (including, but not limited to, such as a result of an alleged

5    failure to include any profit sharing or other bonuses or incentive payments in employees' regular

6    rates of pay); (c) concerning rest breaks or meal breaks; and (d) concerning payroll requirements,

7    wage statement requirements, record retention, or any other pay-related practices. This further

8    includes but is not limited to any and all Claims arising between July 19, 2013 and the date of

9    preliminary approval of this Settlement that can lawfully be released arising from said allegations

10   under the California Labor Code, the Business & Professions Code (including Section 17200 *et*

11   *seq.*), and PAGA.  All of the foregoing shall constitute "Released Claims."  This release shall be

12   effective with respect to, and include in its effect, Defendant and all of its past, present, and future

13   parent companies, successors, assigns, or other affiliates; controlling persons, subsidiaries, and

14   affiliates of either Defendant or of those parent companies or affiliates; directors, officers, insurers,

15   agents, attorneys, and employees of Defendant or of its parents, those affiliates, or their investors;

16   and any benefit plans sponsored by any such entities (collectively, the "Releasees").

### DEFINITIONS

15. As used in this Stipulation of Settlement, and for purposes of this Settlement only, the following terms shall have the meanings specified below:

   a.  "Action" means the Los Angeles Superior Court Case No. BC BC669091, filed on or about July 19, 2017, which was removed to the United States District Court, Central District of California, on or about August 21, 2017, as Case No. 2:17-cv-06187-FMO-ASX, entitled _Tinoco v. Hajoca Corporation._

- 6 -

CASE NO. 2:17-CV-06187 FMO (ASX)
SECOND AMENDED STIPULATION OF
SETTLEMENT AND RELEASE

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

b. "Attorneys' Costs" shall mean Class Counsel's actual costs incurred, shown by proper documentation, in litigating this Action, to be determined by the Court.

c. "Attorneys' Fees" shall mean Class Counsel's attorneys' fees in litigating this Action to be determined by the Court, but not to exceed $432,000 (30% of the Gross Settlement Amount).

d. "Class Period" shall mean during the period from July 19, 2013 to the date of preliminary approval of the Settlement.

e. "Class Members" or "Settlement Class Members" shall mean all current and former nonexempt hourly employees of Defendant who were employed in the State of California in any workweek in the Class Period, who have not opted out of the Settlement after the Notice Period and who are therefore in the Settlement Class that is certified for purposes of Settlement only, following entry of an Order by the Court. Potential Settlement Class Members who do not timely opt out of the Settlement but who do not cash or accept payment from this Settlement shall nonetheless be considered Class Members.

f. "Claims Administrator" means the CPT Group.

g. "Claims Administration Fee" includes all costs and expenses due to the Claims Administrator in connection with its administration of the claims including, but not limited to, providing Notice, locating Settlement Class Members, reviewing letters from individuals opting out of the Settlement, processing Claim Forms, calculating withholdings and taxes, and administering and distributing Settlement payments to Settlement Class Members.

h. "Class" or "Settlement Class" means the class certified in this Action for purposes of settlement only, following the entry of Order by the Court.

- 7 -

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

CASE NO. 2:17-CV-06187 FMO (ASX)
SECOND AMENDED STIPULATION OF
SETTLEMENT AND RELEASE

Case 2:17-cv-06187-FMO-AS Document 57-1 Filed 10/17/19 Page 20 of 52 Page ID
Case 2:17-cv-06187-FMO-AS Document 46-1 Filed 11/09/18 Page 9 of 41 Page ID #:833
#:1045

i. "Class Counsel" means Nazo Kouloukian of the Koul Law Firm and Sahag Majarian, II, Esq. of the Law Offices of Sahag Majarian II.

j. "Class Data List" means a list in Excel format with the Settlement Class Members' names, home addresses (which the Class Administrator will check against the U.S. Postal Service's National Change of Address database), social security numbers, and best estimate of dates of employment so that the Class Administrator can determine each Settlement Class Member's number of Workweeks, mail the Class Notice, and perform any skip tracing necessary.

k. "Class Notice" means the Notice of Class Action Settlement, substantially in the form attached as Exhibit 1, which shall be provided in both English and Spanish.

l. "Effective Date" means the later of: (1) if no appeal is taken, the date on which the time to file any appeal from the Judgment has expired; or (2) if an appeal is timely filed with respect to the Judgment, the date such an appeal is dismissed or the Judgment is affirmed, and the Judgment is not subject to further judicial review or reconsideration by any court, but only after all of the following events have occurred: (i) this Stipulation of Settlement has been executed by all Parties and by counsel for the Parties; (ii) the Court has given preliminary approval to the settlement; (iii) notice has been given to the Potential Settlement Class Members that provides the Potential Settlement Class Members with an opportunity to opt out of the Settlement Class; and (iv) the Court has held a formal fairness hearing and entered a final order and judgment certifying the Settlement Class, and approving this Stipulation of Settlement.

m. "Gross Settlement Amount" or "GSA" shall mean the total gross amount of $1,440,000 to be paid by Defendant pursuant to this Settlement and before Court-

- 8 -

CASE NO. 2:17-CV-06187 FMO (ASX)
SECOND AMENDED STIPULATION OF
SETTLEMENT AND RELEASE

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

Case 2:17-cv-06187-FMO-AS  Document 57-1  Filed 10/17/19  Page 21 of 52  Page ID
#:1046
Case 2:17-cv-06187-FMO-AS  Document 46-1  Filed 11/09/18  Page 10 of 41  Page ID #:834

approved deductions for the LWDA Payment, Claims Administration Fee, Attorneys' Fees, Attorneys' Costs, and the Service Award.

n. "LWDA Payment" shall mean that portion of the Gross Settlement Fund allocated to pay civil penalties to the State of California Labor and Workforce Development Agency under PAGA. Under California Labor Code section 2699(i), that is 75% of the total PAGA Payment and $15,000.00 if the Court approves the Parties' recommendation that $20,000.00 be approved as the appropriate PAGA Payment.

o. "Net Settlement Amount" or "NSA" shall mean the Gross Settlement Amount minus the Claims Administration Fee, Attorneys' Fees, Attorneys' Costs, Service Award, and the LWDA Payment.

p. "PAGA" shall mean the California Private Attorney General Act of 2004.

q. "PAGA Claims" shall mean the Class Members' claims for civil penalties under PAGA.

r. "PAGA Payment" shall mean the total amount the Parties agree to recommend that the Court approve as payment for PAGA Penalties. In this case, the Parties recommend that the Court approve $20,000.00 as an appropriate PAGA Payment.

s. "Parties" shall mean Plaintiff and Defendant.

t. "Plaintiff" shall mean Plaintiff Jose Tinoco described above.

u. "Potential Settlement Class Members" shall mean all current and former nonexempt hourly employees of Defendant who were employed in the State of California in any workweek in the Class Period.

v. "Released Claims" shall mean all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, causes of action, in and related to the Action, as well as all Claims arising between July 19, 2013 and the

- 9 -

CASE NO. 2:17-CV-06187 FMO (ASX)
SECOND AMENDED STIPULATION OF
SETTLEMENT AND RELEASE

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

010-8892-9676/1/AMERICAS

Case 2:17-cv-06187-FMO-AS   Document 57-1   Filed 10/17/19   Page 22 of 52   Page ID
#:1047
Case 2:17-cv-06187-FMO-AS   Document 46-1   Filed 11/09/18   Page 11 of 41   Page ID #:835

date of preliminary approval of this Settlement related to the factual allegations in the Action (collectively, "Claims"). This includes but is not limited to Claims arising between July 19, 2013 and the date of preliminary approval of this Settlement, whether under California or federal law (including the Fair Labor Standards Act): (a) for worked but unpaid time (including, but not limited to, such as a result of alleged rounding practices); (b) for unpaid or underpaid overtime (including, but not limited to, such as a result of an alleged failure to include any profit sharing or other bonuses or incentive payments in employees' regular rates of pay); (c) concerning rest breaks or meal breaks; and (d) concerning payroll requirements, wage statement requirements, record retention, or any other pay-related practices. This further includes but is not limited to any and all Claims arising between July 19, 2013 and the date of preliminary approval of this Settlement that can lawfully be released arising from said allegations under the California Labor Code, the Business & Professions Code (including Section 17200 *et seq.*), and PAGA.

w.  "Releasees" shall mean Defendant and all of its past, present, and future parent companies, successors, assigns, or other affiliates; controlling persons, subsidiaries, and affiliates of either Defendant or of those parent companies or affiliates; directors, officers, insurers, agents, attorneys, and employees of Defendant or of its parents, those affiliates, or their investors; and any benefit plans sponsored by any such entities.

x.  "Service Award" shall mean $5,000 for the Plaintiff as class representative.

y.  "Settlement" means the terms and conditions set forth in this Stipulation of Settlement.

- 10 -

CASE NO. 2:17-CV-06187 FMO (ASX)
SECOND AMENDED STIPULATION OF
SETTLEMENT AND RELEASE

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

010-8692-9876/1/AMERICAS

z. "Workweeks" shall mean the calculation of each Potential Settlement Class Member's work start date or dates to work end date or dates in any hourly nonexempt position in California, based on Defendant's records. Any weeks that a Potential Settlement Class Member was out on any type of unpaid leave (*i.e.*, medical leave, personal leave) shall not be counted as Workweeks for purposes of calculating a Potential Settlement Class Member's proportionate share of the Net Settlement Amount. Workweeks will be based on the Class Period.

## TERMS OF SETTLEMENT

16. Gross Settlement Amount. Defendant shall pay a sum of one million four hundred forty thousand dollars ($1,440,000.00) that shall be referred to as the Gross Settlement Amount ("GSA"). The payment of the GSA by Defendant pursuant to this Stipulation of Settlement shall settle all pending issues between the Releasees (which includes Defendant) and the Settlement Class (which includes Plaintiff), including, but not limited to, all payments of Class claims, the PAGA Claims, Claims Administration Fee, Attorneys' fees, Attorneys' Costs, and Service Award. Defendant shall be responsible for paying, in addition to the GSA, any applicable and lawfully required employer payroll taxes.

17. Calculation of Net Settlement Amount. The Net Settlement Amount ("NSA") is equal to the GSA minus the Claims Administration Fee, Attorneys' Fees (up to $432,000, which is 30% of the Gross Settlement Amount), Attorneys' Costs, the recommended LWDA Payment ($15,000), and Plaintiff's Service Award ($5,000). The NSA will be used to calculate the settlement share that each Settlement Class Member will receive if this Settlement becomes effective as defined elsewhere in this Stipulation of Settlement.

18. Attorneys' Fees and Costs: In consideration for Class Counsel's role in litigating and settling this matter and in exchange for the release of all claims by the Settlement Class, and subject

- 11 -

CASE NO. 2:17-CV-06187 FMO (ASX)
SECOND AMENDED STIPULATION OF
SETTLEMENT AND RELEASE

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

Case 2:17-cv-06187-FMO-AS   Document 57-1   Filed 10/17/19   Page 24 of 52   Page ID
#:1049
Case 2:17-cv-06187-FMO-AS   Document 46-1   Filed 11/09/18   Page 13 of 41   Page ID #:837

1   to final approval by the Court, Defendant agrees not to oppose Class Counsel's motion for

2   Attorneys' Fees in the total amount of up to thirty percent (30%) of the GSA to compensate and

3   reimburse Class Counsel for all of the work already performed by Class Counsel in this case and

4   all of the work remaining to be performed by Class Counsel in documenting the Settlement,

5   securing Court approval of the Settlement, performing their agreed tasks with regard to

6   administering the Settlement, making sure that the Settlement is fairly administered and

7   implemented, and obtaining dismissal of the Action. Class Counsel shall be separately reimbursed

8   for Attorneys' Costs actually incurred in litigating this action, subject to documentation of such

9   costs, out of the GSA. Should the Court approve a lesser percentage or amount of fees and/or costs,

10  the unapproved portion shall be part of the NSA.

11      19. <u>Service Award</u>: Subject to approval by the Court, Defendant further agrees to pay Plaintiff

12  a Service Award of $5,000, in consideration for serving as the class representative and in exchange

13  for executing a general release and agreement, in a form to be provided by Defendant. Defendant

14  will not oppose Class Counsel's request. The Service Award is in addition to the claim share to

15  which Plaintiff is entitled along with other Settlement Class Members. Should the Court approve

16  a lesser Service Award, the unapproved portion shall be added to the NSA and distributed to

17  Settlement Class Members.

18      20. <u>Effectiveness of Settlement</u>: The Settlement shall become effective only when all of the

19  following events have occurred:

20          a.   This Stipulation of Settlement has been executed by all Parties and by counsel for

21               the Parties;

22          b.   The Court has given preliminary approval to the Settlement;

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

- 12 -

CASE NO. 2:17-CV-06187 FMO (ASX)
SECOND AMENDED STIPULATION OF
SETTLEMENT AND RELEASE

c. Notice has been given to the Potential Settlement Class Members, providing the Potential Settlement Class Members with an opportunity to opt out of the Settlement Class or object to the Settlement; and

d. The Court has held a formal fairness hearing and entered a final order and judgment certifying the Settlement Class, and approving this Stipulation of Settlement.

21. Effective Date: No money will be distributed unless and until the Effective Date occurs (defined above). If the Court fails to approve the Settlement, or if any appellate court fails to approve the Settlement, resulting in a failure to reach the Effective Date:

a. The Stipulation of Settlement shall have no force and effect, and no Party shall be bound by any of its terms;

b. Defendant shall have no obligation to make any payments to the Settlement Class Members, Class Counsel, or the Claims Administrator;

c. Any preliminary approval order, final approval order, and judgment, shall be vacated;

d. The Stipulation of Settlement and all negotiations, statements, and proceedings, and data relating thereto, shall be without prejudice to the rights of any of the Parties, all of whom shall be restored to their respective positions in the Action prior to the Settlement; and

e. Neither this Stipulation of Settlement nor any ancillary documents, actions, statements, or filings in furtherance of settlement shall be admissible or offered into evidence in the Action or any other action or proceeding for any purpose whatsoever, pursuant to California Evidence Code sections 1152 and 1154.

///

///

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

- 13 -

CASE NO. 2:17-CV-06187 FMO (ASX)
SECOND AMENDED STIPULATION OF
SETTLEMENT AND RELEASE

Case 2:17-cv-06187-FMO-AS   Document 57-1   Filed 10/17/19   Page 26 of 52   Page ID
#:1051
Case 2:17-cv-06187-FMO-AS   Document 46-1   Filed 11/09/18   Page 15 of 41   Page ID #:839

1

## CLAIMS PROCEDURE

2    22. Claims Administrator: The Claims Administrator's duties shall include without limitation,

3

4    mailing the Class Notice, performing necessary skip traces on Class Notices returned as

5    undeliverable, reviewing opt out requests from Potential Settlement Class Members, reviewing

6    disputes regarding Workweeks, calculating and processing payments for all Settlement Class

7    Members, providing Class Counsel and Defendant's counsel with the reports set forth in this

8    Stipulation of Settlement, preparing and mailing of all Settlement Class Members' settlement

9    checks and calculating Defendant's tax obligations in connection with the settlement payments to

10   Settlement Class Members.

11   23. Costs of Claims Administrator: The Claims Administrator has quoted an estimated fee of

12   Nine Thousand, Five Hundred Dollars ($9,500.00) and will complete its work for no more than

13

14   Ten Thousand Dollars ($10,000.00), which is the maximum amount that will be deducted from the

15   GSA.

16   24. Calculation of Settlement Class Members' Payments: In consideration for settlement and a

17   release of all Released Claims against Defendant and the Releasees, Class Members shall receive

18   a proportionate share of the NSA. The determination of each Settlement Class Member's

19
     proportionate share of the NSA will be based on the total Workweeks of all Class Members, the
20
21   number of Workweeks worked by each Settlement Class Member, and the number of Settlement

22   Class Members, as appropriate.   In addition, each Settlement Class Member who is a former

23   employee of Defendant's as of the date of the preliminary approval of Settlement shall receive an

24   additional payment of $250.00, which shall account for waiting time penalties applicable only to

25   former employees under the California Labor Code, such portion to be calculated from the NSA

26   and which shall not increase the NSA.

27

28

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

- 14 -

CASE NO. 2:17-CV-06187 FMO (ASX)
SECOND AMENDED STIPULATION OF
SETTLEMENT AND RELEASE

1    25. Disputes Regarding Individual Settlement Payments: Settlement Class Members will have

2    the opportunity, should they disagree with Defendant's records regarding their number of

3    Workweeks, as stated on their Class Notice, to provide documentation and/or an explanation to

4    show contrary information by submitting documentation and/or and an explanation supporting the

5    Class Member's claim to compensation for a different number of workweeks to the Claims

6    Administrator for review. Any dispute must be postmarked within forty-five (45) calendar days of

7    the Claims Administrator's mailing of the Class Notice. If disputes are not submitted in a timely

8    manner, Settlement Class Members will be paid based on Defendant's records. If there is a dispute,

9    after receiving the Class Member's timely documentation and/or explanation, the Claims

10   Administrator will consult with the Parties to determine whether an adjustment is warranted. The

11   Claims Administrator shall determine the eligibility for, and the amounts of, any individual

12   settlement payments under the terms of this Agreement. The Claims Administrator's determination

13   of the eligibility for and amount of any individual settlement payment shall be binding upon the

14   Settlement Class Member and the Parties.

15   26. Class Data List: Following the preliminary approval of the Settlement by the Court,

16   Defendant will have thirty (30) business days to provide the Claims Administrator with the Class

17   Data List. Based on the Class Data List, the Claims Administrator will calculate the total number

18   of Workweeks for the Settlement Class Members. This will result in an aggregate amount of

19   Workweeks, as well as an individual amount of Workweeks for each of the Settlement Class

20   Members. In order to determine the amount of payment for each Workweek, the NSA will be

21   divided by the total aggregate Workweeks of the Class Members, less $250.00 for each former

22   employee.

23   27. Tax Treatment of Each Class Member's Portion of NSA: The individual settlement payment

24   to each Settlement Class Member will be allocated as 20% back wages, 30% non-wage interest,

- 15 -

CASE NO. 2:17-CV-06187 FMO (ASX)
SECOND AMENDED STIPULATION OF
SETTLEMENT AND RELEASE

010-8982-9876/1/AMERICAS

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

1    and 50% penalties or liquidated damages. This allocation shall not apply to the Service Award to

2    Plaintiff because no part of such Service Award will be wages. Notwithstanding the tax treatment,

3    none of the payments to Class Members will be treated as earnings or wages under any benefit or

4    retirement plans. The payroll deductions for the wage portion of the individual settlement payments

5    will be calculated by the Claims Administrator, subtracted from the settlement payments, and paid

6    to the appropriate government agencies. Defendant shall be responsible for the employer's share of

7    the government payroll obligations, which Defendant will pay in addition to the GSA. The Claims

8    Administrator will calculate the amount owed by Defendant, which will be paid to the Claims

9    Administrator by Defendant at the time that it funds the remaining portions of the settlement. The

10   Claims Administrator will then prepare a Form W-2 and Form 1099 for each Settlement Class

11   Member, reflecting each Settlement Class Member's non-wage income and wage income. The

12   Claims Administrator will be responsible for preparing these forms correctly. The Claims

13   Administrator shall also be responsible for submitting Defendant's share of the government payroll

14   obligations to the appropriate government agencies on behalf of Defendant.

15

16

17        28. Tax Treatment of Plaintiff's Service Award: Plaintiff will receive an IRS Form 1099 for his

18   portion of the Service Award, and will be responsible for correctly characterizing this additional

19   compensation for tax purposes and for payment of any taxes owing on said amount.

20

21        29. Taxes and Withholdings: The Claims Administrator shall be responsible for calculating and

22   withholding all required state and federal taxes on behalf of both Settlement Class Members and

23   Defendant, and for communicating this information to the Parties in a report in which the names of

24   the Settlement Class Members will be coded. For each Settlement Class Member, the report shall

25   state the number of Workweeks, the gross award, the Settlement Class Member's share of taxes

26   withheld, the net award, and the amount of Defendant's related payroll burden to be paid to

27

28   government entities. The Claims Administrator will not disclose to Class Counsel any home address,

- 16 -

CASE NO. 2:17-CV-06187 FMO (ASX)
SECOND AMENDED STIPULATION OF
SETTLEMENT AND RELEASE

1  telephone number, or other personal information of any Settlement Class Member unless so ordered

2  by the Court.

3    30. Reporting to Parties: After the Class Notice is mailed to the Potential Settlement Class

4  Members, the Claims Administrator shall provide a bi-weekly report to Class Counsel and

5  Defendant's counsel setting forth the number of opt-outs received. Within ten (10) calendar days

6

7  after the expiration of the original opt out deadline set forth in the Class Notice and the extended

8  deadline for any Potential Settlement Class Members who receive a re-mailed Notice Packet, the

9  Claims Administrator will provide a further report certifying jointly to Class Counsel and

10  Defendant's counsel the final number of valid opt outs.

11    31. Dispute of Final Report: After the Claims Administrator provides the final report of all opt

12  out individuals, counsel for the Parties shall have ten (10) business days to review and make any

13  objections to the report from the Claims Administrator. The Parties shall meet and confer regarding

14  any disputes with respect to the timeliness of the opt-outs received or the calculation of the award

15

16  checks.  Any dispute that cannot be resolved by the Parties shall be decided by the Claims

17  Administrator. .

18    32. Contact with Class Members: Class Counsel agrees not to affirmatively telephone, e-mail,

19  or otherwise contact any Potential Settlement Class Members or Settlement Class Members, other

20  than Plaintiff, regarding the settlement. Class Counsel may, however, confer with any Potential

21

22  Settlement Class Member who has initiated contact with Class Counsel, provided that Class

23  Counsel does not encourage Potential Settlement Class Members to opt out under any

24  circumstances.

25    33. Withdrawal from Settlement: Defendant, at its sole option, shall have the right to elect to

26  withdraw from the Settlement if more than five percent (5%) of the Potential Settlement Class

27

28

- 17 -

CASE NO. 2:17-CV-06187 FMO (ASX)
SECOND AMENDED STIPULATION OF
SETTLEMENT AND RELEASE

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

1  Members opt out of the Settlement. No Party shall take any action to encourage or persuade any

2  Potential Settlement Class Member to opt out of or object to the Settlement.

### NOTICE TO THE SETTLEMENT CLASS

34. Notice to Class Members: Within fifteen (15) calendar days of receipt of the Class Data

5  List, the Claims Administrator shall mail, by U.S. First Class, to all Potential Settlement Class

6

7  Members a Class Notice. The Class Notice will list the individual Potential Settlement Class

8  Member's total number of Workweeks and estimated amount of the settlement payment.

9  35. Opt-Out Procedure for Settlement Class: The Class Notice sent to all Potential Settlement

10  Class Members will include the right of each individual Potential Settlement Class Member to opt

11  out of the Settlement. Any Potential Settlement Class Member who wishes to opt out of the

12  Settlement must complete and submit a written statement requesting exclusion from the Settlement

13

14  within sixty (60) calendar days from the date that Class Notice is first mailed to the Settlement

15  Class Member or, thirty (30) calendar days after the Potential Settlement Class Member's Class

16  Notice is returned undeliverable and re-mailed, whichever is later. Such written request for

17  exclusion must contain the full name, current home (or mailing) address, and last four digits of the

18  Social Security number of the person requesting exclusion, and it must include the statement, or

19  words that are sufficiently similar to the following: "I wish to be excluded from the Settlement of

20  the case entitled Tinoco v. Hajoca Corp., Case No. 2:17-cv-06187-FMO (ASX)." The written

21

22  request must be signed by the person requesting exclusion and must be returned by mail to the

23  Claims Administrator at the specified address set forth on the Class Notice, and must be postmarked

24  on or before the deadline to opt out. The date of the postmark on the return mailing envelope shall

25  be the exclusive means used to determine whether a request for exclusion has been timely submitted.

26  In the event of any dispute concerning whether a Potential Settlement Class Member has timely

27

28

- 18 -

CASE NO. 2:17-CV-06187 FMO (ASX)
SECOND AMENDED STIPULATION OF
SETTLEMENT AND RELEASE

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

1  and properly opted out of the Settlement, counsel for the Parties shall meet and confer in good faith

2  to resolve such dispute.

3  36. <u>FLSA Opt-In Procedure</u>: The Class Notice sent to all Potential Settlement Class Members

4  will also include the right of each individual Potential Settlement Class Member to "opt-in"

5  consistent with the FLSA. Those Potential Settlement Class Members who opt-in shall release their

6  wage claims under the FLSA. Those who do not opt-in or opt-out of the Settlement Class shall

7  only release claims under applicable California laws.

8

9  37. <u>Returned Mail</u>: If the Class Notice is returned as undeliverable with a forwarding address

10  provided by the United States Postal Service, the Claims Administrator will promptly resend the

11  Class Notice to that forwarding address along with a brief letter stating that the Potential Settlement

12  Class Member has until the original deadline set forth on the Class Notice or thirty (30) calendar

13  days after the re-mailing of the Class Notice (whichever is later) to opt out of the Settlement. If the

14  Class Notice is returned as undeliverable without a forwarding address, the Claims Administrator

15  will perform one (1) skip trace only, and if it obtains a more recent address, will resend the Class

16  Notice along with a brief letter stating that the Potential Settlement Class Member has until the

17  original deadline set forth on the Class Notice or thirty (30) calendar days after the re-mailing of

18  the Class Notice (whichever is later) to submit an opt out request.

19

20  38. <u>Uncashed Checks</u>: If any Settlement Class Member fails to cash his or her award check

21  within one hundred twenty (120) calendar days of distribution, the funds associated with any checks

22  that are not timely negotiated will be considered unclaimed property and turned over to the State

23  Controller's office pursuant to California Code of Civil Procedure section 1500 *et seq.* and

24  California Administrative Code section 1150 *et seq.* Class Members who, for any reason, do not

25  negotiate their checks in a timely manner shall remain subject to the terms of the judgment,

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

- 19 -

CASE NO. 2:17-CV-06187 FMO (ASX)
SECOND AMENDED STIPULATION OF
SETTLEMENT AND RELEASE

Case 2:17-cv-06187-FMO-AS   Document 57-1   Filed 10/17/19   Page 32 of 52   Page ID
#:1057
Case 2:17-cv-06187-FMO-AS   Document 46-1   Filed 11/09/18   Page 21 of 41   Page ID #:845

1   including releasing the Released Claims set forth in this Agreement, except for those claims under

2   the Fair Labor Standards Act.

3

### FUNDING AND PAYMENT OF SETTLEMENT

4

5   39. Funding of Settlement: Within fifteen (15) calendar days of the Effective Date, Defendant

6   will deposit the money necessary to fund the Settlement into an account maintained by the Claims

7   Administrator.

8   40. Payment Procedure: Within fifteen (15) calendar days after Defendant's deposit of funds

9   with the Claims Administrator, the Claims Administrator will pay all items identified in the

10  Settlement, including without limitation all settlement awards to the Class Members, all state and

11  federal taxes on behalf of the Class Members and Defendant, and the LWDA Payment, the Court-

12  approved Attorneys' Fees and Attorneys' Costs to Class Counsel, the Claims Administration Fee

13  to the Claims Administrator, and the Service Award to Plaintiff.

14

15

### RELEASE BY THE CLASS

16  41. Upon final approval by the Court, each Potential Settlement Class Member who has not

17  submitted a timely and valid written request to opt out of the Settlement shall have released, to the

18  maximum extent permitted by law, Defendant and each of the Releasees, from all Released Claims

19  as defined above except for any claims under the FLSA.

20

21  42. Upon final approval by the Court, each Potential Settlement Class Member who has

22  submitted a timely and valid written opt-in notice shall have released, to the maximum extent

23  permitted by law, Defendant and each of the Releasees, from all Released Claims including those

24  claims under the FLSA.

25  43. The Claims Administrator shall track which Potential Settlement Class Members opts in,

26  opts out, and those who did not cash settlement checks and provide a report to Class Counsel and

27  Defendant's Counsel.

28

- 20 -

CASE NO. 2:17-CV-06187 FMO (ASX)
SECOND AMENDED STIPULATION OF
SETTLEMENT AND RELEASE

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

Case 2:17-cv-06187-FMO-AS   Document 57-1   Filed 10/17/19   Page 33 of 52   Page ID
Case 2:17-cv-06187-FMO-AS   Document 46-1   Filed 11/09/18   Page 22 of 41   Page ID #:846
#:1058

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

## CONFIDENTIALITY OF SETTLEMENT

44. Plaintiff and Class Counsel will not engage in any type of publicity related to this Action or settlement, including but not limited to posting the fact of this Action or Settlement on any website, issuing any type of press release regarding this Action or Settlement, initiating any media coverage (digital, radio, satellite, print, recorded, social media, including Facebook, Twitter, Instagram, etc.) or responding to any request for comment about the Action or Settlement, or responding to any press inquiries regarding this Action or Settlement, except that nothing in this paragraph shall prohibit Class Counsel or Defendant from notifying the Potential Settlement Class Members of their right to participate in the Settlement and procedures related thereto prior to the Court's Final Approval of the Settlement, subject to the parties' agreement on, or the Court's directive regarding, additional notice procedures. Class Counsel further agrees that to the extent previous websites were created to notify putative class members of this Action, such websites will be immediately removed.

## DUTIES OF THE PARTIES PRIOR TO COURT APPROVAL

45. The Parties have prepared and filed with the Court a motion for preliminary approval and determination by the Court as to the fairness, adequacy, and reasonableness of this Settlement. The motion for preliminary approval requested entry of a preliminary order which would accomplish the following:

a. Schedule a fairness hearing on the question of whether the proposed Settlement, including payment of Attorneys' Fees and Attorneys' Costs, the LWDA Payment, and the Service Award, should be finally approved as fair, reasonable, and adequate as to the Settlement Class Members;

b. Certify a Settlement Class for all claims;

c. Certify this Action under California Code of Civil Procedure § 382 and §216(b) of the FLSA as a collective and class action for purposes of settlement;

- 21 -

CASE NO. 2:17-CV-06187 FMO (ASX)
SECOND AMENDED STIPULATION OF
SETTLEMENT AND RELEASE

Case 2:17-cv-06187-FMO-AS   Document 57-1   Filed 10/17/19   Page 34 of 52   Page ID
#:1059
Case 2:17-cv-06187-FMO-AS   Document 46-1   Filed 11/09/18   Page 23 of 41   Page ID #:847

SQUIRE PATTON BOGGS (US) LLP
555 South Tower Street, 31st Floor
Los Angeles, California 90071

1         d.  Approve as to form and content the proposed Class Notice;

2         e.  Approve the settlement of the PAGA Claims as fair and reasonable;

3         f.  Direct the mailing of the Class Notice by first class mail to the Potential Settlement

4             Class Members;

5

6         g.  Preliminarily approve the Settlement subject only to the objections of Potential

7             Settlement Class Members and final review by the Court;

8         h.  Preliminarily approve the Claims Administrator and approve payment of the charges

9             of the Claims Administration Fees pursuant to the terms of this Stipulation of

10            Settlement;

11         i.  Preliminarily approve Class Counsel's request for Attorneys' Fees and Attorneys'

12            Costs subject to final review of the Court; and

13

14         j.  Preliminarily approve Class Counsel's request for Plaintiff's Service Award.

15      46.    Defendant shall be responsible for all notices required under the Class Action

16  Fairness Act, 28 U.S. Code §1715, including all fees and costs associated therewith.

17                **DUTIES OF THE PARTIES FOLLOWING FINAL APPROVAL**

18  47. Following final approval of the Settlement provided for in this Stipulation of Settlement,

19  Class Counsel will submit a proposed final order:

20

21         a.  Approving the Settlement, adjudging the terms thereof to be fair, reasonable, and

22            adequate, and directing consummation of its terms and provisions;

23         b.  Approving Class Counsel's application for an award of Attorneys' Fees and

24            reimbursement of Attorneys' Costs;

25         c.  Approving Plaintiff's Service Award;

26         d.  Releasing all claims against Defendant and the Releasees during the Class Period

27            on behalf of the Class Members; and

28

- 22 -

CASE NO. 2:17-CV-06187 FMO (ASX)
SECOND AMENDED STIPULATION OF
SETTLEMENT AND RELEASE

e. Entering Final Judgment.

## PARTIES' AUTHORITY

48. The signatories hereto hereby represent that they are fully authorized to enter into this Stipulation of Settlement and bind the Parties to the terms and conditions of the Settlement.

## MUTUAL FULL COOPERATION

49. The Parties agree to fully cooperate with each other to accomplish the terms of this Stipulation of Settlement, including but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement the terms of this Stipulation of Settlement. The Parties to this Stipulation of Settlement shall use their best efforts, including all efforts contemplated by this Stipulation of Settlement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Stipulation of Settlement and the terms set forth herein. As soon as practicable after execution of this Stipulation of Settlement, Class Counsel shall, with the assistance and cooperation of Defendant and its counsel, take all necessary steps to secure the Court's final approval of this Stipulation of Settlement.

## NO PRIOR ASSIGNMENTS

50. The Parties represent, covenant, and warrant that they have not directly or indirectly assigned, transferred, encumbered, or purported to assign, or transfer to any person or entity any portion of any liability, claim, demand, action, cause of action, or rights herein released and discharged except as set forth herein.

## NO ADMISSION

51. Nothing contained herein, nor the consummation of this Stipulation of Settlement, is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendant. Defendant specifically denies any liability. Each of the Parties hereto has entered

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

- 23 -

CASE NO. 2:17-CV-06187 FMO (ASX)
SECOND AMENDED STIPULATION OF
SETTLEMENT AND RELEASE

Case 2:17-cv-06187-FMO-AS   Document 57-1   Filed 10/17/19   Page 36 of 52   Page ID
#:1061
Case 2:17-cv-06187-FMO-AS   Document 46-1   Filed 11/09/18   Page 25 of 41   Page ID #:849

1    into this Stipulation of Settlement with the intention to avoid further disputes and litigation with

2    the attendant inconvenience and expenses.

3    ## CONSTRUCTION

4    52. The Parties agree that the terms and conditions of this Stipulation of Settlement are the
5    result of lengthy, intensive arm's-length negotiations between the Parties and were arrived at after
6    a mediation session and further negotiations after the Court's Preliminary Approval hearing
7    regarding the prior Stipulation of Settlement. The Parties further agree that this Stipulation of
8    Settlement shall not be construed in favor of or against any Party by reason of the extent to which
9    any party or her, or its counsel participated in the drafting of this Stipulation of Settlement.
10

11    ## CAPTIONS AND INTERPRETATIONS

12    53. Paragraph titles or captions contained herein are inserted as a matter of convenience and for
13    reference, and in no way define, limit, extend, or describe the scope of this Stipulation of Settlement
14    or any provision hereof. Each term of this Stipulation of Settlement is contractual and not merely a
15    recital.
16

17    ## MODIFICATION

18    54. This Stipulation of Settlement may not be changed, altered, or modified, except in writing
19    and signed by the Parties hereto, and approved by the Court. This Stipulation of Settlement may
20    not be discharged except by performance in accordance with its terms or by a writing signed by the
21    Parties hereto.
22

23    ## INTEGRATION CLAUSE

24    55. This Stipulation of Settlement contains the entire agreement between the Parties relating to
25    the Settlement and transaction contemplated hereby, and all prior or contemporaneous agreements,
26    understandings, representations, and statements, whether oral or written and whether by a Party or
27    such Party's legal counsel, are merged herein. No rights hereunder may be waived except in writing.
28

CASE NO. 2:17-CV-06187 FMO (ASX)
- 24 -    SECOND AMENDED STIPULATION OF
SETTLEMENT AND RELEASE

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

## BINDING ON ASSIGNS

56. This Stipulation of Settlement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

## CLASS COUNSEL SIGNATORIES

57. It is agreed, that because of the large number of Settlement Class Members, it is impossible or impractical to have each Settlement Class Member execute this Stipulation of Settlement. The Class Notice will advise all Settlement Class Members of the binding nature of the release and such shall have the same force and effect as if this Stipulation of Settlement were executed by each member of the Settlement Class.

## COUNTERPARTS

58. This Stipulation of Settlement may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Stipulation of Settlement, which shall be binding upon and effective as to all Parties.

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

- 25 -

CASE NO. 2:17-CV-06187 FMO (ASX)
SECOND AMENDED STIPULATION OF
SETTLEMENT AND RELEASE

1   DATED:_____

2                                                    JOSE TINOCO

3                                                    By:_____
                                                        Plaintiff and Class Representative
4   DATED:_____

                                                    LAW OFFICES OF SAHAG MAJARIAN II
5
                                                    By:_____
6                                                       Sahag Majarian, II, Esq.
                                                        Attorney for Plaintiff JOSE TINOCO
7   DATED:_____
                                                    KOUL LAW FIRM
8
                                                    By:_____
9   DATED:___11/7/18___                                 Nazo L. Koulloukian, Esq.
                                                        Attorney for Plaintiff JOSE TINOCO
10
                                                    HAJOCA CORPORATION
11
                                                    By:_____
12  DATED:___11/8/18___                                 Defendant

13                                                  SQUIRE PATTON BOGGS (US) LLP

14                                                  By:_____
                                                        Katharine J. Liao, Esq.
15                                                      Attorney for Defendant
                                                        HAJOCA CORPORATION
16

17

18

19

20

21

22

23

24

25

26

27

28

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

- 26 -

CASE NO. 2:17-CV-06187 FMO (ASX)
SECOND AMENDED STIPULATION OF
SETTLEMENT AND RELEASE

DATED: __11-09-18__

DATED: __11/9/18__

DATED: __11/9/18__

DATED: _____

DATED: _____

JOSE TINOCO

By: _Jose M Tinoco_
Plaintiff and Class Representative

LAW OFFICES OF SAHAG MAJARIAN II

By: _____
Sahag Majarian, II, Esq.
Attorney for Plaintiff JOSE TINOCO

KOUL LAW FIRM

By: _____
Nazo L. Koulloukian, Esq.
Attorney for Plaintiff JOSE TINOCO

HAJOCA CORPORATION

By: _____
Defendant

SQUIRE PATTON BOGGS (US) LLP

By: _____
Katharine J. Liao, Esq.
Attorney for Defendant
HAJOCA CORPORATION

- 26 -

CASE NO. 2:17-CV-06187 FMO (ASX)
SECOND AMENDED STIPULATION OF
SETTLEMENT AND RELEASE

010-8692-9878/1/AMERICAS

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California  90071

# EXHIBIT 1

Case 2:17-cv-06187-FMO-AS   Document 57-1   Filed 10/17/19   Page 41 of 52   Page ID
#:1066
Case 2:17-cv-06187-FMO-AS   Document 46-1   Filed 11/09/18   Page 30 of 41   Page ID #:854

<u>EXHIBIT 1</u>

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT ("NOTICE")**

A proposed settlement (the "Settlement") has been reached in the class action lawsuit entitled *Jose Tinoco v. Hajoca Corporation*, United States District Court, Central District of California Case No. 2:17-CV-06187 (the "Litigation"). Because your rights will be affected by this Settlement, it is extremely important that you read this Notice carefully.

As explained in more detail below, current and former nonexempt hourly employees of Hajoca Corporation ("Hajoca") who were employed in the State of California during any workweek from July 19, 2013 to **[insert date of preliminary approval of the settlement]** ("Class Members") shall automatically receive a portion of the Settlement unless they request exclusion from the Settlement.

A.      PURPOSE OF THIS NOTICE

The United States District Court, Central District of California has certified, for settlement purposes only, the following class (the "Class") of current and former employees of Hajoca:

All current and former nonexempt hourly employees of Defendant who were employed in the State of California in any workweek from July 19, 2013 to **[insert date of preliminary approval of the settlement]**, who have not requested exclusion from the Settlement after the Notice Period and who are therefore in the Settlement Class that is certified for purposes of Settlement only, following entry of an Order by the Court.

According to Hajoca's records, you are a Class Member. The purpose of this Notice is to inform you about the proposed Settlement and to explain your rights and options with respect to the Litigation and the Settlement.

B.      DESCRIPTION OF THE LITIGATION

On July 19, 2017, Plaintiff Jose Tinoco ("Plaintiff") filed a lawsuit against Hajoca (the "Litigation"). The Litigation currently alleges that Plaintiff and other hourly nonexempt Hajoca employees that were employed in the State of California were not properly paid wages, overtime, were denied appropriate meal and rest periods, were not timely paid wages upon termination (or late payment penalties), and were not provided accurate wage statements. Plaintiff also claimed that Hajoca engaged in unlawful business practices.

Plaintiff sought to recover, through a class action and representative action under the Private Attorneys General Act ("PAGA"), unpaid wages and expenses, pre-judgment interest, attorneys' fees, and costs of litigation, as well as various penalties and other relief on behalf of himself and similarly situated current and former Hajoca employees.

Hajoca denied and continues to deny Plaintiff's claims.  Hajoca contends that it has not violated any laws and that Class Members were provided with all required meal and rest breaks, were properly paid all wages including overtime compensation, were timely paid wages upon termination, were provided accurate wage statements, and were paid any penalties due. Hajoca also contended that the Litigation was not suitable for class action treatment.

This Settlement is the result of arm's-length negotiations between Plaintiff and Hajoca. Both sides agree that, in light of the risks and expenses associated with continued litigation, this Settlement is

Page 1 of 6

010-8693-0509/1/AMERICAS

fair and appropriate under the circumstances. Please be advised that the United States District Court, Central District of California has not ruled on the merits of Plaintiff's claims or Hajoca's defenses.

The attorneys for the Class in the Litigation ("Class Counsel") are:

> Nazo Kouloukian, SBN 263809
> nazo@koullaw.com
> KOUL LAW FIRM
> A Professional Law Corporation
> 3435 Wilshire Blvd., Suite 1710
> Los Angeles, CA 90010
> Telephone: (213) 761-5484

> Sahag Majarian, II, Esq. SBN 146621
> Sahagii@aol.com
> LAW OFFICES OF SAHAG MAJARIAN II
> 18250 Ventura Blvd.
> Tarzana, CA 91356
> Telephone:  (818) 609-0807

The attorneys for Hajoca are:

> Katharine J. Liao, SBN 255157
> Katharine.liao@squirepb.com
> Marisol C. Mork, SBN 265170
> Marisol.mork@squirepb.com
> SQUIRE PATTON BOGGS (US) LLP
> 555 South Flower Street, 31st Floor
> Los Angeles, CA 90071
> Telephone:     213.624.2500

On **[Insert Date]**, the Court granted preliminary approval of the proposed Settlement. The Court will decide whether to give final approval to the proposed Settlement at a hearing scheduled for **[Insert Date]**. See Section H below for details.

C.    SUMMARY OF TERMS OF THE PROPOSED SETTLEMENT

Subject to Court approval, the essential terms of the Settlement are as follows:

*   Hajoca shall pay a maximum sum of one million four hundred thousand dollars ($1,400,000.00) that shall be referred to herein as a Gross Settlement Amount ("GSA"). The payment of the GSA by Hajoca shall settle all pending issues between the Releasees (which are Hajoca and each of its all of its past, present, and future parent companies, successors, assigns, or other affiliates; controlling persons, subsidiaries, and affiliates of either Hajoca or of those parent companies or affiliates; directors, officers, insurers, agents, attorneys, and employees of Hajoca or of its parents, those affiliates, or their investors; and any benefit plans sponsored by any such entities) and the Class Members, including, but not limited to, all payments of class claims, LWDA payment, Claims Administration Fee, attorneys' fees, attorneys' costs, and named plaintiff service awards.

- Class Members shall automatically receive a Settlement payment unless they request exclusion from the Settlement pursuant to Section E below.

- If you request exclusion from Settlement, you will not receive a settlement payment and you will not be releasing any Released Claims. The amount of your minimum settlement payment, as well as the number of workweeks used to calculate your entitlement, are pre-printed on this Notice, below – see Section D. The period used for calculating shares is July 19, 2013 to [insert date of preliminary approval of settlement].

- If you do not request exclusion from the Settlement, you will receive a settlement payment and you will release all Released Claims under California laws, regardless of whether you cash the check.

- Class Members shall also have the opportunity to submit a claim form.  If you submit a claim form, you will receive your Settlement payment and you will release all Released Claims under both California and federal laws, regardless of whether you cash the check.

- <u>Tax Treatment of Claim Share Portion of Settlement Payments</u>: The settlement payment to each Class Member will be allocated as 20% back wages, 30% non-wage interest, and 50% penalties or liquidated damages.

- Class Counsel will ask the Court to award attorneys' fees not to exceed $420,000 (30% of the GSA) and actual litigation costs as shown by proper documentation, to be determined by the Court. In addition, Class Counsel will ask the Court to authorize a service award to Plaintiff Jose Tinoco in the amount of five thousand dollars ($5,000.00) in return for his service in representing the Class, and the payment to the claims administrator of the costs of administering the Settlement which has been estimated to be nine thousand, five hundred dollars ($9,500.00).

- Upon Final Approval by the Court, each Class Member who has not submitted a timely and valid Request for Exclusion will release, to the extent permitted by law, Hajoca and the Releasees from all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, and causes of action  in and related to the Litigation, as well as all claims arising between July 19, 2013 and [insert date of preliminary approval of Settlement] related to the factual allegations in the Litigation ("Released Claims") under California Law. This includes but is not limited to claims arising between July 19, 2013 and [insert date of preliminary approval of Settlement]: (a) for worked but unpaid time (including, but not limited to, such as a result of alleged rounding practices); (b) for unpaid or underpaid overtime (including, but not limited to, such as a result of an alleged failure to include any profit sharing or other bonuses or incentive payments in employees' regular rates of pay); (c) concerning rest breaks or meal breaks; and (d) concerning payroll requirements, wage statement requirements, record retention, or any other pay-related practices. This further includes but is not limited to any and all claims arising between July 19, 2013 and [insert date of preliminary approval of Settlement] that can lawfully be released arising from said allegations under the California Labor Code, the Business & Professions Code (including Section 17200 et seq.), and PAGA (the "Released Claims").

- In addition, upon Final Approval by the Court, each Class Member each Class Member: (1) who has not submitted a timely and valid Request for Exclusion; and (2) who has submitted a timely claim form will release the Released Claims as defined above under both California and federal law, including under the Fair Labor Standards Act.

Page 3 of 6

- Upon Final Approval, the Court will enter a Judgment of Dismissal with prejudice, but will retain jurisdiction to enforce the terms of the Settlement.

### D.     TO RECEIVE A SETTLEMENT PAYMENT

You have been identified to be a Class Member under this Settlement.

The amount of your approximate gross settlement payment is: **[insert approximate payment, including the $250 if former employee].**

This is based on your number of workweeks during the class period, which is/are calculated to be: **[insert workweeks].**

If you disagree with Hajoca's records regarding the number of Workweeks for which you are entitled to compensation, you may provide documentation and/or an explanation to show contrary information by submitting such documentation and/or and an explanation supporting your claim to compensation for a different number of workweeks to the Claims Administrator (address in Section E below).

Any dispute must be postmarked within forty-five (45) days of the Claims Administrator's mailing of this Class Notice. If disputes are not submitted in a timely manner, you will be paid based on Hajoca's records. If there is a dispute, after receiving your timely documentation and/or explanation, the Claims Administrator will consult with the Class Counsel and Hajoca's counsel to determine whether an adjustment is warranted. The Claims Administrator shall determine the eligibility for, and the amounts of, any Individual Settlement Payments under the terms of the Settlement. The Claims Administrator's determination of the eligibility for any amount of any individual settlement payment shall be binding upon the Settlement Class Member and the Parties.

You shall automatically receive a payment under the Settlement unless you request to be excluded from the Settlement, pursuant to Section E below.

### E.     TO REQUEST EXCLUSION FROM THE SETTLEMENT

If you do not want to participate in the Settlement, you must submit a written statement requesting exclusion from the Settlement ("Request for Exclusion"). The Request for Exclusion must contain your full name, current home (or mailing) address, and last four digits of your Social Security number, and the statement "I wish to be excluded from the Settlement of the case entitled Tinoco v. Hajoca Corporation, Case No. 2:17-CV-06187." All information must be legible. The Request for Exclusion must also be signed by you and returned by mail to the Claims Administrator at the address listed below. In order to be valid, the Request for Exclusion must be postmarked no later than **[Insert Date].**

The Claims Administrator is:

CPT GROUP

Attention: _____
50 Corporate Park
Irvine, CA 92606
Direct Number: **(818) 415-2703**

Page 4 of 6

If you are excluded from the Settlement, you will not be eligible to receive any of the benefits under the Settlement. You will, however, retain whatever legal rights you may have against Hajoca and the Releasees with regard to the Released Claims.

F.      TO OBJECT TO THE SETTLEMENT

If you believe the proposed Settlement is unfair or inadequate in any respect, you may object to the Settlement, either personally or through an attorney, by filing a written objection with the Court. All objections must be signed and must set forth your address, telephone number, and the name of the Litigation (Tinoco v. Hajoca Corporation, Case No. 2:17-CV-06187), and be filed with the Court no later than [Insert Date].

If you submit a timely objection, you may appear, either personally or through an attorney, at your own expense, at the final approval hearing, discussed below in Section H. Your objection should clearly explain why you object to the proposed Settlement and must state whether you or someone on your behalf intends to appear at the Final Approval Hearing.

Any member of the Class who does not object in the manner described above shall be deemed to have waived any objections, and shall forever be foreclosed from objecting to the fairness or adequacy of the proposed Settlement, the payment of attorneys' fees, litigation costs, the service award to Plaintiff, the claims process, and any and all other aspects of the Settlement. If the Settlement is not approved by the Court, the Litigation will continue with a contested class certification motion, and possibly trial or other judicial resolution.

G.      IF YOU DO NOTHING

If you do nothing in response to this Notice, you will automatically receive a payment under the Settlement, and you will be deemed to have released all of the Claims related to the Litigation under California laws against Hajoca and the Releasees.  You will not release Claims related to the Litigation under federal laws against Hajoca and the Releasees.

H.      FINAL APPROVAL HEARING ON PROPOSED SETTLEMENT

The Final Approval Hearing on the fairness and adequacy of the proposed Settlement, the plan of distribution, the PAGA allocation and LWDA Payment, Class Counsel's request for attorneys' fees and costs, the administrative costs, and the service award to Plaintiff Jose Tinoco, as well as all other terms and conditions of the proposed Settlement, will be held on [Insert Date] at [Insert Time] in Courtroom 6D of the United States District Court, Central District of California, located at 350 W. 1st Street, 6th Floor, Los Angeles, CA 90012. The Final Approval Hearing may be continued or relocated without further notice.

I.      ADDITIONAL INFORMATION

This Notice only summarizes the Litigation, the Settlement, and other related matters. For more information, you may review the Court's files at the records office of the United States District Court, Central District of California, located at 350 W. 1st Street, 6th Floor, Los Angeles, CA 90012, from 8:30 a.m. to 4:00 p.m. Monday through Friday. Any questions regarding this Notice should be addressed to the Claims Administrator at the above address and/or telephone number – PLEASE DO NOT CONTACT THE COURT WITH THESE QUESTIONS. Alternatively, you may contact Class Counsel at the addresses and telephone numbers set forth above. If your address changes, or is different from the one on the envelope enclosing this Notice, please promptly notify the Claims Administrator.

Page 5 of 6

010-8693-0509/1/AMERICAS

Case 2:17-cv-06187-FMO-AS  Document 57-1  Filed 10/17/19  Page 46 of 52  Page ID
Case 2:17-cv-06187-FMO-AS  Document 46-1  Filed 11/09/18  Page 35 of 41  Page ID #:859
#:1071

## "OPT-IN" CLAIM FORM – CONSENT TO JOIN

IF YOU WANT TO OPT-IN TO THIS LAWSUIT AND RELEASE ANY CLAIMS YOU HAVE
UNDER THE FAIR LABOR STANDARDS ACT, PLEASE:

1. COMPLETE AND SIGN THIS CONSENT TO JOIN LAWSUIT FORM; AND

2. USE THE ENCLOSED ENVELOPE TO RETURN THIS FORM TO THE
   ADDRESS BELOW NOT LATER THAN [INSERT DATE]:

CPT GROUP

Attention: _____

50 Corporate Park
Irvine, CA 92606
Direct Number: (818) 415-2703

YOU CAN ALSO FAX THE CONSENT TO JOIN FORM TO _____ OR SCAN
AND EMAIL IT TO: _____.

By submitting this form, I believe that the Settlement more than compensates me for any and all unpaid
wages under the Fair Labor Standards Act, during the time period of July 19, 2013 to [INSERT DATE
OF PRELIMINARY APPROVAL] and I am opting in to this Action and waiving any Released
Claims, as defined in the Class Action Notice.

I have reviewed the Notice carefully and agree to the number of workweeks identified for me in the
Notice.

I consent to join the collective and class action, and authorize Class Counsel to act on my behalf in all
matters relating to this action, including any settlement of my claims.


_____
Print Name


_____
Signature


_____
Date

Page 6 of 6

## MUESTRA 1[*]

### NOTIFICACIÓN DEL ARREGLO PROPUESTO DE LA DEMANDA CONJUNTA ("NOTIFICACIÓN")

Se ha propuesto un arreglo (el "Arreglo") en la demanda conjunta que se llama *Jose Tinoco v. Hajoca Corporation,* en la Corte de Procedimiento Federal del Distrito Central de California, Caso Número 2:17-CV-06187 (la "Litigación"). Dado que este Arreglo afectará sus derechos, es extremadamente importante que usted lea esta notificación cuidadosamente.

Como se explica más detalladamente abajo, los empleados por hora actuales y anteriores de Hajoca Corporation ("Hajoca") no exentos a la Ley de Estándares Justos de Trabajo que fueron empleados en el Estado de California durante cualquier semana laboral desde el 19 de julio de 2013 hasta _____ ("Miembros de la Clase") recibirán automáticamente una porción del Arreglo a menos que pidan ser excluidos del Arreglo.

A.    PROPÓSITO DE ESTA NOTIFICACIÓN

La Corte de Procedimiento Federal del Distrito Central de California ha aprobado, sólo para el propósito de arreglos, la siguiente clase (la "Clase") de empleados actuales y anteriores de Hajoca:

Todos los empleados por hora actuales y anteriores de Hajoca Corporation ("Hajoca") no exentos a la Ley de Estándares Justos de Trabajo que fueron empleados en el Estado de California durante cualquier semana laboral desde el 19 de julio de 2013 hasta _____, que no han pedido ser excluidos del Arreglo después del periodo de la notificación y que por lo tanto son parte de la Clase del Arreglo que es certificada sólo por propósitos del Arreglo, después del registro de una orden por la Corte.

Según el registro de Hajoca, usted es un Miembro de la Clase. El propósito de esta notificación es informarle acerca del Arreglo propuesto y explicarle sus derechos y opciones con respecto a la Litigación y el Arreglo.

B.    DESCRIPCIÓN DE LA LITIGACIÓN

El 19 de julio de 2017, el demandante Jose Tinoco ("Demandante") demandó Hajoca (la "Litigación"). La Litigación actualmente alega que el Demandante y otros empleados por hora no exentos de Hajoca en el Estado de California no fueron pagados adecuadamente sus sueldos o por sus horas extras, fueron negados de periodos de comida y descanso adecuados, sus sueldos no fueron pagados a tiempo al terminar su empleo (o las penalidades de pago tardío), y no se les proveyó estados de sueldo acertados. El Demandante también alegó que Hajoca cometió prácticas comerciales ilegales.

El Demandante quería recobrar, a través de una demanda conjunta y una demanda representativa bajo la Ley de Procuradores Generales Privados ("LPGP"), sueldos no pagados, costos, intereses acumulados antes de la decisión judicial, honorarios de abogados, costos de la litigación, y varias penalidades y otras reparaciones por su propia parte y de parte de actuales y anteriores empleados de Hajoca similarmente situados.

Hajoca negó y sigue negando las alegaciones del Demandante. Hajoca afirma que no ha violado ninguna ley y que los Miembros de la Clase fueron provistos de comida y descanso requerido, todos sus sueldos fueron adecuadamente pagados incluyendo sus horas extras, sus sueldos fueron pagados a tiempo al terminar sus empleos, se les proveyó estados de sueldo acertados, y fueron pagados todas las debidas penalidades. Hajoca también afirma que la Litigación no fue apta para el tratamiento de demanda conjunta.

---

[*] Este documento es una traducción hecha de cortesía. En el caso de que exista una inconsistencia entre éste y la versión en inglés, el último controla.

010-8678-5753/3/AMERICAS

Este Arreglo resultó de negociaciones entre el Demandante y Hajoca, los cuales son partes con intereses diversos. Ambas partes están de acuerdo que, considerando los riesgos y costos relacionados con la Litigación continua, este Arreglo es justo y apropiado bajo las circunstancias. Note por favor que la Corte de Procedimiento Federal del Distrito Central de California no ha decidido los méritos de las alegaciones del Demandante o las defensas de Hajoca.

Los abogados de la Clase en la Litigación ("Abogados de la Clase") son los siguientes:

> Nazo Koulloukian, SBN 263809
> nazo@koullaw.com
> KOUL LAW FIRM
> A Professional Law Corporation
> 3435 Wilshire Blvd., Suite 1710
> Los Angeles, CA 90010
> Telephone:  (213) 761-5484

> Sahag Majarian, II, Esq. SBN 146621
> Sahagii@aol.com
> LAW OFFICES OF SAHAG MAJARIAN II
> 18250 Ventura Blvd.
> Tarzana, CA 91356
> Telephone:  (818) 609-0807

Las abogadas de Hajoca son las siguientes:

> Katharine J. Liao, SBN 255157
> Katharine.liao@squirepb.com
> Marisol C. Mork, SBN 265170
> Marisol.mork@squirepb.com
> SQUIRE PATTON BOGGS (US) LLP
> 555 South Flower Street, 31st Floor
> Los Angeles, CA 90071
> Telephone:  213.624.2500

El _____, la Corte aprobó preliminarmente el Arreglo propuesto. La Corte decidirá si dará la aprobación al Arreglo propuesto durante una audiencia programada para el _____. Véase la Sección H abajo para más detalles.

## C.   RESUMEN DE LOS TÉRMINOS DEL ARREGLO PROPUESTO

Sujeto a la aprobación de la Corte, los términos esenciales del Arreglo son los siguientes:

- Hajoca pagará una suma máxima de un millón cuatrocientos mil dólares ($1.400.000,00), a la cual se referirá como la Cantidad Bruta del Arreglo ("CBA"). El pago de la CBA por Hajoca arreglará todo asunto pendiente entre los Liberados (que son Hajoca y cada una de sus anteriores, actuales, y futuras compañías matrices, sucesores, cesionarios, u otros afiliados; personas controladoras, subsidiarios, y afiliados o de Hajoca o de aquellos compañías matrices o afiliados; directores, oficiales, aseguradores, agentes, abogados, y empleados o de Hajoca o de sus compañías matrices, aquellos afiliados, o sus inversionistas; y cualquier planes de beneficios patrocinados por aquellas entidades) y los Miembros de la Clase, incluyendo sin limitación todo pago de reclamos de la Clase, pago de LWDA, honorario de la Administración de Reclamos, honorarios de abogados, costos de abogados, e indemnizaciones de servicio del demandante nombrado.

Page 2 of 6

- Miembros de la Clase recibirán automáticamente un pago de Arreglo a menos que pidan ser excluidos del Arreglo de acuerdo con la Sección E, abajo.

- Si usted pide ser excluido del Arreglo, no recibirá ningún pago de Arreglo y no renunciará ningún Reclamo Renunciado. La cantidad mínima de su pago de arreglo y el número de semanas laborales usadas para calcular su derecho son impresos en esta notificación más abajo—véase la Sección D. El periodo usado para calcular las porciones es desde el 19 de julio de 2013 hasta el _____.

- Si usted no pide ser excluido del Arreglo, usted recibirá un pago de arreglo y renunciará todos los Reclamos Renunciados bajo las leyes de California, independientemente de si usted deposita el cheque.

- Miembros de la Clase tendrán también la oportunidad de entregar un formulario de reclamo. Si usted entrega un formulario de reclamo, usted recibirá su pago de arreglo y renunciará todos los Reclamos Renunciados bajo tanto las leyes de California como las leyes federales, independientemente de si usted deposita el cheque.

- <u>Tratamiento de Impuestos de la Porción del Pago de Arreglo</u>: El pago de arreglo a cada Miembro de la Clase se distribuirá como el 20% de los pagos de atrasos de sueldo, el 30% de intereses no relacionados al sueldo, y el 50% penalidades o daños liquidados.

- Los Abogados de la Clase pedirá de la Corte indemnización para los honorarios de abogados que no excederá $420.00 (el 30% de la CBA) y costos actuales de la litigación demostrados por la documentación adecuada, que será determinado por la Corte. Además, los Abogados de la Clase pedirán que la Corte autorice una indemnización de servicio al Demandante, Jose Tinoco, de cinco mil dólares ($5.000,00) en cambio a su servicio representando la Clase, y el pago al administrador de reclamos para los costos de administrar el Arreglo, el cual es aproximadamente nueve mil quinientos dólares ($9.500,00).

- Cuando la Corte de su Aprobación Final, cada Miembro de la Clase que no ha pedido ser excluido a tiempo y válidamente liberará, hasta donde la ley permite, a Hajoca y los Liberados de todo reclamo, deuda, obligación, demanda, responsabilidad, garantía, costo, expensa, honorario de abogado, daño, y causa de acción en y relacionado a la Litigación, y además todos los reclamos surgidos entre el 19 de julio de 2013 y _____ relacionados a las alegaciones factuales de la Litigación (los "Reclamos Renunciados") bajo las leyes de California. Esto incluye sin limitación los reclamos surgidos entre el 19 de julio de 2013 y _____: (a) por tiempo trabajado pero no pagado (incluyendo sin limitación reclamos relacionados con las prácticas de aproximar las horas laborales); (b) por horas extras no pagadas o no pagadas adecuadamente (incluyendo sin limitación reclamos relacionados con alegaciones de omisión de la participación en los beneficios u otros bonos o pagos de incentivos en la tasa regular de pago de los empleados); (c) acerca de los periodos de descansar o de comer; y (d) acerca de requisitos de nómina, requisitos del estado de sueldo, retención de documentos, o cualquier otra práctica relacionada a los pagos de sueldo. Este además incluye sin limitación cualquier y todo reclamo surgido entre el 19 de julio de 2013 y _____ que legalmente puede ser liberado que surge de dichas alegaciones bajo el Código Laboral de California, el Código de Comercio y Profesión de California (incluyendo sección 17200 y las siguientes) y LPGP.

- Adicionalmente, cuando la Corte de su Aprobación Final, cada Miembro de la Clase: (1) que no ha pedido ser excluido a tiempo y válidamente; y (2) que ha entregado a tiempo un formulario de reclamo renunciará los Reclamos Renunciados, definidos arriba, bajo tanto las leyes de California como las leyes federales, incluyendo la Ley de Justos Estándares de Trabajo.

010-8678-5753/3/AMERICAS

- Cuando la Corte de su aprobación final, la Corte registrará una Orden de Desecho del caso con prejuicio, pero retendrá jurisdicción para hacer cumplir los términos del Arreglo.

### D.    PARA RECIBIR UN PAGO DE ARREGLO

Usted ha sido identificado como un Miembro de la Clase bajo este Arreglo.

La cantidad de su pago bruto de arreglo aproximado es: _____

Este es basado en su número de semanas laborales durante el periodo relevante a la clase, el cual se calcula como: _____.

Si usted no está de acuerdo con el registro de Hajoca acerca del número de semanas laborales por el cual tienes derecho a indemnización, usted puede proveer documentación y/o una explicación para demostrar información contraria a través de entregar al administrador de reclamos (cuya dirección se encuentra en la Sección E, abajo) dicha documentación y/o explicación que apoya su derecho a indemnización por un número distinto de semanas laborales.

Cualquier disputa tiene que ser sellada por el correo dentro de cuarenta y cinco (45) días después de que el administrador de reclamos envió por correo esta notificación de clase. Si usted no entrega las disputas a tiempo, usted será pagado basado en el registro de Hajoca. Si hay una disputa, entonces el administrador de reclamos, después de recibir su documentación y/o explicación a tiempo, consultará a los Abogados de la Clase y las abogadas de Hajoca para determinar si una modificación es justificada. El administrador de reclamos determinará la elegibilidad para, y las cantidades de, cualquier pago de arreglo individual bajo los términos del Arreglo. La decisión del administrador de reclamos acerca de la elegibilidad por cualquier cantidad de cualquier pago de arreglo individual atará al Miembro de la Clase y las Partes.

Usted recibirá automáticamente un pago bajo el Arreglo a menos que usted pida ser excluido del Arreglo, de acuerdo con la Sección E, abajo.

### E.    PARA PEDIR SER EXCLUIDO DEL ARREGLO

Si usted no quiere participar en el Arreglo, entonces tiene que entregar una declaración escrita pidiendo exclusión del Arreglo ("Solicitud de Exclusión"). La Solicitud de Exclusión debe incluir su nombre completo, dirección de hogar (o postal) actual, los últimos cuatro dígitos de su número de seguro social, y la declaración: "I wish to be excluded from the Settlement of the case entitled Tinoco v. Hajoca Corporation, Case No. 2:17-CV-06187." Toda la información debe ser fácil de leer. La Solicitud de Exclusión también debe ser firmada por usted y devuelta por correo al administrador de reclamos a la dirección escrita abajo. Para ser válida, la Solicitud de Exclusión tiene que ser sellada por el correo hasta el _____.

El administrador de reclamos es el siguiente:

CPT GROUP
Attention: _____
50 Corporate Park
Irvine, CA 92606
Direct Number: (818) 415-2703

Si usted se excluye del Arreglo, entonces no será elegible para recibir ninguno de los beneficios bajo este Arreglo. Sin embargo, usted retendrá cualquier derecho legal que tenga contra Hajoca y los Liberados relacionados a los Reclamos Renunciados.

010-8678-5753/3/AMERICAS

F.       PARA RECLAMAR EL ARREGLO

    Si usted cree que el Arreglo propuesto es injusto o inadecuado en cualquier aspecto, usted puede reclamar el Arreglo, tanto personalmente como a través de un abogado, entregando un reclamo escrito a la Corte. Cada reclamo tiene que ser firmado; tiene que indicar su dirección, su número de teléfono, y el nombre de la Litigación (Tinoco v. Hajoca Corporation, Case No. 2:17-CV-06187); y tiene que ser entregado a la Corte hasta _____.

    Si usted entrega un reclamo a tiempo, entonces se puede presentar o personalmente o a través de un abogado, pagando sus propios gastos, en la audiencia de aprobación final, descrita en la Sección H, abajo. Su reclamo debe explicar claramente la razón que usted reclama el Arreglo propuesto y debe indicar si usted u otra persona por parte de usted planea presentarse en la audiencia de aprobación final.

    Cualquier Miembro de la Clase que no reclama en la forma descrita arriba habrá renunciado cualquier reclamo y no podrá nunca reclamar lo justo o adecuado del Arreglo propuesto, el pago de honorarios de abogados, los costos de la litigación, el pago de servicio al Demandante, el proceso de reclamos, y cualquier y cada otro aspecto del Arreglo. Si el Arreglo no es aprobado por la Corte, entonces la Litigación seguirá con una moción disputada de certificación de la clase y posiblemente un juicio u otra resolución judicial.

G.       SI USTED NO HACE NADA

    Si usted no responde a esta notificación de ninguna manera, entonces usted automáticamente recibirá un pago bajo el Arreglo y habrá renunciado todos los reclamos relacionados a la Litigación bajo las leyes de California contra Hajoca y los Liberados. Usted no renunciará ningún reclamo relacionado a la Litigación bajo las leyes federales contra Hajoca y los Liberados.

H.       LA AUDIENCIA DE APROBACIÓN FINAL SOBRE EL ARREGLO PROPUESTO

    La audiencia de aprobación final sobre lo justo y adecuado del Arreglo propuesto, el plan de distribución, la distribución de LPGP y Pago LWDA, la solicitud de los Abogados de la Clase para honorarios y costos de abogados, los costos administrativos, el pago de servicio al Demandante Jose Tinoco, y los demás términos y condiciones del Arreglo propuesto tomará lugar el _____ a las _____ en la Sala 6D de la Corte de Procedimiento Federal del Distrito Central de California, ubicada en 350 W. 1st Street, Sexto Piso, Los Angeles, CA 90012. La audiencia de aprobación final se puede aplazar o cambiar de lugar sin notificación.

I.       INFORMACIÓN ADICIONAL

    Esta notificación solamente resume la Litigación, el Arreglo, y otros asuntos relacionados. Para más información, usted puede revisar los archivos de la Corte en la oficina de archivos de la Corte de Procedimiento Federal del Distrito Central de California, ubicada en 350 W. 1st Street, Sexto Piso, Los Angeles, CA 90012, entre las horas de 8:30 a.m. y 4:00 p.m. de lunes a viernes. Cualquier pregunta sobre esta notificación se debe dirigir al administrador de reclamos a la dirección y/o número de teléfono escrito arriba—POR FAVOR NO SE COMUNIQUE CON LA CORTE CON ESTE TIPO DE PREGUNTA. Alternativamente, usted puede comunicarse con los Abogados de la Clase en la dirección y número de teléfono escritos arriba. Si la dirección de usted cambia, o si es distinta de la escrita en el sobre en el que se encuentra esta notificación, por favor notifique inmediatamente al administrador de reclamos.

010-8678-5753/3/AMERICAS

Case 2:17-cv-06187-FMO-AS   Document 57-1   Filed 10/17/19   Page 52 of 52   Page ID
Case 2:17-cv-06187-FMO-AS   Document 46-1   Filed 11/09/18   Page 41 of 41   Page ID #:865
#:1077

### FORMULARIO DE RECLAMO PARA SER PARTE DE LA DEMANDA—
### CONSENSO PARA UNIRSE

SI USTED QUIERE SER PARTE DE ESTA DEMANDA Y RENUNCIAR CUALQUIER RECLAMOS QUE
TIENE BAJO LA LEY DE JUSTOS ESTÁNDARES DE TRABAJO, POR FAVOR:

1. LLENE Y FIRME ESTE FORMULARIO DE CONSENSO PARA UNIRSE A LA DEMANDA; Y

2. USE EL SOBRE CONTENIDO PARA DEVOLVER ESTE FORMULARIO A LA DIRECCIÓN
   ABAJO HASTA _____:

CPT GROUP
Attention: _____
50 Corporate Park
Irvine, CA 92606
Direct Number: (818) 415-2703

USTED TAMBIÉN PUEDE ENVIAR EL FORMULARIO DE CONSENSO PARA UNIRSE POR
FAX A _____ O ESCANEARLO Y ENVIARLO POR CORREO ELECTRÓNICO
A: _____

A través de entregar este formulario, yo creo que el Arreglo me indemniza un valor mayor a cualquier y todo
sueldo no pagado bajo la Ley de Justos Estándares de Trabajo durante el periodo de 19 de julio de 2013 hasta
_____ y estoy uniéndome a esta Demanda y renunciando cualquier Reclamo Renunciado, como
definido en la Notificación del Arreglo Propuesto de la Demanda Conjunta.

Yo he revisado la Notificación con cuidado y estoy de acuerdo con el número de semanas laborales identificado
para mí en la Notificación.

Consiento para unirme a la demanda conjunta y autorizo a los Abogados de la Clase a actuar de mi parte en todo
asunto relacionado con esta demanda, incluyendo cualquier arreglo de mis reclamos.

_____
Nombre

_____
Firma

_____
Fecha

Page 6 of 6